Exhibit C - Page 193

1

**SEND**

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10

11      INTERCONTINENTAL INDUSTRIES              Case No. CV 10-4174 PA (Ex)
        CORPORATION,
12                                               STANDING ORDER

13                      Plaintiff,

14              v.

15      QINGQUAN LUO, et al.,

16                      Defendants.

17

18            **READ THIS ORDER CAREFULLY.  IT CONTROLS THE CASE
              AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

19

20            This action has been assigned to the calendar of Judge Percy Anderson.  Both the

21      Court and the attorneys bear responsibility for the progress of litigation in the Federal

22      Courts.  To secure the just, speedy, and inexpensive determination of every action, Fed. R.

23      Civ. P. 1, all counsel are ordered to familiarize themselves with the Federal Rules of Civil

24      Procedure and the Local Rules of the Central District of California.

25            IT IS HEREBY ORDERED:

26            1.      **Service of the Complaint:**  The Plaintiff shall promptly serve the Complaint

27      in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule

28      5-3.1.

Exhibit C - Page 194

1    2.    **Presence of Lead Counsel:**  Lead trial counsel shall attend all proceedings

2    before this Court, including all status and settlement conferences.

3    3.    **Discovery:**

4    **(a)**    All discovery matters have been referred to a United States Magistrate

5    Judge, who will hear all discovery disputes. (The Magistrate Judge's initials follow the

6    Judge's initials next to the case number.)  All discovery documents must include the words

7    "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to

8    contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing.

9    Please do not deliver courtesy copies of these documents to this Court.

10    The decision of the Magistrate Judge shall be final, subject to modification by the

11    District Court only where it has been shown that the Magistrate Judge's Order is clearly

12    erroneous or contrary to law.  Any party may file and serve a motion for review and

13    reconsideration before this Court.  The moving party must file and serve the motion within

14    fourteen (14) days of service of a written ruling or within fourteen (14) days of an oral ruling

15    that the Magistrate Judge states will not be followed by a written ruling.  The motion must

16    specify which portions of the ruling are clearly erroneous or contrary to law and support the

17    contention with points and authorities. Counsel shall deliver a conformed copy of the

18    moving papers and responses to the Magistrate Judge's clerk at the time of filing.

19    **(b)**    Unless there is a likelihood that upon motion by a party the Court

20    would order that any or all discovery is premature, it is advisable for counsel to begin to

21    conduct discovery actively before the Scheduling Conference.  At the very least, the parties

22    shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and

23    produce most of what would be produced in the early stage of discovery, because at the

24    Scheduling Conference the Court will impose tight deadlines to complete discovery.

25    **(c)**    If expert witnesses are to be called at trial, the parties shall designate

26    experts to be called at trial and provide reports required by Fed. R. Civ. P. 26(a)(2)(B), not

27    later than eight weeks prior to the discovery cutoff date.  Rebuttal expert witnesses shall be

28    designated and reports provided as required by Fed. R. Civ. P. 26(a)(2)(B), not later than

revised 10/24/08

-2-

Exhibit C - Page 195

1    five weeks prior to the discovery cutoff date. Failure to timely comply with this deadline

2    may result in the expert being excluded at trial as a witness.

3        4.    **Electronic Filing**:

4        As of November 1, 2007 for patent, trademark, and copyright cases, and January 1,

5    2008 for all other cases, the United States District Court for the Central District of California

6    requires electronic filing of documents in all new and pending civil cases. Information about

7    the Court's Electronic Case Filing system ("ECF") is available on the Court's website at

8    www.cacd.uscourts.gov/cmecf.

9        All manually filed documents (those documents excused from the electronic filing

10    requirements by General Order 08-02, Section V) shall be served on the person as otherwise

11    required by the Federal Rules of Civil Procedure or the Local Rules.

12        5.    **Courtesy Copies**:

13        Counsel are ordered to serve courtesy copies of all electronically filed documents,

14    and conformed courtesy copies of all manually filed documents, to the courtesy box next to

15    the entrance to chambers on the Spring Street level of the U.S. Courthouse, 312 North

16    Spring Street, by 12:00 noon of the business day following filing. Courtesy copies may be

17    delivered to chambers by either personally delivering them to the courtesy box or sending

18    them by guaranteed overnight delivery. If a courtesy copy is sent to chambers by guaranteed

19    overnight delivery, the sender shall notify the delivery service that the signature of the

20    recipient is not required.

21        6.    **Motions**:

22        (a)    <u>Time for Filing and Hearing Motions</u>: Motions shall be filed in

23    accordance with Local Rule 7.[1] This Court hears motions on **Mondays, commencing at**

---

[1]    Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues sufficiently so that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other nonsubstantive matters during the conference.

-3-

revised 10/24/08

Exhibit C - Page 196

1   **1:30 p.m.  No supplemental brief shall be filed without prior leave of Court**.  No motion

2   shall be noticed for hearing for more than thirty-five (35) days after service of the motion

3   unless otherwise ordered by the Court.

4        Many motions to dismiss or to strike could be avoided if the parties confer in good

5   faith (as they are required to do under L.R. 7-3), especially for perceived defects in a

6   complaint, answer or counterclaim which could be corrected by amendment.  <u>See</u> <u>Chang v.</u>

7   <u>Chen</u>, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district

8   court should provide leave to amend unless it is clear that the complaint could not be saved

9   by *any* amendment).  Moreover, a party has the right to amend his complaint "once as a

10   matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).

11   A 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to

12   amend.  <u>See</u> <u>Nolen v. Fitzharris</u>, 450 F.2d 958, 958-59 (9th Cir. 1971); <u>St. Michael's</u>

13   <u>Convalescent Hospital v. California</u>, 643 F.2d 1369, 1374 (9th Cir. 1981).  And even where

14   a party has amended his Complaint once or a responsive pleading has been served, the

15   Federal Rules provide that leave to amend should be "freely given when justice so requires."

16   F.R.Civ.P. 15(a).  The Ninth Circuit requires that this policy favoring amendment be applied

17   with "extreme liberality."  <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079

18   (9th Cir. 1990).  These principles require that counsel for the plaintiff should carefully

19   evaluate the defendant's contentions as to the deficiencies in the complaint and in many

20   instances, the moving party should agree to any amendment that would cure a curable

21   defect.

22        In the unlikely event that motions under Fed. R. Civ. P. 12 challenging pleadings are

23   filed after the Rule 16 Scheduling Conference, the moving party shall attach a copy of the

24   challenged pleading to the Memorandum of Points and Authorities in support of the motion.

25   The foregoing provisions apply as well to motions to dismiss a counterclaim, answer or

26   affirmative defense, which a plaintiff might file.

27

28

revised 10/24/08

-4-

Exhibit C - Page 197

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 6 of 195    Page ID
#:209
Case 2:10-cv-04174-JAK -E    Document 3    Filed 06/04/10    Page 5 of 9    Page ID #:21

1       **(b)**    **Length and Format of Motion Papers:  Memoranda of Points**

2  **and Authorities in support of or in opposition to motions shall not exceed 25 pages.**

3  **Replies shall not exceed 12 pages.** Only in rare instances and for good cause shown will the

4  Court grant an application to extend these page limitations.

5       **Typeface shall comply with Local Rule 11-3.1.1. NOTE: If Times Roman font is**

6  **used, the size must be no less than 14; if Courier is used, the size must be no less than**

7  **12.** Footnotes shall be in typeface no more than one size smaller than text size and shall be

8  used sparingly.

9       Filings which do not conform to the Local Rules and this Order will not be

10  considered.

11       **(c)**    **Citations to Case Law:**  Citations to case law **must** identify not only

12  the case being cited, but the specific page being referenced.  Certain kinds of authority are

13  considered more useful – or authoritative – than others.  If more than one authority is cited

14  in support of a proposition, these supporting authorities are to be listed such that the more

15  authoritative ones appear first.

16       **(d)**    **Citations to Other Sources:**  Counsel are reminded that the basic

17  purpose of a legal citation is to allow the reader to locate a cited source accurately and

18  efficiently.  Accordingly, statutory references should identify, with specificity, which

19  sections and subsections are being referenced (e.g., Jurisdiction over this cause of action

20  may appropriately be found in 47 U.S.C. § 33, which grants the district courts jurisdiction

21  over all offenses of the Submarine Cable Act, whether the infraction occurred within the

22  territorial waters of the United States or on board a vessel of the United States outside said

23  waters).  Statutory references which do not indicate specifically which section and

24  subsection are being referred to (e.g., Plaintiffs allege conduct in violation of the Federal

25  Electronic Communication Privacy Act, 18 U.S.C. § 2511, et seq.) are to be **avoided**.

26  Citations to treatises, manuals, and other materials should similarly include the volume and

27  the section being referenced.

28

revised 10/24/08

-5-

Exhibit C - Page 198

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 7 of 195    Page ID
#:210
Case 2:10-cv-04174-JAK -E    Document 3    Filed 06/04/10    Page 6 of 9    Page ID #:22

1     **7.**    **Proposed Orders:**  Each party filing or opposing a motion or seeking the

2    determination of any matter shall serve and lodge a Proposed Order setting forth the relief or

3    action sought and a brief statement of the rationale for the decision with appropriate

4    citations.  The proposing party shall also submit a copy of the Proposed Order to the Court's

5    ECF e-mail address, in WordPerfect format (X3 or earlier versions) or Microsoft Word

6    (Word 2003 or earlier versions).

7     **8.**    **Ex Parte Applications:**  Counsel are reminded <u>ex parte</u> applications are solely

8    for extraordinary relief.  <u>See</u> <u>Mission Power Engineering Co. v. Continental Casualty Co.,</u>

9    883 F. Supp. 488 (C.D. Cal. 1995).  Applications which fail to conform with Local Rules 7-

10    19 and 7-19.1, **including a statement of opposing counsel's position,** will not be

11    considered.  Any opposition must be filed not later than 24 hours after service.  If counsel do

12    not intend to oppose the <u>ex parte</u> application, counsel must inform the court clerk by

13    telephone.  The Court considers <u>ex parte</u> applications on the papers and usually does not set

14    these matters for hearing.  Counsel shall deliver a courtesy copy of moving, opposition, or

15    notice of non-opposition papers to the courtesy box outside the entrance to chambers on the

16    Spring Street level of the U.S. Courthouse, 312 North Spring Street.  The Courtroom Deputy

17    Clerk will notify counsel of the Court's ruling or a hearing date and time, if the Court

18    determines a hearing is necessary.

19     **9.**    **Applications or Stipulations to Extend the Time to File any Required**

20    **Document or to Continue any Pretrial or Trial Date:**  No stipulations extending

21    scheduling requirements or modifying applicable rules are effective until and unless the

22    Court approves them.  Both applications and stipulations must be filed in advance of the date

23    due and set forth:

24        (a)    the existing due date or hearing date as well as the discovery cutoff

25    date, the last date for hearing motions, the pre-trial conference date and the trial date;

26        (b)    specific, concrete reasons supporting good cause for granting the

27    extension.  In this regard, a statement that an extension "will promote settlement" is

28    insufficient.  The requesting party or parties must indicate the status of ongoing negotiations:

-6-

revised 10/24/08

Exhibit C - Page 199

1   (i.e., have written proposals been exchanged? Is counsel in the process of reviewing a draft

2   settlement agreement?  Has a mediator been selected?);

3             (c)     whether there have been prior requests for extensions, and whether

4   these were granted or denied by the Court.

5        **10.    TROs and Injunctions**:  Parties seeking emergency or provisional relief shall

6   comply with Fed. R. Civ. P. 65 and Local Rule 65.  The Court will not rule on any

7   application for such relief for at least 24 hours after the party subject to the requested order

8   has been served; such party may file opposing or responding papers in the interim.  The

9   parties shall lodge a courtesy copy, conformed to reflect that it has been filed, of all papers

10  relating to  TROs and injunctions.  The courtesy copy shall be placed in the courtesy box

11  outside the entrance to chambers.  All such papers shall be filed "loose" – i.e., not inside

12  envelopes.

13       **11.    Cases Removed From State Court**:  All documents filed in state court,

14  including documents appended to the complaint, answers and motions, must be refiled in

15  this Court as a supplement to the Notice of Removal, if not already included.  See 28 U.S.C.

16  § 1447(a)(b).  If the defendant has not yet responded, the answer or responsive pleading

17  filed in this Court must comply with the Federal Rules of Civil Procedure and the

18  Local Rules of the Central District.  If a motion was pending in state court before the case

19  was removed, it must be re-noticed in accordance with Local Rule 7.

20       **12.    ERISA Cases**:  Absent an agreed upon statement of facts, the court will not

21  hear motions for summary judgment, but will hear motions to determine the standard of

22  review and the scope of the administrative record.  See Kearney v. Standard Ins. Co., 175

23  F.3d 1084 (9th Cir. 1999).  There will be a court trial (usually confined to oral argument) on

24  the administrative record.

25       **13.    Status of Fictitiously Named Defendants**:  This Court intends to adhere to

26  the following procedures where a matter is removed to this Court on diversity grounds with

27  fictitiously named defendants referred to in the complaint.  See 28 U.S.C. §§ 1441(a), 1447.

28             (a)     Plaintiff is normally expected to ascertain the identity of and serve

-7-

revised 10/24/08

Exhibit C - Page 200

1   any fictitiously named defendants within 120 days of the removal of the action to

2   this Court.

3          (b)     If plaintiff believes (by reason of the necessity for discovery or

4   otherwise) that fictitiously named defendants cannot be fully identified within the 120-day

5   period, an ex parte application requesting permission to extend that period to effectuate

6   service may be filed with this Court. Such application shall state the reasons therefor, and

7   may be granted upon a showing of good cause.  The ex parte application shall be served

8   upon all appearing parties, and shall state that appearing parties may comment within seven

9   (7) days of the filing of the ex parte application.

10         (c)     If plaintiff desires to substitute a named defendant for one of the

11  fictitiously named parties, plaintiff first shall seek to obtain consent from counsel for the

12  previously-identified defendants (and counsel for the fictitiously named party, if that party

13  has separate counsel). If consent is withheld or denied, plaintiff may apply ex parte

14  requesting such amendment, with notice to all appearing parties.  Each party shall have

15  seven days to respond.  The ex parte application and any response should comment not only

16  on the substitution of the named party for a fictitiously named defendant, but on the question

17  of whether the matter should thereafter be remanded to the Superior Court if diversity of

18  citizenship is destroyed by the addition of the new substituted party.  See 28 U.S.C. §

19  1447(c)(d).

20      **14.**     **Bankruptcy Appeals:**  Counsel shall comply with the Notice Regarding

21  Appeal from Bankruptcy Court issued at the time the appeal is filed in the District Court.

22  The matter is considered submitted upon the filing of the appellant's reply brief.  No oral

23  argument is held unless otherwise ordered by this Court.

24      **15.**     **Communications with Chambers:**  Counsel shall not attempt to contact the

25  Court or its chambers staff by telephone or by any other ex parte means, although counsel

26  may contact the Courtroom Deputy, at (213) 894-1795, with appropriate inquiries.  To

27  facilitate communication with the Courtroom Deputy, counsel should list their facsimile

28  transmission numbers along with their telephone numbers on all papers.

revised 10/24/08

**Exhibit C - Page 201**

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 10 of 195    Page ID
#:213
Case 2:10-cv-04174-JAK -E    Document 3    Filed 06/04/10    Page 9 of 9    Page ID #:25

1    **16.    Notice of this Order:** Counsel for plaintiff shall immediately serve this Order

2    on all parties, including any new parties to the action.  If this case came to the Court by

3    noticed removal, defendant shall serve this Order on all other parties.

4        IT IS SO ORDERED.

5    Dated: June 4, 2010

6                                                        _____

7                                                              Percy Anderson
                                                        UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

revised 10/24/08

Exhibit C - Page 202

Exhibit C - Page 203

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 12 of 195    Page ID
#:215
Case 2:10-cv-04174-JAK -E    Document 4    Filed 08/02/10    Page 1 of 1    Page ID #:26

FILED
CLERK, U.S. DISTRICT COURT

AUG - 2 2010

CENTRAL DISTRICT OF CALIFORNIA
BY *L. Blackwater*    DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

In the Matter of the Creation of the
Calendar

of

Judge JOSEPHINE STATON TUCKER

)
)
)
)
)
)
)
)
)

ORDER OF THE CHIEF JUDGE

10-065

IT IS ORDERED, with the concurrence of the Case Management and Assignment

Committee, that the following cases be reassigned from the calendar of Judge Percy Anderson

to the calendar of Judge Josephine Staton Tucker for all further proceedings:

|  |  |  |
|---|---|---|
| CV 09 03488 | PA | In Re Sanitec Industries, Inc. |
| CV 09 05129 | PA(CWx) | Fred Kunik et al v. Euronet Payments & Remittance, Inc. et al |
| CV 09 08333 | PA(JEMx) | Runway Beauty, Inc. v. Runway Magazine, Inc. et al |
| CV 09 08602 | PA(JC) | Keith Sparks v. Mike McDonald |
| CV 09 09151 | PA(OP) | Henry Carrillo v. Larry Small |
| CV 10 00801 | PA(SSx) | Jarrow Formulas Inc v. Steadfast Insurance Company |
| CV 10 01390 | PA(OPx) | Civil Rights Committee v. Avish Partnership et al |
| CV 10 01511 | PA(AGRx) | Hugh Marsh et al v. Grand Kyoto Hotel et al |
| CV 10 02171 | PA(PLAx) | Barbara Johnson v. United States of America et al |
| CV 10 02902 | PA(JEMx) | Juan Doe I v. Cardinal Roger Mahony et al |
| * CV 10 04174 | PA(Ex) | Intercontinental Industries Corporation v. Qingouan Luo et al |
| CV 10 04557 | PA(PLAx) | LIVJO, Inc. et al v. Deckers Outdoor Corporation et al |
| ED 08 00773 | PA(JEM) | Linda Lee Frederick v. W. Braden et al |
| SA 09 01071 | PA(RZ) | Mark Stableford v. Matthew Martel |

DATED: August 2, 2010

*Audrey B. Collins*

Chief Judge Audrey B. Collins

Exhibit C - Page 204

Exhibit C - Page 205

1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   INTERCONTINENTAL                )         Case No. CV 10-4174-JST(Ex)
     INDUSTRIES CORPORATION, etc.,   )
12                                   )
13                Plaintiff/s,       )         **INITIAL STANDING ORDER**
                                     )         **FOR CASES ASSIGNED TO**
14        v.                         )         **JUDGE JOSEPHINE STATON**
                                     )         **TUCKER**
15   QINGOUAN LUO, etc., et al.,     )
                                     )
16                Defendant/s.       )
                                     )
17   _____ )

18

19

20   **PLEASE READ THIS ORDER CAREFULLY.  IT GOVERNS THIS CASE AND**

     **DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

21
22        This case has been assigned to the calendar of Judge Josephine Staton Tucker.

23   Both the Court and counsel bear responsibility for the progress of this litigation in

     federal court.  To "secure the just, speedy, and inexpensive determination" of this case,
24
     as called for in Fed. R. Civ. P. 1, all parties or their counsel are ordered to become
25
     familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central
26
     District of California, and this Court's standing orders.
27

28

                                                          Exhibit C - Page 206

1  THE COURT ORDERS AS FOLLOWS:

2  **1.    Service of the Complaint**

3      The plaintiff shall promptly serve the complaint in accordance with Fed. R. Civ.

4  P. 4 and file the proofs of service pursuant to Local Rule 5-3.1.  Although Fed. R. Civ.

5  P. 4(m) does not require the summons and complaint to be served for 120 days, the

6  Court expects service much sooner.  The Court will require plaintiffs to show good

7  cause to extend the service deadline beyond 120 days.

8

9  **2.    Presence of Lead Counsel**

10      Lead trial counsel shall attend any scheduling, pretrial, or settlement conference

11  set by the Court.  The Court does not entertain special appearances; only counsel of

12  record may appear.

13

14  **3.    Ex Parte Applications**

15      Ex parte applications are solely for extraordinary relief and should be used with

16  discretion.  *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F.

17  Supp. 488 (C.D. Cal. 1995).  Ex parte applications that fail to conform to Local Rule

18  7-19 and 7-19.1, including a statement of opposing counsel's position, will not be

19  considered except on a specific showing of good cause.  Concurrently with service of

20  the ex parte papers by electronic service, facsimile, or personal service, the moving

21  party shall notify the opposition that opposing papers must be filed no later than

22  twenty-four (24) hours (or one court day) following service.  On the day the documents

23  are e-filed, a conformed courtesy copy of moving, opposition, or notice of

24  non-opposition papers are to be hand-delivered to the courtesy box on the 10th floor.  If

25  counsel do not intend to oppose the ex parte application, counsel must inform the

26  Courtroom Deputy by telephone as soon as possible.

27

28

**Exhibit C - Page 207**

**4.     Continuances or Extensions of Time**

        This Court has a strong interest in keeping scheduled dates certain.  Changes in dates are disfavored.  Trial dates set by the Court are firm and will rarely be changed. Therefore, any request, whether by application or stipulation, to continue the date of any matter before this Court **must** be supported by a sufficient basis that demonstrates good cause why the change in the date is essential.  Without such compelling factual support, requests to continue dates set by this Court will not be approved.  Counsel requesting a continuance must electronically file any application or stipulation and lodge a proposed order including a **detailed** declaration of the grounds for the requested continuance or extension of time.  The Court will not consider any request that does not comply with the Local Rules and this Order.  Proposed stipulations extending scheduling dates do not become effective unless and until this Court so orders.  Counsel should avoid submitting requests for continuance less than at least five (5) court days prior to the expiration of the scheduled date.

**5.     TROs and Injunctions**

        Parties seeking emergency or provisional relief shall comply with Fed. R. Civ. P. 65 and Local Rule 65.  The Court will not rule on any application for such relief for at least twenty-four hours after the party subject to the requested order has been served, unless service is excused.  Such party may file opposing or responding papers in the interim.

**6.     Cases Removed from State Court**

        All documents filed in state court, including documents appended to the complaint, answers, and motions, must be refiled in this Court as a supplement to the notice of removal.  *See* 28 U.S.C. § 1447(a) and (b).  If the defendant has not yet answered or moved, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules.  If, before the case was

Exhibit C - Page 208

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 17 of 195   Page ID
#:220
Case 2:10-cv-04174-JAK -E   Document 5   Filed 09/17/10   Page 4 of 10   Page ID #:30

1    removed, a motion was pending in state court, it must be re-noticed in accordance with

2    Local Rule 7.  Counsel shall file with their first appearance an original and two copies

3    of a Notice of Interested Parties in accordance with Local Rule 7.1.

4        If an action is removed to this Court that contains a form pleading, i.e., a

5    pleading in which boxes are checked, the party or parties utilizing the form pleading

6    must file an appropriate pleading with this Court within thirty (30) days of receipt of the

7    Notice of Removal.  The appropriate pleading referred to must comply with the

8    requirements of Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11.

9

10   **7.     Status of Fictitiously Named Defendants**

11       This Court intends to adhere to the following procedures where a matter is

12   removed to this Court on diversity grounds with fictitiously named defendants.  *See* 28

13   U.S.C. §§ 1441(a) and 1447.

14       **a.**     Plaintiff is normally expected to ascertain the identity of and serve any

15   fictitiously named defendants within 120 days of the removal of the action to this Court.

16       **b.**     If plaintiff believes (by reason of the necessity for discovery or otherwise)

17   that fictitiously named defendants cannot be fully identified within the 120-day period,

18   an ex parte application requesting permission to extend that period to effectuate service

19   may be filed with this Court.  Such application shall state the reasons therefore, and may

20   be granted upon a showing of good cause. The ex parte application shall be served upon

21   all appearing parties, and shall state that appearing parties may comment within seven

22   (7) days of the filing of the ex parte application.

23       **c.**     If plaintiff wants to substitute a defendant for one of the fictitiously

24   named defendants, plaintiff shall first seek the consent of counsel for all defendants

25   (and counsel for the fictitiously named party, if that party has separate counsel).  If

26   consent is withheld or denied, plaintiff should file a motion on regular notice.  The

27   motion and opposition should address whether the matter should thereafter be remanded

28

4

**Exhibit C - Page 209**

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 18 of 195    Page ID
#:221
Case 2:10-cv-04174-JAK -E    Document 5    Filed 09/17/10    Page 5 of 10    Page ID #:31

1    to the superior court if diversity of citizenship is destroyed by the addition of the newly

2    substituted party. *See* U.S.C. § 1447(c), (d).

3

4    **8.    Discovery**

5        **a.    Discovery Matters Referred to Magistrate Judge**

6        All discovery matters have been referred to the assigned United States Magistrate

7    Judge, who will hear all discovery disputes. The Magistrate Judge's initials follow the

8    District Judge's initials next to the case number. All discovery-related documents must

9    include the words "DISCOVERY MATTER" in the caption to ensure proper routing.

10    Counsel are directed to contact the Magistrate Judge's courtroom deputy clerk to

11    schedule matters for hearing. Please deliver mandatory chambers copies of

12    discovery-related papers to the Magistrate Judge assigned to this case rather than to this

13    Court.

14    In accordance with 28 U.S.C. § 636(b)(1)(A), the Court will not reverse any order of the

15    Magistrate Judge unless it has been shown that the Magistrate Judge's order is clearly

16    erroneous or contrary to law.

17        Any party may file and serve a motion for review and reconsideration before this

18    Court. *See* Local Rule 72-2. The moving party must file and serve the motion within

19    fourteen (14) days of service of a written ruling or within fourteen (14) days of an oral

20    ruling that the Magistrate Judge states will not be followed by a written ruling. The

21    motion must specify which portions of the ruling are clearly erroneous or contrary to

22    law and support the contention with points and authorities. Counsel shall deliver a

23    conformed copy of the moving papers and responses to the Magistrate Judge's

24    courtroom deputy clerk at the time of filing.

25        **b.    Compliance with Fed. R. Civ. P. 26(a)**

26        Unless there is a likelihood that upon motion by a party the Court would order

27    that any or all discovery is premature, it is advisable for counsel to begin to conduct

28

5

Exhibit C - Page 210

1   discovery actively before the Scheduling Conference.  At the very least, the parties shall

2   comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and

3   produce most of what would be produced in the early stage of discovery, because at the

4   Scheduling Conference the Court will impose firm deadlines to complete discovery.

5

6   **9.       Motions**

7        **a.       Time for Filing and Hearing Motions**

8           Motions shall be filed in accordance with <u>Local Rule 7</u>.  This Court hears

9   motions on Mondays, beginning at 10:00 a.m.  If Monday is a national holiday, motions

10  will be heard on the next Monday.  It is not necessary to clear a hearing date with the

11  Court Clerk before filing a motion.  If the motion date selected is not available, the

12  Court will issue a minute order continuing the date.  Counsel should check the Court's

13  website for Closed Motion Dates.

14       **b.       Pre-Filing Requirement To Meet and Confer**

15          Counsel must comply with <u>Local Rule 7-3</u>, which requires counsel to engage in a

16  pre-filing conference "to discuss thoroughly . . . the substance of the contemplated

17  motion and any potential resolution."  Counsel should discuss the issues to a sufficient

18  degree that if a motion is still necessary, the briefing may be directed to those

19  substantive issues requiring resolution by the Court.  Counsel should resolve minor

20  procedural or other non-substantive matters during the conference.  The *in propria*

21  *persona* status of one or more parties does not negate this requirement.

22

23

24       **c.       Length and Format of Motion Papers**

25          Memoranda of points and authorities shall not exceed 25 pages and all footnotes

26  shall be in the same type size as text.  *See* <u>Local Rules 11-6 and 11-3.1.1</u>.  Only in rare

27

28

                                          6

**Exhibit C - Page 211**

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 20 of 195   Page ID
#:223
Case 2:10-cv-04174-JAK -E   Document 5   Filed 09/17/10   Page 7 of 10   Page ID #:33

1   instances and for good cause shown will the Court grant an application to extend these

2   page limitations.  No supplemental brief shall be filed without prior leave of Court.

3   If documentary evidence in support of or in opposition to a motion exceeds 50 pages,

4   the evidence must be separately bound and tabbed and include an index.  If such

5   evidence exceeds 200 pages, the documents shall be placed in a Slant D-Ring binder,

6   with an index and with each item of evidence separated by a tab divider on the right

7   side.

8        **d.**    **Citations to Case Law**

9        Citations to case law must identify not only the case cited, but the specific page

10   referenced.

11        **e.**    **Citations to Other Sources**

12        Statutory references should identify with specificity the sections and subsections

13   referenced.  Citations to treatises, manuals, and other materials should include the

14   volume, section, and pages being referenced.

15        **f.**    **Oral Argument**

16        If the Court deems a matter appropriate for decision without oral argument, the

17   Court will notify the parties in advance.

18

19   **10.**    **Specific Motions**

20        **a.**    **Motions Pursuant to Rule 12**

21        Many motions to dismiss or to strike can be avoided if the parties confer in good

22   faith (as required by Local Rule 7-3), especially for perceived defects in a complaint,

23   answer, or counterclaim that could be corrected by amendment.  *See Chang v. Chen*, 80

24   F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court

25   should provide leave to amend unless it is clear that the complaint could not be saved by

26   any amendment).  Moreover, a party has the right to amend the complaint "once as a

27   matter of course at any time before a responsive pleading is served."  Fed. R. Civ. P.

28

<div align="center">7</div>

**Exhibit C - Page 212**

1    15(a).  A Rule 12(b)(6) motion is not a responsive pleading and therefore plaintiff might

2    have a right to amend.  *See, e.g.*, *St. Michael's Convalescent Hospital v. California*, 643

3    F.2d 1369, 1374 (9th Cir. 1981).  Even after a complaint has been amended or a

4    responsive pleading has been served, the Federal Rules provide that leave to amend

5    should be "freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Ninth

6    Circuit requires that this policy favoring amendment be applied with "extreme

7    liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.

8    1990).

9          These principles require that plaintiff's counsel carefully evaluate defendant's

10    contentions as to the deficiencies in the complaint.  In most instances, the moving party

11    should agree to any amendment that would cure the defect.

12        **b.**     **Motions to Amend**

13          All motions to amend pleadings shall:  (1) state the effect of the amendment and

14    (2) identify the page and line number(s) and wording of any proposed change or

15    addition of material.  The proposed amended pleading shall be serially numbered to

16    differentiate it from previously amended pleadings.

17          In addition to the requirements of Local Rule 15-1, counsel shall attach as an

18    appendix to the moving papers a "redlined" version of the proposed amended pleading

19    indicating all additions and deletions of material.

20        **c.**     **Summary Judgment Motions**

21          Parties need not wait until the motion cutoff date to bring motions for summary

22    judgment or partial summary judgment.  Whenever possible, the party moving for

23    summary judgment should provide more than the minimum twenty-eight (28) day notice

24    for motions.  *See* Local Rule 6-1.  The parties should prepare papers in a fashion that

25    will assist the Court in absorbing the facts (e.g., generous use of tabs, tables of contents,

26    headings, indices, etc.).  The parties are to comply precisely with Local Rules 56-1

27    through 56-4.

28

**Exhibit C - Page 213**

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 22 of 195    Page ID
#:225
Case 2:10-cv-04174-JAK -E    Document 5    Filed 09/17/10    Page 9 of 10    Page ID #:35

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### i.    Statements of Undisputed Facts and Genuine Issues

The separate statement of undisputed facts shall be prepared in a two-column format.  The left hand column sets forth the allegedly undisputed fact.  The right hand column sets forth the evidence that supports the factual statement.  The factual statements should be set forth in sequentially numbered paragraphs.  Each paragraph should contain a narrowly focused statement of fact.  Each numbered paragraph should address a single subject as concisely as possible.

The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared.  The left hand column must restate the allegedly undisputed fact, and the right hand column must state either that it is undisputed or disputed.  The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed, followed by the opposing party's evidence controverting the fact.  To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other piece of evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact.  No legal argument should be set forth in this document.

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement.  These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right hand column the evidence that supports that statement.

### ii.    Supporting Evidence

No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact.  For example, entire deposition transcripts, entire sets of interrogatory responses, and

9

Exhibit C - Page 214

1    documents that do not specifically support or controvert material in the separate

2    statement shall not be submitted in opposition to a motion for summary judgment.

3        Evidence submitted in support of or in opposition to a motion should be

4    submitted either by way of stipulation or as exhibits to declarations sufficient to

5    authenticate the proffered evidence, and should not be attached to the memorandum of

6    points and authorities.   Documentary evidence as to which there is no stipulation

7    regarding foundation must be accompanied by the testimony, either by declaration or

8    properly authenticated deposition transcript, of a witness who can establish authenticity.

9        **iii.**    **Objections to Evidence**

10        If a party disputes a fact based in whole or in part on an evidentiary objection,

11    the ground of the objection should be succinctly stated in a separate statement of

12    evidentiary objections in a two-column format.  The left column should identify the

13    items objected to (including page and line number if applicable) and the right column

14    should set forth a concise objection (e.g., hearsay, lacks foundation, etc.) with a citation

15    to the Federal Rules of Evidence or, where applicable, a case citation.

16

17    **11.**    **Notice of This Order**

18        Plaintiff's counsel or plaintiff (if appearing on his or her own behalf) shall

19    immediately serve this Order on all parties, including any new parties to the action.  If

20    this case came to the Court by a Petition for Removal, the removing defendant(s) shall

21    serve this Order on all other parties.

22

23    IT IS SO ORDERED.

24    DATED:  September 17, 2010

25        **JOSEPHINE STATON TUCKER**

26        JOSEPHINE STATON TUCKER
    United States District Judge

27

28

Exhibit C - Page 215

Exhibit C - Page 216

1  Bin Li, Esq.  SBN 223126
   LAW OFFICES OF BIN LI
2  17800 Castleton Street, Suite 605
   City of Industry, CA 91748
3  626-839-0277
   626-839-0322
4
   attorneys for Plaintiff
5  Intercontinental Industries Corporation

6

7              UNITED STATE DISTRICT COURT

8        CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

9

10

11 INTERCONTINENTAL INDUSTRIES      )  Case No: CV-10-4174 JST
   CORPORATION, a California        )  (Ex)
12 corporation;                     )
                                    )  **PLAINTIFF'S NOTICE OF**
13                                   )  **MOTION AND MOTION TO**
                  Plaintiffs,        )  **AUTHORIZE ALTERNATE**
14 v.                                )  **SERVICE OF PROCESS LOCATED**
                                    )  **ABROAD PURSUANT TO**
15 QINGQUAN LUO, an individual; and  )  **FED.RULE CIV.PRO. 4(f)(3)**
   DOES 1 through 20, inclusive,     )
16                                   )  DATE: January 10, 2011
                                    )  TIME: 10.30am
17              Defendants.          )  COURTROOM: 10A
   _____   )

18                                     The Hon. Josephine Staton
                                       Tucker
19

20      On January 10, 2011, at 10.00am, in Courtroom 10A of the

21 United States District Court, Central District of California,

22 Southern Division, 411 West Fourth Street, Room 1053, Courtroom

23 10A, Santa Ana, California, Plaintiff will move this Court for an

24 order authorizing alternate service of process on a person

25 located abroad pursuant to *Fed.Rule Civ.Proc.* 4(f)(3).

26      This Motion will be based on this Notice, upon the

27

28
                              1
      MOTION TO AUTHORIZE SERVICE ON DEFENDANT ABROAD

**Exhibit C - Page 217**

1  Memorandum of Points, upon all the papers of record, upon such

2  matters as the Court is requested to take judicial notice of, and

3  upon such oral argument as the Court may entertain at the hearing

4  on this motion.

5      A conference of counsel pursuant to L.R. 7-3 was not

6  possible as defendant is unserved and not known to be represented

7  by counsel.

8

9  Dated: December 7, 2010,  2010

10

11                    LAW OFFICES OF BIN LI

12

13

14                    /Bin Li/_____
                      by Bin Li, Esq., attorney
15                    for Plaintiff Intercontinental
                      Industries Corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

                              2
            MOTION TO AUTHORIZE SERVICE ON DEFENDANT ABROAD

Exhibit C - Page 218

1  Bin Li, Esq.  SBN 223126
   LAW OFFICES OF BIN LI
2  17800 Castleton Street, Suite 605
   City of Industry, CA 91748
3  626-839-0277
   626-839-0322
4
   attorneys for Plaintiffs
5  Intercontinental Industries Corporation

6

7                    UNITED STATE DISTRICT COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9

10

11 INTERCONTINENTAL INDUSTRIES    )  Case No.  CV-10-4174 JST
   CORPORATION, a California      )  (Ex)
12 corporation;                   )
                                  )
13                Plaintiffs,     )  PLAINTIFF'S MEMORANDUM OF
                                  )  POINTS AND AUTHORITIES IN
14 v.                             )  SUPPORT OF MOTION TO
                                  )  AUTHORIZE ALTERNATE
15 QINGQUAN LUO, an individual; and )  METHODS OF SERVICE OF
   DOES 1 through 20, inclusive,  )  PROCESS ON DEFENDANT
16                                )  LOCATED ABROAD PURSUANT TO
                  Defendants.     )  *FED.RULE CIV.PRO.* 4(f)(3);
17 _____  )  DECLARATION OF BIN LI,
                                  )  ESQ.
18                                )
                                  )  DATE: January 10, 2011
19                                )  TIME: 10.00am
                                  )  COURTROOM: 10A
20                                )
                                  )  The Hon. Josephine Staton
21 _____  )  Tucker

22

23      Plaintiff Intercontinental Industries Corporation submits

24 its points and authorities in support of its motion as follows:

25

26 I.    NATURE OF RELIEF REQUESTED.

27

28 _____1_____
        MOTION TO AUTHORIZE SERVICE ON DEFENDANT ABROAD

Exhibit C - Page 219

1    Plaintiff has unsuccessfully attempted to serve defendant, a

2    Chinese national, through provisions of the *Hague Convention on*

3    *the Service Abroad of Judicial and Extra-Judicial documents in*

4    *Civil and Commercial Matters*, 20 U.S.T. 361-367 (1969)

5    ("*Convention*").  The Chinese Central Authority for service has

6    indicated, in rejecting the application for service under the

7    terms of the *Convention,* that, although the request complies with

8    the *Convention*, service rejected because it would interfere with

9    security or sovereignty.

10   Evidence supplied to this Court shows that, in spite of the

11   Chinese government's political decision to refuse Plaintiff's

12   application for service, service of process service providing

13   actual notice of this action can be provided in a manner that is

14   consistent with the Federal Rules and not inconsistent with

15   Chinese civil procedure.  This motion requests an order allowing

16   alternative service and requiring defendant be held to answer for

17   fraud and violations of the civil RICO statute.

18

19   **II.    SUMMARY OF THE ECONOMIC RELATIONS.**

20   The unserved complaint on file in this matter alleges that

21   defendant QINGQUAN LUO ("LUO") is an individual residing with the

22   City of Wuhan, Province of Hubei, China.  LUO is the Chinese

23   Communist Party Secretary of Hubei Province, and in this position

24   has personal plenary authority over provincial and municipal

25   governments within Hubei Province for, among other things,

26   economic development decisions.  Defendant LUO, in spite of his

27

28

2

MOTION TO AUTHORIZE SERVICE ON DEFENDANT ABROAD

**Exhibit C - Page 220**

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 29 of 195    Page ID
#:232
Case 2:10-cv-04174-JAK -E    Document 6-1    Filed 12/08/10    Page 3 of 13    Page ID #:41

1    position in the Communist Party, is also an entrepreneur and does

2    business under a company known as Wuhan State Owned Industrial

3    Holding Co., Ltd., ("WSOIH"), which is his alter ego.

4    *Complaint*, paragraph 2.

5        In the same way that LUO holds power over his subordinates

6    in the Communist Party and the civil government, LUO is himself

7    responsible in turn to senior leadership of the Communist Party

8    and, in order to retain his position and authority, is obligated

9    to meet certain economic development quotas set by his superiors.

10   *Compl*, at 2.

11       This claim against LOU arose in the year 2003.  At that

12   time, defendant LUO negotiated with Plaintiff regarding a

13   substantial investment in the Hubei Province.  LUO represented

14   that he could, as Communist Party Secretary of Hubei Province,

15   guarantee that if Plaintiff's investment would be approved by the

16   subordinate province and municipal governments under his

17   authority, and that such investment would be protected and that

18   he would use his influence to resolve business disputes in

19   Plaintiff's favor.  *Compl*, at 10, 11.

20       On October 13, 2003, at the direction and with the knowledge

21   of his superior, LUO ordered a group of subordinate to visit

22   Plaintiff in Los Angeles as a follow up to close this deal, by

23   now an investment into an existing factory known as Wuhan Machine

24   Tools Works ("Factory"), owned by WSOIH.  LUO represented this

25   factory to be worth approximately $10 million, and that if

26   Plaintiff invested $1.7 million cash, plus technology and

27

28
_____
3
MOTION TO AUTHORIZE SERVICE ON DEFENDANT ABROAD

**Exhibit C - Page 221**

1  equipment into the Factory, purchase another piece of land for

2  not less than 200 metric acres in another location to build new

3  plant, and promise not to take legal title to the land of the old

4  Factory, Plaintiff would then own the new Factory outright and

5  real estate outright, with WSOIH fully responsible for all prior

6  debts and liabilities of the Factory.  *Compl,* at 12.

7        The contract was signed and Plaintiff invested $1,700,000.00

8  worth of cash, plus millions of dollars worth of technologies and

9  equipment with WSOIH, and within a year, the Factory began making

10  substantial profits.  *Compl,* at 13.

11        However, since 2008, Plaintiff discovered that this

12  investment was the opening move in a shakedown scheme:

13        LUO, using his Party and governmental authority, has forced

14  Plaintiff to pay an additional $10 million and forced Plaintiff

15  to assume undisclosed debt of $21 million.   Plaintiff's overseas

16  bank accounts have been attached, and the investment essentially

17  stolen.  *Compl,* at 14.16

18        Plaintiff expect to prove not less than $27,000,000.00 in

19  actual damages suffered.  *Compl,* at 21.

20

21  **III. SUMMARY OF THE CLAIMS MADE IN THE LAWSUIT AND FAILED SERVICE**

22       **ATTEMPT THROUGH THE HAGUE CONVENTION.**

23       ***A. Claims.***

24        Plaintiff pleads two theories of recovery, a claim for

25  fraud, and a second claim for violation of the civil *Racketeer*

26

27

28
                                        4

Exhibit C - Page 222

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 31 of 195    Page ID
#:234
Case 2:10-cv-04174-JAK -E   Document 6-1   Filed 12/08/10   Page 5 of 13   Page ID #:43

1    *Influenced and Corrupt Organizations Act.*   This is pled as three

2    counts.

3        Count one is for Acquisition and Maintenance of an Interest

4    in and Control of an Enterprise Engaged in a Pattern of

5    Racketeering Activity, 18 U.S.C. §§ 1961(5), 1962(b).

6        Count two is for Conduct and Participation in a RICO

7    Enterprise through a Pattern of Racketeering Activity, 18 U.S.C.

8    §§ 1961(5), 1962( c).

9        Count three is for Conspiracy to Engage in a Pattern of

10   Racketeering Activity, 18 U.S.C. §§ 1961(5), 1962(d).

11

12       **B.   *Service attempts via the Hague Convention which are***

13   ***otherwise valid have been rejected for political reasons.***

14       Service was attempted under the provisions of the

15   *Convention.*   Both the People's Republic of China and the United

16   States have signed the Hague Service Convention.   *See Status*

17   *Table: Convention of 15 November 1965 on the Service Abroad of*

18   *Judicial and Extrajudicial Documents in Civil or Commercial*

19   *Matters, Hague Conference on Private International Law*, available

20   at

21   http://hcch.e-

22   vision.nl/index_en.php?act=conventions.status&cid=41 (last

23   visited Apr.

24   28, 2010) (listing the current contracting states).

25       Service was attempted via the designated Central Authority

26   in China, in this case, the Ministry of Justice.   A true and

27

28

**Exhibit C - Page 223**

1  correct copy of this request and supporting paperwork is attached

2  to the *Declaration of attorney Bin Li* at paragraph (2), Exhibit

3  "A".

4       On November 3, 2010, Plaintiff received a form response from

5  the Ministry of Justice rejecting service for the following

6  reason:

7            The execution of the request would
              infringe the sovereignty or security of China
8            (Article 13)

9

10      Article 13 of the *Convention* states in part:

11           Where a request for service complies
              with the terms of the present Convention, the
12           State addressed may refuse to comply
              therewith only if it deems that compliance
              would infringe its sovereignty or security.
13           ... .

14      A true and correct copy of this rejection letter is

15  attached to the *Li decl.* at para. 3, Exhibit "B".

16

17      *C.   Proposed alternative service: delivery by commercial*

18  *carrier.*

19      Service by the Hague Convention has failed by direction of

20  the Chinese government.  However, *Federal Rule of Civil*

21  *Procedure* 4(f)(3) provides for alternative methods of service:

22           (f) Serving an Individual in a Foreign
              Country.
23

24           Unless federal law provides otherwise,
              an individual - other than a minor, an
25           incompetent person, or a person whose waiver
              has been filed - may be served at a place not
26           within any judicial district of the United
              States:
27

28
                                    6
        MOTION TO AUTHORIZE SERVICE ON DEFENDANT ABROAD

**Exhibit C - Page 224**

1          . . .

2                  (3) by other means not prohibited by
                   international agreement, as the court orders.
3

4      The Rule's plain language requires that service under Rule

5   4(f)(3) be (1) directed by the court; and (2) not prohibited by

6   international agreement. "In fact, as long as court-directed and

7   not prohibited by an international agreement, service of process

8   ordered under Rule 4(f)(3) may be accomplished in contravention

9   of the laws of the foreign country." *Rio Props., Inc. v. Rio*

10  *Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (citing

11  *Mayoral-Amy v. BHI Corp.*, 180 F.R.D. 456, 459 n.4 (S.D. Fla.

12  1998)). *Rio Props., Inc.*, 284  F.3d at 1017: ("To be sure, the

13  Constitution does not require any particular means of service of

14  process, only that the method selected be reasonably calculated

15  to provide notice and an opportunity to respond. . . . In proper

16  circumstances, this broad constitutional principle unshackles

17  the federal courts from anachronistic methods of service and

18  permits them entry into the technological renaissance.").

19      Constitutional due process requires only that service of

20  process provide "notice reasonably calculated, under all the

21  circumstances, to apprise interested parties of the

22  pendency of the action and afford them an opportunity to present

23  their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*,

24  339 U.S. 306, 314 (1950).

25      Defendant's address is known, as process was successfully

26  mailed and delivered to LUO via FedEx, *see, Li decl.* at para. 4

27

28                                   7
    MOTION TO AUTHORIZE SERVICE ON DEFENDANT ABROAD

Exhibit C - Page 225

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 34 of 195    Page ID
#:237
Case 2:10-cv-04174-JAK -E    Document 6-1    Filed 12/08/10    Page 8 of 13    Page ID #:46

1    and supporting papers, Exhibits "C" because China has opted out

2    of Article 10 of the Convention and does not acknowledge service

3    by postal channels i.e. US Postal Service Express Mail.  But

4    Plaintiff has fixed a known and valid address for LUO as of

5    November 4, 2010.

6        Plaintiff proposes that the use of an international

7    commercial carrier to deliver these documents to the known

8    address of defendant is deemed valid. Or the Court may order

9    Plaintiff to use a carrier service with ordinary service to

10    Defendant in China again, for example, FedEx, DHL and UPS all

11    offer this service.

12        To show Plaintiff's due diligence in serving Defendant Luo,

13    Plaintiff has mailed via Postal Office Express Mail to

14    Defendants the same set of Summons and Complaint and they are

15    all accepted and received by the Defendant's office.  True and

16    correct copies of the Express Mail order forms, and the

17    confirmation of receipts are attached to the *Li decl.* at para.

18    5, Exhibit "D".

19        This does not appear to violate Chinese law.  An English

20    translation of the *Law of Civil Procedure of the People's*

21    *Republic of China - 1991* (Adopted by the Fourth Session of the

22    Seventh National People's Congress on April 9, 1991, promulgated

23    by the Order No 44 of the President of the People's Republic of

24    China, and effective on the date of its promulgation).  This

25    translation is published by Chinese law firm of LEHMAN, LEE &

26    XU, and may be found on the internet at

27

28

8

MOTION TO AUTHORIZE SERVICE ON DEFENDANT ABROAD

**Exhibit C - Page 226**

1  http://www.lehmanlaw.com/resource-centre/laws-and-regulations/ci

2  vil-proceedings/law-of-civil-procedure-of-the-peoples-republic-o

3  f-china-1991.html.  Part One, General Provisions, Chapter VII

4  Time Periods and Service, Section 2 Service, provides:

5         Article 78

6             Litigation documents shall be served
          directly to the recipient of the service. If
7         the recipient of the service is a citizen,
          the documents shall, in the case of his or
8         her absence, be received by an adult member
          of his or her family living with him or her;
9         if the recipient of the service is a legal
          person or any other organization, the
10        document shall be received by the legal
          representatives of the legal person or the
11        principal persons in charge of any other
          organization or the persons of the legal
12        person or any other organization in charge of
          receiving such documents; if the recipient of
13        the service has an agent ad litem, the
          documents may be served to the agent ad
14        litem; if the recipient of the service has
          designated an agent to receive his or her
15        litigation documents and has informed the
          people's court of it, the documents may be
16        received by the agent.

17            The date of receipt as signed by the
          adult family member living with the recipient
18        of service, or persons in charge of receiving
          documents of legal persons or other
19        organizations, or agents ad litem, or agents
          designated by a party to receive his or her
20        documents shall be regarded as the date on
          which the document is served.
21

22    **D.  *Proposed alternative service: service by publication in**

23    *international press.***

24        An alternative method is service which is likely to give

25    notice by publication in the legal notices section of

26    international publications of general circulation that are in

27

28                              9
      _____
          MOTION TO AUTHORIZE SERVICE ON DEFENDANT ABROAD

Exhibit C - Page 227

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 36 of 195    Page ID
#:239
Case 2:10-cv-04174-JAK -E    Document 6-1    Filed 12/08/10    Page 10 of 13    Page ID #:48

1  fact distributed in China.  For example, *The Hong Kong Standard*,

2  *Financial Times*, *International Herald Tribute*, *New York Times*

3  *overseas edition, or Wall Street Journal Asian Edition* as well

4  as several other prominent international publications.  This

5  kind of service is also not apparently prohibited by the Chinese

6  civil procedure law.

7      Article 84 of the *Civil Procedure Law* states:

8          If the whereabouts of the person on whom
           the litigation documents are to be served is
9      unknown, **or if the documents cannot be served
           by the other methods specified in this
10          Section, the documents shall be served by
           public announcement.** Sixty days after the
11      public announcement is made, the documents
           shall be deemed to have been served.
12      (Emphasis added)

13  Plaintiff submits that the rules set out in *California Code*

14  *of Civil Procedure section* 415.50 permitting service by

15  publication in the manner set forth in *California Government*

16  *Code sections 6064*, that is, publication once a week for four

17  successive weeks, could easily be modified to apply here.  An

18  order for publication would also direct that a copy of the

19  summons, the complaint, and the order for publication be mailed

20  to the defendant at his known address.

21

22  **IV.    CONCLUSION.**

23  The preferred and obvious method for service was the *Hague*

24  *Convention*.  However, the Chinese government has exercised its

25  treaty rights and refused an otherwise valid service

26  application.  Plaintiff — who knows exactly where defendant LUO

27

28                                    10
_____
MOTION TO AUTHORIZE SERVICE ON DEFENDANT ABROAD

**Exhibit C - Page 228**

1   is and how to reach him – has no other recourse than to apply to

2   this Court for alternate means of service.  Several are

3   presented here, and any of them, alone or in combination, could

4   be used to ensure that Defendant is likely to receive actual

5   notice of this action.  In fact, actual notice has already been

6   given, although the delivery by Express Mail is not considered

7   adequate service under China's treaty obligation.

8       The Court is not bound by strict notions of service, so

9   long as the service provides reasonable notice.  Authorizing

10  either or both delivery by commercial carrier and email, or by

11  publication, will provide notice in the legal, technical sense

12  of a lawsuit that defendant already has actual notice of.

13      Plaintiff has no other options available to it to seek

14  redress from this fraud, and asks the Court to authorize service

15  in one or both of these manners.

16

17  Dated: December 7,   2010

18                          LAW OFFICES OF BIN LI

19

20                          /Bin Li/
                            by Bin Li, Esq., attorney
21                          for Plaintiff Intercontinental
                            Industries Corporation

22

23

24

25

26

27

28
                                    11
        MOTION TO AUTHORIZE SERVICE ON DEFENDANT ABROAD

Exhibit C - Page 229

1                          **DECLARATION OF BIN LI, ESQ.**

2    I, Bin Li, Esq. declare as follows:

3        (1) I am an attorney at law, duly licensed to practice

4    before this court and am the attorney of record for moving party

5    herein. The following statements are made of my own personal

6    knowledge, and if called upon, I could, and would, testify

7    competently thereto.

8        (2)  Service was attempted via the designated Central

9    Authority in China, the Ministry of Justice.  A true and correct

10   copy of this request and supporting paperwork is attached hereto

11   as Exhibit "A".

12       (3)  On November 3, 2010, Plaintiff received a form

13   response from the Ministry of Justice rejecting service.  A true

14   and correct copy of this rejection letter is attached to the *Li*

15   *decl.* at para. 3, Exhibit "B".

16       (4)  Defendant's physical address is known, as process was

17   successfully mailed and delivered to LUO via Express Mail.  The

18   actual address is: Communist Party Secretary, Shuiguo Lake,

19   Wuchang District, Wuhan, Hubei Province, China 430071.  True and

20   correct copies of the work order and delivery information

21   supplied by FedEx are attached hereto as Exhibits "C".

22       (5)  Plaintiff has mailed repeatedly four (4) sets of

23   Summons and Complaints to Mr. Luo and his Provincial Government.

24   True and correct copies of the express mail order forms with

25   some recipients' signature on them and the confirmation of the

26

27

28                                    12

     MOTION TO AUTHORIZE SERVICE ON DEFENDANT ABROAD

Exhibit C - Page 230

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 39 of 195    Page ID
#:242
Case 2:10-cv-04174-JAK -E   Document 6-1   Filed 12/08/10   Page 13 of 13   Page ID #:51

1    receipts by the express mails are attached herein as Exhibit

2    "D".

3        I declare under penalty of perjury that the foregoing is

4    true and correct, dated this 7th day of December, 2010, at City

5    of Industry, California.

6

7

8                            /Bin Li/
                            Bin Li, Esq.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                            13
        MOTION TO AUTHORIZE SERVICE ON DEFENDANT ABROAD

Exhibit C - Page 231

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 40 of 195    Page ID
#:243
Case 2:10-cv-04174-JAK -E    Document 6-2    Filed 12/08/10    Page 1 of 49    Page ID #:52

# Exhibit A

Exhibit C - Page 232

U.S. Department of Justice
United States Marshals Service

$SX-10-999$



## REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION À L'ETRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

Convention on the service abroad of judicial and extrajudicial documents in civil or
commercial matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou
extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

| Identity and address of the applicant<br>*Identité et adresse du requérant* | Address of receiving authority<br>*Adresse de l'autorité destinataire* |
|---|---|
| Bin Li, Esq.<br>Law Offices of Bin Li<br>17800 Castleton St. #605<br>City of Industry, CA 91748<br>USA | Ministry of Justice<br>Dept of Judicial Assistance & Foreign<br>Affairs<br>10, Chaoyangmen Nandajie<br>Chaoyang District<br>Beijing 100020<br>CHINA |

The undersigned applicant has the honour to transmit -- in duplicate -- the documents listed below and, in conformity
with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
(identity and address)

*Le requérant soussigné a l'honneur de faire parvenir -- en double exemplaire -- à l'autorité destinataire les documents ci-dessous
énumérés, en le priant, conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au
destinataire, à savoir:*
(identité et adresse)     QINGQUAN LUO, Hubei Province Communist Party
Shuiguo Lake, Wuchang District

Wuhan, Hubei, CHINA 430071

[X] (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
  *a) selon les formes légales (article 5 alinéa premier, lettre a).*

[ ] (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
  *b) selon la forme particulière suivante (article 5, alinéa premier, lettre b) :*

[ ] (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*:
  *c) le cas échéant, par remise simple (article 5, alinéa 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents and of the annexes
with a certificate as provided on the reverse side.

*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes - avec
l'attestation figurant au verso.*

List of documents     All documents accompanied     Done at   City of Industry,     the  6/14/2010
*Enumération des pièces*  by Chinese translation     *Fait à*   CA, USA            *le*

1. Summons
2. Complaint for Damages
3. Notice of Assignment          Signature and/or stamp
4. Civil Cover Sheet             *Signature et/ou cachet*
5. Notice of Interested Parties
6. Notice to Counsel

*Delete if inappropriate*                                                                     Form USM-94
*Rayer les mentions inutiles.*                                                                 Est. 11/77
                                                (Formerly OBD-116, which was formerly LAA-116, both of which may still be used)

**Exhibit C - Page 233**

## SUMMARY OF THE DOCUMENT TO BE SERVED
### ÉLÉMENTS ESSENTIELS DE L'ACTE

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial
matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires
en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

(article 5, fourth paragraph)
*(article 5, alinéa quatre)*

Name and address of the requesting authority:    *Bin Li, 17800 Castleton St. #605*
*Nom et adresse de l'autorité requérante:*            *City of Industry, CA 91748, USA*

Particulars of the parties:
*Identité des parties:*
*Intercontinental Industries Corp. vs. Qingquan Luo*

### JUDICIAL DOCUMENT
*ACTE JUDICIAIRE*

Nature and purpose of the document:
*Nature et objet de l'acte:*
*Summons, Complaint, etc. of a lawsuit*

Nature and purpose of the proceedings and, where appropriate, the amount in dispute:
*Nature et objet de l'instance, le cas échéant, le montant du litige:*
*Hearing re complaint and answer; amount = US$54,000,000+*

Date and place for entering appearance:          *U.S. District Court, Central District of*
*Date et lieu de la comparution:*                      *California, 312 N. Spring St. Rm G-8*
*21 days after service of Summons; Los Angeles, CA 90012, USA*

Court which has given judgment**:
*Juridiction qui a rendu la décision:*
*N/A*

Date of judgment**:
*Date de la décision:*
*N/A*

Time limits stated in the document**:
*Indication des délais figurant dans l'acte:*
*Defendant is to answer within 21 days after service of Summons*

### EXTRAJUDICIAL DOCUMENT
*ACTE EXTRAJUDICIAIRE*

Nature and purpose of the document:
*Nature et objet de l'acte:*

Time limits stated in the document:**
*Indication des délais figurant dans l'acte:*

**Exhibit C - Page 234**

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 43 of 195    Page ID
#:246
Case 2:10-cv-04174-JAK -E   Document 6-2   Filed 12/08/10   Page 4 of 49   Page ID #:55

## CERTIFICATE
### *ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention.
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1) that the document has been served *
1) *que la demande a été exécutée*
 — the (date) — *le (date)*
 — at (place, street, number) - *à (localité, rue, numéro)* _____

 — in one of the following methods authorized by article 5:
 — *dans une des formes suivantes prévues à l'article 5:*

 ☐ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*,
    *a) selon les formes légales (article 5, alinéa premier, lettre a)*

 ☐ (b) in accordance with the following particular method:
    *b) selon la forme particulière suivante:*

 ☐ (c) by delivery to the addressee, who accepted it voluntarily.*
    *c) par remise simple.*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*

 - (identity and description of person)
 - *(identité et qualité de la personne)*

 _____

 - relationship to the addressee family, business or other
 - *liens de parenté de subordination ou autres avec le destinataire de l'acte*

 _____

2) that the document has not been served, by reason of the following facts*:
2) *que la demande n'a pas été exécutée, en raison des faits suivants:*

 _____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*
*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

ANNEXES
*Annexes*

Documents returned:
*Pièces renvoyées*

_____
_____
_____

| | |
|---|---|
| | Done at _____ , the |
| | *Fait à* _____ , *le* |

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*

_____
_____

Signature and/or stamp
*Signature et/ou cachet*

**Exhibit C - Page 235**

Case 2:10-cv-04174-JAK -E   Document 6-2   Filed 12/08/10   Page 5 of 49   Page ID #:56

Name & Address:
Bin Li (CA Bar No. 223126)
Law Offices of Bin Li & Associates
17800 Castleton St. STE 605
City of Industry, CA 91748
Tel: (626) 839-0277

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERCONTINENTAL INDUSTRIES CORPORATION, a California corporation | CASE NUMBER |
| PLAINTIFF(S) | **CV10-4174  PA (Ex)** |
| v. | |
| QINGQUAN LUO, an individual; and DOES 1 through 20, inclusive | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): QINGQUAN LUO, an individual; and DOES 1 through 20, inclusive

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Bin Li _____, whose address is 17800 Castleton St. STE 605, City of Industry, CA 91748, USA _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___ JUN - 4 2010 ___       By: _____

**NATALIE LONGORIA**

Deputy Clerk

I198

_[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)]._

Exhibit C - Page 236

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 45 of 195    Page ID
#:248
Case 2:10-cv-04174-JAK -E   Document 6-2   Filed 12/08/10   Page 6 of 49   Page ID #:57

姓名与地址：
Bin Li 律师（州律师执照号码 (SBN)：223126 ）
BIN LI 律师事务所
地址：17800 Castleton Street, Suite 605
City of Industry, CA 91748
电话 (626)-839-0277

### 美国地区法院

### 加利福尼亚中央地区

原告：洲际工业公司 （Intercontinental Industries     案号：CV10-4174 PA （EX）
Corporation），一家加利福尼亚州公司

诉

被告：Qingquan Luo，自然人；及包括从 1 至 20      **传票**
的虚构名为 DOE 的各位被告


致被告：Qingquan Luo，自然人；及包括从 1 至 20 的虚构名为 DOE 的各位被
告

你被告了。

根据民事诉讼程序中的联邦诉讼规则第 12 条，自本传票（不包括你收到的那一
天）送达你手中起的 21 天内，你必须针对附件中的诉状提交一份答复状或动议
书给原告。该答复状或动议书必须提交给原告律师 Bin Li，他的地址是 17800
Castleton St. Ste 605, City of Industry, CA 91748, U.S.A. 如果你未准时提交你的答
复或动议书，你可能在缺席情况下被判败诉并且被判需支付诉状中所要求的赔
偿。你也必须向法院递交一份你的答复状或动议。

美国地区法院书记员

日期：2010 年 6 月 4 日                 签署人：Natalie Longoria，代理书
记                                    记

《印章》

[如果被告是美国政府、政府机构或其官员或雇员，12(a)(3)规则允许的期限为 60 天。]

传票

**Exhibit C - Page 237**

FILED

Bin Li, Esq.  SBN 223126
LAW OFFICES OF BIN LI
17800 Castleton Street, Suite 605
City of Industry, CA 91748
626-839-0277
626-839-0322

2010 JUN -4  PM 2:59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. F CALIF.
LOS ANGELES
BY_____

attorneys for Plaintiffs Intercontinental Industries Corporation

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

INTERCONTINENTAL INDUSTRIES
CORPORATION, a California corporation;

           Plaintiffs,

v.

QINGQUAN LUO, an individual; and
DOES 1 through 20, inclusive,

          Defendants.

Case No.   CV10- 4174 PA (Ex)

COMPLAINT FOR DAMAGES

Fraud

Cancellation of agreement

Racketeer Influenced and
Corrupt Organizations Act

DEMAND FOR JURY TRIAL
(F.R.C.P. Rule 38)

Plaintiff Intercontinental Industries Corporation complains against

defendants Qingquan Luo as follows:

**GENERAL ALLEGATIONS COMMON TO ALL CLAIMS**

*Identification of the parties.*

(1) Plaintiff INTERCONTINENTAL INDUSTRIES CORPORATION

("IIC") is a corporation, duly organized under the laws of the state of California

1

COMPLAINT FOR DAMAGES

Exhibit C - Page 238

1  and does business as a manufacturer and distributor of heavy duty, high precision

2  machineries worldwide.

3      (2) Defendant QINGQUAN LUO ("LUO") is an individual, residing with

4  the City of Wuhan, Province of Hubei, China.  LUO was at all times relevant the

5  Chinese Communist Party Secretary of Hubei Province, and in this position has

6  personal  plenary authority over provincial and municipal governments within

7  Hubei Province for, among other things, economic development decisions.

8  Defendant LUO, in spite of his position in the Communist Party, is also an

9  entrepreneur and does business under a company known as Wuhan State Owned

10  Industrial Holding Co., Ltd. ("WSOIH"), which is his alter ego.   In the same way

11  that LUO holds power over his subordinates in the Communist Party and the civil

12  government, LUO is himself responsible in turn to senior leadership of the

13  Communist Party and, in order to retain his position and authority, is obligated to

14  meet certain economic development quotas set by his superiors.

15      (3) The true names or capacities, whether individual, corporate, associate, or

16  otherwise of defendants named in this action as Does 1-20 are unknown to

17  Plaintiff, who therefore sues such defendants by such fictitious names.  Said

18  fictitiously named defendants are in some manner proximately responsible for the

19  damages suffered by Plaintiff herein.  Plaintiff will amend this complaint to show

20  their true names and capacities of such fictitiously named defendants when they

21  have been ascertained.

22

23  *Agency or conspiracy.*

24      (4)  Each of the defendants and including the fictitiously named DOE

25  defendants, was the agent, or employee, partner or officer, director or joint

26  venturer of each of the other defendants herein, and doing the things herein

27

28

2

COMPLAINT FOR DAMAGES

Exhibit C - Page 239

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 48 of 195   Page ID
#:251
Case 2:10-cv-04174-JAK -E   Document 6-2   Filed 12/08/10   Page 9 of 49   Page ID #:60

1    alleged was acting within the course and scope of said agency, employment,

2    partnership, joint venture, or association and under the direction of, and with the

3    consent and permission, advance knowledge and/or ratification of the other

4    defendants.

5       (6)  Alternatively to agency liability, Plaintiff alleges that defendants, and

6    each of them, including the fictitiously named DOE defendants, entered into a

7    civil conspiracy to commit the actionable wrongs, in which the defendants, and

8    each of them participated in or in which they concurred, expressly or tacitly, with

9    knowledge of its unlawful purpose.

10

11    *Jurisdiction and Venue*

12       (7)  Jurisdiction in this action is predicated upon Title 18, United States

13    Code, Section 1964(b) and Title 28, United States Code, Sections 1331 and 1332.

14       (8) Venue is proper in this District because the representations constituting

15    fraud and investment agreement took place within this District.

16

17                **FIRST CLAIM FOR RELIEF**

18                   **FRAUD**

19       (9) Plaintiff incorporates the allegations set forth in paragraphs (1) through

20    (9), inclusive, as though fully set forth hereat.

21       (10) In or about the year of 2003, defendant LUO entered into negotiations

22    through telephone and fax and the internet with Plaintiff with the purpose of

23    convincing Plaintiffs to invest a substantial amount of money in Hubei Province.

24    To persuade Plaintiffs to agree, LUO made certain representations to Ji Ci Chou,

25    the president of Plaintiff as follows:

26

27

28

<center>3

COMPLAINT FOR DAMAGES</center>

**Exhibit C - Page 240**

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 49 of 195    Page ID
#:252
Case 2:10-cv-04174-JAK -E   Document 6-2   Filed 12/08/10   Page 10 of 49   Page ID #:61

1     (11) That, in his official capacity as Chinese Communist Party Secretary of

2  Hubei Province holding plenary authority over provincial and municipal

3  governments, he could guarantee that if Plaintiff's investment would be approved

4  by the subordinate province and municipal governments under his authority, and

5  that such investment would be protected and that he would use his influence to

6  resolve business disputes in Plaintiff's favor.

7     (12) Thereafter, on or about October 13, 2003, at the direction and with the

8  knowledge of his superior, Defendant LUO, Xiansheng Li, Mayor of Wuhan City

9  and a subordinate of Defendant LUO, led a delegation of at least 11 department

10  heads of Wuhan City Municipal Government to visit Plaintiffs in Los Angeles as a

11  follow up to defendant LOU's opening negotiations. Defendant LI affirmed

12  LUO's representations and outlined a transaction wherein Plaintiff would invest

13  funds, technology and equipment into an existing factory known as Wuhan

14  Machine Tools Works ("Factory"), owned by WSOIH. Defendants represented

15  this factory to be worth approximately $10 million calculated as the sum of the

16  value of the physical plant and the real estate upon which the Factory was located.

17  LI represented that if Plaintiffs invested $1.7 million, technology and equipment

18  into the Factory, purchase another piece of land for not less than 200 metric acres

19  in another location to build new plant, and promise not to take legal title to the

20  land of the Factory, Plaintiff would then own the Factory outright, and Plaintiffs

21  would not be responsible for paying the value of the real estate. LI further

22  represented that WSOIH would be fully responsible for all prior debts and

23  liabilities of the Factory.

24     (13) As a consequence of these representations, the parties reduced their

25  agreement to writing. Plaintiffs thereafter invested the sum of $1,700,000.00

26

27

28

<div align="center">

4

**COMPLAINT FOR DAMAGES**

</div>

Exhibit C - Page 241

1  technologies and equipment with WSOIH, and within a year, the Factory began
2  making substantial profits.

3      (14)  However, since the year of 2008, Plaintiff discovered that these
4  representations were false, and that defendant had suppressed material facts as part
5  of a shakedown scheme of a foreign investor such as Plaintiff as follows:

6      (15)  Defendant LUO had no intention of approving Plaintiff's investment
7  as part of an agreement to own the Factory, either by himself or through his
8  government subordinates,

9      (16) Defendant, after receiving the full payment for the sale of the factory,
10  After Plaintiffs invested its state of the art technologies and equipments, after
11  Plaintiff purchased another piece of land of more than 400 metric acres to build
12  new plant, and after Plaintiff made numerous improvements to the software and
13  hardware of the Factory, decide to disregard the terms in the original written
14  contract and force Plaintiff to pay Defendant $10 million in total disregard to the
15  terms in the original agreement which was signed between IIC and WSOIH.

16      (17)  Defendant did not disclose the existence of a debt owed by the
17  Factory to Wuhan Economic Development Investment Company ("WEDIC"),
18  another state-owned company controlled by Wuhan Municipal Government in the
19  amount of $21 million.  Without any knowledge of Plaintiff, LI ordered WEDIC
20  to attach the bank account of the Factory for this debt, which effectively crippled
21  the Factory's ability to function.

22      (18)  LUO and his subordinates have ignored Plaintiff's repeated requests
23  for assistance in these problems.

24      (19) Defendant LUO made these false representations with the intention of
25  defrauding Plaintiff by lulling Plaintiff into investing as to boost his personal
26  political credit with the Chinese government and to fulfill his annual quota
27

28                          5
                    COMPLAINT FOR DAMAGES

Exhibit C - Page 242

1  assigned by the Chinese government so that he could earn promotion within the
2  Communist Party and government, while not intending to help Plaintiff with its
3  investment at all.

4      (20) The representations and suppressed facts were reasonable because
5  obtaining the approval of Communist Party officials is a necessary part of doing
6  business in mainland China, and also because the nature of the authority wielded
7  by LUO over the provincial and municipal authorities in China, and because of
8  LI's position of mayor of Wuhan City and the top-ranked Chinese local official in
9  charge of Wuhan municipal government.

10     (21) As a proximate result of said fraud, Plaintiff has suffered general
11  damages in the amount of not less than $27,000,000.00 or according to proof at
12  trial.

13     (22) The actions of defendants were (1) fraudulent, meaning an intentional
14  misrepresentation, deceit, or concealment of a material fact known to the
15  defendants with the intention on the part of the defendant of thereby depriving a
16  person of property or legal rights or otherwise causing injury; (2) malicious,
17  meaning conduct which is intended by the defendant to
18  cause injury to the plaintiff or despicable conduct which is carried on by the
19  defendant with a willful and conscious disregard of the rights or safety of others;
20  (3) and/or oppressive, meaning despicable conduct that subjects a person to cruel
21  and unjust hardship in conscious disregard of that person's rights; and done with
22  the intention of depriving Plaintiff of substantial rights. Plaintiff is therefore
23  entitled to punitive damages in a sufficient amount to punish defendants and deter
24  future fraudulent, oppressive and malicious misconduct in the amount according to
25  proof at trial.
26
27
28

6

COMPLAINT FOR DAMAGES

Exhibit C - Page 243

## SECOND CLAIM FOR RELIEF

## VIOLATION OF CIVIL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

### Count One

Acquisition and Maintenance of an Interest in and Control of
an Enterprise Engaged in a Pattern of Racketeering Activity:
18 U.S.C. §§ 1961(5), 1962(b)

(23)  Plaintiff incorporates the allegations set forth in paragraphs (1) through (22), inclusive, as though fully set forth hereat.

(24) All defendants did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO enterprise as that term is defined in Title 18, United States Code, Section 1961(4), which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce.

(25) Starting in 2004, Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(b) (Prohibited activities).

(26) Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. 1962(b) supra.

### Count Two

Conduct and Participation in a RICO Enterprise
through a Pattern of Racketeering Activity:

7

COMPLAINT FOR DAMAGES

Exhibit C - Page 244

18 U.S.C. §§ 1961(5), 1962(c)

(27)  Plaintiff incorporates the allegations set forth in paragraphs (1) through (26), inclusive, as though fully set forth hereat.

(28)  Defendants did associate with a RICO enterprise of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce.  Likewise, all Defendants did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO enterprise through a pattern of racketeering activity, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962( c).

(29) From 2004, defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

(30)  Plaintiff further alleges that all defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. 1962(c) supra.

## Count Three

Conspiracy to Engage in a

Pattern of Racketeering Activity

18 U.S.C. §§ 1961(5), 1962(d)

(31)  Plaintiff incorporates the allegations set forth in paragraphs (1) through (30), inclusive, as though fully set forth hereat.

8

COMPLAINT FOR DAMAGES

Exhibit C - Page 245

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 54 of 195   Page ID
#:257
Case 2:10-cv-04174-JAK -E   Document 6-2   Filed 12/08/10   Page 15 of 49   Page ID #:66

1     (32)  Defendants did conspire to acquire and maintain an interest in a RICO

2  enterprise engaged in a pattern of racketeering activity, in violation of 18 U.S.C.

3  §§ 1962(b) and (d).

4     (33)  Defendants did also conspire to conduct and participate in said RICO

5  enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§

6  1962(c) and (d).

7     (34) From 2004, defendants did cooperate jointly and severally in the

8  commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C.

9  §§ 1961(1)(A) and (B), in violation of 18 U.S.C. 1962(d).

10     (35)  Plaintiff further alleges that all Defendants did commit two (2) or more

11  of the offenses itemized above in a manner which they calculated and

12  premeditated intentionally to threaten continuity, i.e. a continuing threat of their

13  respective racketeering activities, also in violation of 18 U.S.C. 1962(d)

14  (Prohibited activities supra).

15

16               **Damages Common to All Counts**

17

18     (36)  As a proximate result of said fraud, Plaintiff has suffered general

19  damages in the amount of not less than $27,000,000 million or according to proof

20  at trial.

21     (37)  For treble damages under authority of 18 U.S.C. 1964(c), for any

22  gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(b),

23  according to the best available proof.

24     (38)  For reasonable attorney fees according to proof.

25     (39)  That all damages caused by all Defendants, and all gains, profits, and

26  advantages derived by all defendants, from their several acts of racketeering in

27

28                     9
               COMPLAINT FOR DAMAGES

Exhibit C - Page 246

1   violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State

2   and federal law(s), be deemed to be held in constructive trust for the benefit of

3   Plaintiff.

4

5   *WHEREFORE*, Plaintiffs pray as follows:

6   On the First claim for relief

7   1. For general damages in the of amount of no less than $27,000,000.00 or

8   according to proof.

9   2. For punitive damages in an amount according to proof.

10

11   On the Second claim for relief

12   1. For general damages in the of amount of no less than $27,000,000.00 or

13   according to proof.

14   2. For treble damages under authority of 18 U.S.C. 1964(c), for any gains,

15   profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according

16   to the best available proof.

17   3. For reasonable attorney fees according to proof.

18   4. That all damages caused by all Defendants, and all gains, profits, and

19   advantages derived by all defendants, from their several acts of racketeering in

20   violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State

21   and federal law(s), be deemed to be held in constructive trust for the benefit of

22   Plaintiff.

23

24   For all claims.

25   1. For costs of suit incurred herein.

26   2. For such other and further relief as the Court may deem proper.

27

28

---

10

COMPLAINT FOR DAMAGES

Exhibit C - Page 247

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 56 of 195    Page ID
#:259
Case 2:10-cv-04174-JAK -E   Document 6-2    Filed 12/08/10   Page 17 of 49   Page ID #:68

1 | Dated: May 26, 2010

2

3                LAW OFFICES OF BIN LI

4

5

6            by Bin Li, Esq., attorney

7            for Plaintiff Intercontinental Industries Corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                       11

COMPLAINT FOR DAMAGES

Exhibit C - Page 248

Bin Li 律师，州律师执照号码 (SBN)：223126
BIN LI 律师事务所
地址：17800 Castleton Street, Suite 605
City of Industry, CA 91748
626-839-0277
626-839-0322

<div style="border:1px solid">
2010 年 6 月 4 日下午 2:59 提交
洛杉矶加利福尼亚中央区地方法
院-书记员
</div>

原告洲际工业公司（Intercontinental Industries Corporation）的诉讼代理人

# 美国地区法院

# 加利福尼亚中央地区

| | |
|---|---|
| 原告：洲际工业公司（Intercontinental Industries Corporation），一家加利福尼亚州公司 | 案号：CV10-4174 PA（EX） |
| | 损害赔偿之诉状 |
| 诉 | 欺诈 |
| 被告：Qingquan Luo，自然人；及包括从 1 至 20 的虚构名为 DOE 的各位被告 | 取消协议 |
| | 《防止诈骗及反黑法》 |
| | 请求陪审团审判 |
| | （《联邦诉讼程序规则》规则 38） |

原告洲际工业公司向被告 Qingquan Luo 提起如下诉讼：

## 适用于所有各项诉讼请求的一般性主张

认定双方/各方当事人。

（1）原告洲际工业公司（INTERCONTINENTAL INDUSTRIES CORPORATION）（简称为"IIC"），系一家根据加利福尼亚州法律正式成立，作为各种高功率高精度机械设备的生产厂家和经销商在全世界范围内从事业务活动的公司。

（2）被告 Qingquan Luo（简称为"Luo"）是一个自然人，居住在中国湖北省武汉市。Luo 以前一直担任中国共产党湖北省党委书记，在这一职位上，对湖北省政府和湖北省境内的各级市政府具有绝对的个人权力，其中包括经济发展决策权。除了在共产党内担任的职务之外，被告 Luo 还是一名企业家，以一家被称为武汉工业国有控股集团有限公司（简称为"武汉国控"）的名义从事业务活动，该公司反映了他的另一面。如同 Luo 对他在共产党内和人民政府的下属所拥有权力一样，Luo 本人也要以同样的方式对共产党内的高级领导负责，并且

**Exhibit C - Page 249**

为了保住他的职务和权力，有义务达到其上级设定的经济发展指标。

（3）在本诉中作为从 1 至 20 虚构名为 DOE 的各位被告的真实姓名或行为能力，是否自然人、法人、合伙或是其他，原告均不知情，因此原告通过这些虚构名来起诉这些被告。前述虚构名被告应以某种方式为本诉被告所遭受的损失承担相应负责。在对这些虚构名被告人的姓名和身份/行为能力审证确实之后，原告将为本诉补充提供这些虚构名被告的姓名和身份/行为能力。

*代理或共谋*

（4）每一位被告，包括虚构名 DOE 被告，都曾是本诉中每个其他被告的代理人、雇员、合伙人、管理者、董事、或合资伙伴，并且是在声称以前述代理、雇员、合伙方、合资方或联营方身份并在该等身份的权限内行事而做出本诉状所诉行为，或是在得到其他各被告的同意、许可、事先知悉和/或批准的情况下行事而做出本诉状所诉行为。

（6）与代理责任同时存在的另一个选项是，原告宣称被告（每一位被告，包括各位虚构名 DOE 被告），参与了一项民事共谋，犯下了可被诉的错误行为，每一位被告都参与了这些错误行为，或者他们明示或默示地同意，并知悉他们的非法目的。

*司法管辖和审理地点*

（7）本诉的司法管辖可以按照美国法典主题 18 项下的 1964（b）款以及美国法典主题 28 项下的 1331 和 1332 款予以确定。

（8）在本区审理是适当的，因为构成欺诈的各项陈述和投资协议均发生在本区内。


<u>第一项救济请求</u>

欺诈


（9）原告在此将从第（1）项至第（9）项中列明的各项主张纳入本项诉讼请求的陈述，如同在此处逐条列明。

（10）在 2003 年或大约在 2003 年，被告 Luo 通过电话、传真以及互联网与原告进行谈判，旨在说服原告将一大笔钱投入湖北省。为了说服原告，Luo 向原告的总裁 Ji Ci Chou 做出了各项特定的陈述，如下：

（11）在其作为中国共产党湖北省党委书记的权职范围内，他对省政府及各级市政府拥有绝对权力，他能够保证原告的投资将会在其权力控制之下的下属省政府及各市政府获得批准，此等投资将受到保护，并且如有商业纠纷，他将利用他的影响力使纠纷以有利于原告的方式解决。

（12）此后，在 2003 年 10 月 13 日或前后，按照其上级指示或在其上级知悉的情况下，被告 Luo、武汉市市长李先生以及被告 Luo 的一位下属带领了一个至少包括武汉市市政府 11 位部门负责人的代表团来到位于洛杉矶的原告，作为对被告 Luo 开启谈判的一个跟进行动。被告李确认了 Luo 的各项陈述并描绘了一项交易，在这项交易中原告将向一家已经存

<div align="center">损害赔偿之诉状</div>

<div align="right">2</div>

**Exhibit C - Page 250**

在的被称为武汉机床厂（简称"机床厂"的工）投入资金、技术和设备，该厂为武汉国控所有。据被告陈述，该厂的价值包括厂房设备以及该厂所在位置的地产加起来大约为一千万美元。李陈述道，如果原告投资一百七十万美元技术及设备至该工厂，购买另一块不小于200 公亩的土地来建立新工厂，并承诺并不拥有机床厂土地的所有权，则原告可以完全拥有该机床厂，并且原告不需要负责支付该地产的价值。李进一步陈述称，机床厂原始的债务及法律责任将完全由武汉国控负责承担。

（13）作为此等陈述的结果，双方将他们之间的协议以书面形式签署。此后原告向武汉国控投入了价值 1,700,000.00 美元的技术和设备，并且在一年之内该厂就开始实际盈利。

（14）然而，从 2008 年开始，原告发现这些陈述是虚假的，被告隐瞒了一些重大事实作为对原告这一外国投资者实施诈骗计划的一部分，具体如下：

（15）被告 Luo 没有打算批准原告投资作为拥有机床厂 的协议的一部分的意图，他无意自行批准，也无意通过其政府下级来批准。

（16）在收到了出售工厂 的全额付款之后，在原告投入了其各项尖端技术和设备之后，在原告购买了另一块超过 400 公亩的土地来建造新工厂之后，并且在原告对机床厂的软硬件做出了无数的改善之后，被告企图不顾破坏书面合同的各项条款，驱追原告向被告支付总额达一千万美元的款项，完全不考虑 llC 和武汉国控之间签署的原始协议的各项条款。

（17）被告没有披露机床厂欠武汉市政府所控制的另一家国有公司——武汉经济发展投资公司（简称"武投公司"）的 项债务，其金额为两千一百万美元。在原告毫不知情的情况下，李指示武投公司把机床厂的银行账户与这笔债务绑在了一起，给机床厂的经营能力造成了极大的损害。

（18）对于原告要求协助解决这些问题的不断要求，Luo 及其下属不理不睬。

（19）被告 Luo 做出这些虚假陈述的意图是欺骗原告，诱使原告投资以便提高其在中国政府的个人政绩并完成中国政府分配给他的年度指标，这样他就能够在共产党和政府中得到提拔，而他根本就没有在原告投资上帮助原告的意图。

（20）这些陈述以及被隐瞒的事实是合理的，因为取得共产党官员的批准是在中国大陆做生意的必要组成部分，同时也是因为在中国 Luo 对省级和各市级政权所掌握的权力的性质，还因为李作为武汉市市长及掌管武汉市政府的最高层中国地方官员的位置。

（21）作为对前述欺诈的一个值算结果，原告遭受的损失总计不低于 27,000,000.00 美元或按照审理中的证据予以确定。

（22）被告的行为（1）具有欺诈性，也就是故意虚假陈述、欺骗或隐瞒被告所知道的重大事实，且被告具有以此等欺诈行为来剥夺其他人士的财产或合法权利或以其他方式造成伤害的意图；（2）具有恶意，即被告的行为具有对原告造成伤害的意图，或被告所从事的卑劣行为系随意并有意识地忽略其他人的权利或安全；（3）并且/或者具有胁迫性，也就是说该等卑劣行为是使其他人士遭遇残忍且不公平的困扰，且有意识地忽略此权利；并且在如此作为时具有剥夺原告各项实质性权利的意图。因此，为了惩罚被告并阻止此类欺诈性、胁迫性或恶意不良行为在将来发生，原告有权获得足以惩诫被告的惩罚性损害赔偿金，其金额将在审理中根据证据予以确定。

Exhibit C - Page 251

<u>第二项救济请求</u>

## 违反《防止诈骗及反黑法》
### 起诉理由一

控制一家从事敲诈勒索活动的企业并从中牟取利益:

18 U.S.C.§§1961(5),1962(b)

(23) 原告在此将从第(1)项全第(22)项中列明的各项上主张纳入本项诉讼请求的陈述,如同在此处逐条列明。

(24) 所有被告确实曾通过直接或间接的方式从一家美国法典主题 18 项下第 1961(4)项所定义的反黑法企业牟利,或通过控制该企业牟利,该企业从事州际和外国商事活动而且其活动对州际和外国商事活动有影响。

(25) 自 2004 年开始,被告确曾以承担连带责任的方式犯下了两(2)项以上的可认定为反黑法行为的行为(在反黑法 18 U.S.C.§§1961(1)(A)和(B)项下对该等行为有详细列举),并在如此行事的同时违反了 18 U.S.C.§1962(b)(禁止性活动)。

(26) 原告进一步主张,所有被告都曾犯下了不少于两条(2)上述经详细列举的违法行为,他们的行为方式是经过策计并经过有意谋划要造成持续性威胁,即他们各自的敲诈勒索活动具有持续性的威胁,同时也违反了前述反黑法的 18 U.S.C.§§1962(b)。

### 起诉理由二

通过一种敲诈勒索的行为模式执行或参与了一家反黑法企业:

18 U.S.C.§§1961(5),1962(c)

(27) 原告在此将从第(1)项全第(22)项中列明的各项主张纳入本项诉讼请求的陈述,如同在此处逐条列明。

(28) 各位被告确实曾与一家反黑法企业相联系,该企业成员实际上与州际和外国商事活动有关联并从事此等活动,并且他们的活动确实影响州州际和外国商事活动。同样,所有被告确实以直接或间接的方式,通过一种敲诈勒索的活动模式,执行或参加了前述反黑法企业事务的行为,全都违反了 18 U.S.C.§§1961(4),(5),(9) 以及 1962(c)。

(29) 自 2004 年开始,被告确曾以承担连带责任的方式犯下了两(2)项以上的可认定为反黑法行为的行为(在反黑法 18 U.S.C.§§1961(1)(A)和(B)项下该行为有详细列举),并在如此行事的同时违反了 18 U.S.C.§§1962(c)(禁止性活动)。

(30) 原告进一步主张,所有被告都曾犯下了不少于两条(2)上述经详细列举的违法行为,他们的行为方式是经过策计并经过有意谋划要造成持续性威胁,即他们各自敲诈勒索活动具有持续性的威胁,同时也违反了前述反黑法的 18 U.S.C.§§1962(c)。

损害赔偿之诉状                                                                4

Exhibit C - Page 252

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 61 of 195    Page ID
#:264
Case 2:10-cv-04174-JAK -E    Document 6-2    Filed 12/08/10    Page 22 of 49    Page ID #:73

### 起诉理由三

#### 共谋从事敲诈勒索的行为模式

18 U.S.C.§§1961(5),1962(d)

（31）原告在此将从第（1）项至第（30）项中列明的各项主张纳入本项诉讼请求的陈述，如同在此处逐条列明。

（32）各被告确实共谋在一家从事敲诈勒索行为模式的反黑法企业牟取利益，违反了 18 U.S.C.§§1962(b)和(d)。

（33）各被告确实还共谋通过一种敲诈勒索行为模式执行或参与了前述反黑法企业，违反了 18 U.S.C.§§1962(c)和(d)。

（34）自2004年开始，被告确曾以承担连带责任的方式犯下了两（2）项以上的可认定为反黑法行为的行为（在反黑法 18 U.S.C.§§1961(1)(A)和(B)项下该等行为有详细列举），违反了 18 U.S.C.§§1962(b)。

（35）原告进一步主张，所有被告都曾犯下不少于两条（2）上述经详细列举的违法行为，他们的行为方式是经过累计并经过有意谋划贯彻成持续性威胁，即他们各自敲诈勒索活动具有持续性的威胁，同时也违反了前述 18 U.S.C.§§1962(b)（前述禁止性活动）。


## 适用于所有诉讼理由的损害赔偿金


（36）作为对前述欺诈的一个估算结果，原告遭受的损失总计不低于 27,000,000.00 美元或按照审理中的证据予以确定。

（37）18 U.S.C.§§1964(c)规定的三倍损害赔偿金，可归因于 18 U.S.C.§§1962(b)项下之违法行为的所有利得、利润或好处，或按照搜集的可得证据予以认定。

（38）根据凭证支付合理律师费。

（39）各被告所造成的所有损失，以及所有被告从他们的数项违反 18 U.S.C.§§1962(b)的行为以及其他违反相关州法律和联邦法律的所有违法行为中获得的所有利得、利润或好处，被视为为了原告的利益以法定信托的方式持有。

基于上述，原告请求如下：

就第一项救济请求

1. 不低于 27,000,000.00 美元或按照审理中的证据予以确定的一般损害赔偿金。

2. 依据证据确定的惩罚性损害赔偿金。


就第二项救济请求

1. 不低于27,000,000.00 美元或按照审理中的证据予以确定的一般损害赔偿金。

<div align="center">损害赔偿之诉状</div>

<div align="right">5</div>

Exhibit C - Page 253

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 62 of 195   Page ID
#:265
Case 2:10-cv-04174-JAK -E   Document 6-2   Filed 12/08/10   Page 23 of 49   Page ID #:74

2. 18 U.S.C.§§1964(c)规定的三倍损害赔偿金，可归因于 18 U.S.C.§§1962(b)项下之所有违法行为的所有利得、利润或好处，或按照最佳的可得证据予以认定。

3. 根据纯证支付合理批师费。

4. 各被告所造成的所有损失，以及所有被告从他们的款项违反 18 U.S.C.§§1962(b)的行为以及其他违反相关州法律和联邦法律的所有违法行为中获得的所有利得、利润或好处，被视为为了原告的利益以法定信托的方式持有。

就所有的诉讼请求

1. 本诉讼项下发生的所有诉讼费。

2. 法庭可能会进一步认定为适当的其他救济和进一步救济。


日期：2010 年 5 月 26 日


律师事务所


（签字）

诉讼代理人：Bin Li 律师

代表洲际工业公司


损害赔偿之诉状                                          6

Exhibit C - Page 254

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 63 of 195    Page ID
#:266
Case 2:10-cv-04174-JAK -E    Document 6-2    Filed 12/08/10    Page 24 of 49    Page ID #:75

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV10- 4174 PA (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

════════════════════════════════════════════

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Exhibit C - Page 255

美国地区法院

加利福尼亚中央地区

有关法官指派的通知

本案已经指派给联邦地区法院法官 Percy Anderson 主理；有关搜证事项则由特别法官 Charles Eick 主理。

本案所有递交法院的文件都必须带有以下案号：

CV10- 4174 PA (Ex)

根据美国地区法院加利福尼亚中央地区总则 05-07，有关搜证事项及动议须指派给特别法官负责。

所有与搜证有关之动议均须登上特别法官的行事历。

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

致律师

本文件必须连同传票及诉状送达所有被告。(如果这是一个法院转移案，本文件必须送达所有原告。)

今后所有递送法院的文件都必须送到以下地点：

Western Division
312 N. Spring St. Rm. G-8
Los Angeles, CA 90012

如未按规定递送适当地点，文件将会被退回。

有关法官指派的通知

Exhibit C - Page 256

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| INTERCONTINENTAL INDUSTRIES CORPORATION | LUO, Qingquan |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Law Offices of Bin & Associates<br>17800 Castleton St, STE 605, City of Industry, CA 91748<br>(626) 839-0277 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ MONEY DEMANDED IN COMPLAINT: $ 54,000,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
RICO 18 U.S.C. §§1961(5), 1962(b); (Diversity) Title 18, U.S. Code, Section 1964(b); Title 28, U.S. Code Sections 1331 and 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | | ☐ 310 Airplane | PERSONAL PROPERTY | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info Act | ☐ 220 Foreclosure | | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | | |

**OFFICE USE ONLY:**   Case Number: **CV10-4174**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

Exhibit C - Page 257

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A   Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C   For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D   Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | China |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District, State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | China |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note: In land condemnation cases, use the location of the tract of land involved**

SIGNATURE OF ATTORNEY (OR PRO PER) _____   Date   6/2/2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Exhibit C - Page 258

加利福尼亚中央区
美国地方法院
民事案件首页

| I (a) 原告：<br><br>INTERCONTINENTAL INDUSTRIES CORPORATION | 被告：<br><br>LUO, Qingquan |
|---|---|
| (b) 律师：<br>Law Offices of Bin & Associates<br>17800 Castleton St. STE 605<br>City of Industry, CA 91748<br>(626) 839-0277 | 律师 (如果知道的话) |

| II. 管辖权限之依据 | III. 诉讼双方国籍 |
|---|---|
| ☑ 联邦辖区问题 (美国政府并非非当事人) | ☑ 原告位于、或主要营业地点在于，本州 |
| ☑ 国籍差异 (在第 III 项勾选国籍) | ☑ 被告是外国籍 |

IV. 案件来源

☑ 原始新案

V. 诉状要求： ☑ 陪审团

☑ 不是集体诉讼        ☑ 金钱索赔 美金 $54,000,000+

VII. 适用条款

反黑法：美国法典主题 18 项下 1961(5)，1962(b) 款
国籍差异：美国法典主题 28 项下 1331，1332 款

VII. 诉讼性质

☑ 反黑法

案号：CV10-4174

民事案件首页  第 1 页 共 2 页

Exhibit C - Page 259

Case 2:11-cv-07887-JAK-E     Document 1-1     Filed 09/23/11     Page 68 of 195   Page ID
#:271
Case 2:10-cv-04174-JAK -E   Document 6-2   Filed 12/08/10   Page 29 of 49   Page ID #:80

VIII(a). 相同案： ☑ 本案没有曾经被撤销，驳回，或结案的相同案。

VIII(b). 相关案： ☑ 本案没有相关案。

IX. 地点

原告居住地
☑ 在本法院辖区：洛杉矶县

被告居住地
☑ 在外国：中国

控诉事项发生地点
☑ 在本法院辖区：洛杉矶县

☑ 在外国：中国

[律师签名]                              日期：2010 年 6 月 2 日

Exhibit C - Page 260

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR OR, PLAINTIFF OR
DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER

Bin Li (CA Bar No. 223126)
Law Offices of Bin Li & Associates
17800 Castleton St, STE 605, City of Industry, CA 91748
Tel: (626) 839-0277
Email: usbinli@sbcglobal.net

**FILED**

2010 JUN -4 PM 2:59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

ATTORNEYS FOR    Plaintiff Intercontinental Industries Corporation

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERCONTINENTAL INDUSTRIES CORPORATION <br><br> Plaintiff(s), <br><br> v. <br><br> QINGQUAN LUO, an individual; and DOES 1 through 20, inclusive <br><br> Defendant(s) | CASE NUMBER **CV10-4174 PA (Ex)** <br><br><br> **CERTIFICATION AND NOTICE OF INTERESTED PARTIES** <br> (Local Rule 7.1-1) |

TO:    THE COURT AND ALL PARTIES APPEARING OF RECORD:

The undersigned, counsel of record for  Plaintiff Intercontinental Industries Corporation
(or party appearing in pro per), certifies that the following listed party (or parties) has (have) a direct, pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal. (Use additional sheet if necessary.)

|  PARTY | CONNECTION |
|---|---|
| (List the names of all such parties and identify their connection and interest.) | |
| INTERCONTINENTAL INDUSTRIES CORPORATION | Plaintiff |
| QINGQUAN LUO | Defendant |

_6/2/10_____          _____
Date                                            Sign

                                                 Bin Li, Esq,
                                                 _____
                                                 Attorney of record for or party appearing in pro per

CV-30 (12/03)                          NOTICE OF INTERESTED PARTIES

Exhibit C - Page 261

姓名与地址：
Bin Li 律师（州律师执照号码 (SBN)：223126 ）
BIN LI 律师事务所
地址：17800 Castleton Street, Suite 605
City of Industry, CA 91748
电话：(626) 839-0277
电子邮件：ushinli@sbcglobal.net
原告 Intercontinental Industries Corporation 的律师

## 美国地区法院

## 加利福尼亚中央地区

原告：洲际工业公司（Intercontinental Industries    案号：CV10-4174 PA（EX）
Corporation），一家加利福尼亚州公司

诉

被告：Qingquan Luo，自然人；及包括从 1 至 20    **申明：利益关系者列举**
的虚构名为 DOE 的各位被告

致法院及所有本案各方：

以下签名人，亦即原告 Intercontinental Industries Corporation 的律师，申
明本案之结果会直接或间接影响下列个人或机构的财务利益。本申明的目的是要
帮助评估是否有必要取消参与资格或撤换人员。

利益关系者                          与本案之关系

INTERCONTINENTAL INDUSTRIES CORPORATION        原告

QINGQUAN LUO                          被告

日期：2010 年 6 月 2 日            [签名]

                              Bin Li
                              律师

申明：利益关系者列举

Exhibit C - Page 262

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 71 of 195    Page ID
#:274
Case 2:10-cv-04174-JAK -E   Document 6-2   Filed 12/08/10   Page 32 of 49   Page ID #:83

# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO COUNSEL

*The court has directed that the following rules be specifically called to your attention·*

    I.    Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)
    II.   Service of Papers and Process (Local Rule 4)

## I. CONTINUING OBLIGATION TO REPORT RELATED CASES

    Parties are under the continuing obligation to promptly advise the Court whenever one or more civil actions or proceedings previously commenced and one or more currently filed appear to be related.

    Local Rule 83-1.3.3 states: "It shall be the continuing duty of the attorney in any case promptly to bring to the attention of the Court, by the filing of a Notice of Related Case(s) pursuant to Local Rule 83-1.3, all facts which in the opinion of the attorney or party appear relevant to a determination whether such action and one or more pending actions should, under the criteria and procedures set forth in Local Rule 83-1.3, be heard by the same judge."

    Local Rule 83-1.2.1. states: "It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge."

    Local Rule 83-1.2.2 provides: Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first-filed action was assigned. It shall be the duty of every attorney in any such later-filed action to bring those facts to the attention of the Court in the Civil Cover Sheet and by the filing of a Notice of Related Case(s) pursuant to L.R. 83-1.3.

## II.   SERVICE OF PAPERS AND PROCESS

    Local Rule 4-2 states: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for Service." Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable. Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of FRCP 4 (i). Service should be promptly made; unreasonable delay may result in dismissal of the action under Local Rule 41 and Rule 4(m) of the Federal Rules of Civil Procedure. Proof of service or a waiver of service of summons and complaint must be filed with the court.

    This notice shall be given by the Clerk to the plaintiff at the time an action is filed (or to the defendant at the time a notice of removal is filed), and by the plaintiff to other parties as attachments to copies of the complaint and summonses, or by the defendant to other parties as attachments to copies of the notice to plaintiffs of removal to federal court, when served.

加利福尼亚中央区
美国地方法院

给诉讼代理人的通知

本院指示请具体关注下述规则：

    I. 报告各相关案件的持续性义务（《地方规则》83-1.3,3）

    II. 送达法庭诉讼文件（《地方规则》4）

## I. 报告各相关案件的持续性义务

无论何时如果存在一项或多项先前开始或当前提起的看起来与本案相关的民事诉讼或诉讼程序，诉讼双方有及时通知本庭的持续性义务。

《地方规则》83-1.3.3 规定："任何事实，如果按照一个案件的代理人或当事人的意见，与决定是否此等诉讼或待决诉讼按照《地方规则》83-1.3 的标准和程序应当由同一个法官予以审理相关，该案件的代理人都有持续性义务通过按照《地方规则》83-1.3 提交一份《相关案件通知》来通知法庭。"

《地方规则》83-1.2.1 规定："不得出于换法官的目的而撤回诉讼然后另行起诉。"

《地方规则》83-1.2.2 规定："如果一项诉讼在做出判决之前被一方当事人或被法庭撤回，此后又在另一项诉讼中主张相同或基本上相同的诉讼诉求，涉及到相同或基本上相同的当事人，则后来提起的诉讼应当指派给办理第一次诉讼的法官。此等后来提起的诉讼案件中的每一个代理人都有义务在《民事案件首页》中提请法庭注意或通过按照《地方规则》83-1.3 提交一项《相关案件通知》。"

## II. 送达法庭诉讼文件

《地方规则》4-2 规定："除非法庭命令另有规定，或美国的条约或法律另有要求，诉讼文件应当交给一位美国法庭官员予以送达。"诉讼文件的送达必须要按照《联邦民事程序规则》规则 4 或按照适用的州法律所规定的方式予以送达。送达至美国（政府），或美国的一个官员或机构的，应当按照《联邦民事程序规则》规则 4（i）的规定予以送达。送达应当及时：不合理的延误可能会导致根据《地方规则》41 以及《联邦民事程序规则》4（m）对诉讼予以撤销。送达的证据或对传票和诉状送达的弃权必须提交至法庭。

本通知应当在提起诉讼时由书记员向原告提供（或在向联邦法庭提起一项移送诉讼案件的通知时，向被告提供），并由原告在送达时作为其诉状或传票副本的附件向其他各当事人提供，或由被告在送达时作为其通知原告案件移送联邦法院的通知副本的附件向其他各当事人提供。

Exhibit C - Page 264

Exhibit C - Page 265

**UNITED STATES**
**POSTAL SERVICE**®

Home | Help | Sign In

Track & Confirm    FAQs

## Track & Confirm

### Search Results

Label/Receipt Number: EG41 0491 089U S
Guaranteed Delivery Date: June 21, 2010
Class: Express Mail International®
Status: Delivered Abroad

Track & Confirm

Enter Label/Receipt Number.

Go >

Your item was delivered in CHINA PEOPLES REP at 3:00 PM on June 19, 2010.

Detailed Results:

- Delivered Abroad, June 19, 2010, 3:00 pm, CHINA PEOPLES REP
- Attempted Delivery Abroad, June 19, 2010, 10:00 am, CHINA PEOPLES REP
- Arrived Abroad, June 19, 2010, 4:46 am, CHINA PEOPLES REP
- International Dispatch, June 16, 2010, 9:54 pm, ISC LOS ANGELES CA (USPS)
- Arrival
- Processed through Sort Facility, June 14, 2010, 3:16 pm, CITY OF INDUSTRY, CA 91715
- Acceptance, June 14, 2010, 1:53 pm, CITY OF INDUSTRY, CA 91715

### Notification Options

Track & Confirm by email
Get current event information or updates for your item sent to you or others by email. ( Go > )

Proof of Delivery
Verify who signed for your item by email, fax, or mail. ( Go >

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

**Exhibit C - Page 266**

# Exhibit B

Exhibit C - Page 267

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 76 of 195    Page ID
#:279
Case 2:10-cv-04174-JAK -E    Document 6-2    Filed 12/08/10    Page 37 of 49    Page ID #:88

# 中华人民共和国司法部

## Ministry of Justice, People's Republic of China

No. 10, Chaoyangmen Nandajie, Chaoyang District, Beijing, China 100020
Tel: (8610)65206239 Fax: (8610)65205866

2010-SXH-228

To: BIN LI & ASSOCIATES

Dear Sir/Madam,

The Request for the service of documents forwarded by you has been received.

We regretfully return your request because it does not comply with the provisions of the Hague Convention on the Service abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters (hereinafter referred to as the Convention), and the Declaration made by the People's Republic of China at the time of its accession. The specific reasons for the return are as follows (the item/items below which is/are marked with X):

(　) The address of the person to be served upon is not sufficiently provided (Paragraph 2 of Article 1).

(　) The form of the Request does not conform to the model annexed to the Convention (Paragraph 1 of Article 3).

(　) The terms in the Request are not written in the languages specified by the Convention (Article 7).

(　) The Request and the documents to be served are not furnished in duplicate (Paragraph 2 of Article 3).

(　) The documents to be served are not written in, or translated into Chinese (Article 5).

(　) The case relating to the request does not fall into the scope of the Convention (Paragraph 1 of Article 1).

(X) The execution of the request would infringe the sovereignty or security of China (Article 13).

(　) Others:

Department of Judicial Assistance and Foreign Affairs
Ministry of Justice,
People's Republic of China

Done at Beijing, November 5, 2010

\*　Enclosures: Documents forwarded by the applicant.

Exhibit C - Page 268

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 77 of 195    Page ID
#:280
Case 2:10-cv-04174-JAK -E    Document 6-2    Filed 12/08/10    Page 38 of 49    Page ID #:89

# Exhibit C

Exhibit C - Page 269

**FedEx.**
Express

**International Air Waybill**
For FedEx services worldwide.

**1 From** Please print and press hard.

Date 01/19/10

Sender's FedEx
Account Number 3193636665

Sender's
Name Emily Tung

Company Law Offices of Bin Li

Address 17800 Castleton St. #605

Phone 626-831-0117

City City of Industry   State CA

Country U.S.A   ZIP Postal Code 91748

**2 To**
Recipient's
Name Communist Party Secretary

Company Hubei Province

Address Shirguo Lake, 湖北 Wuchang District

City Wu Han   State/Province HuBel

Country CHINA   ZIP Postal Code 430011

Phone 021-68561726

**3 Shipment Information**

Total Packages 1   Total Weight 1 磅/lb

COMPLETE IN ENGLISH

Commodity Description

Documents / 100 percent clothes

Harmonized Code   Country of Manufacture USA   Declared Value for Customs 0.00   Value for Carriage (if any) 0.00

Total Declared Value for Carriage 0   Total Customs Value (if any) US $ 0.00   Total Value for Customs US $ 0.00

**4**

**5 Packaging**

**6 Special Handling**

**7a Payment Bill transportation charges to:**

**7b Payment Bill duties and taxes to:**

**8 Your Internal Billing Reference** OPTIONAL

FedEx Tracking
Number 8850 4286 4363

**Sign and track packages at fedex.com**

0402

521

DETAIN THIS COPY FOR YOUR RECORDS.

Sender's Copy

Exhibit C - Page 270

**FedEx**

Español | Customer Support | FedEx Locations | Search

| Package/Envelope | Freight | Expedited | Office/Print Services ★ |

| Ship ▸ | Track ▸ | Manage ▸ | Business Solutions ▸ |

My FedEx Home | Preferences | My Profile | Log Out

Welcome Bin
December 3, 2010 14:05:44

## Detailed Results

Printer-Friendly       Get Link       Help

[Enter tracking number]       !

| | Notifications |

Tracking no.: 865092064262        Select time format: 12H | 24H        E-mail notifications

### Delivered

Initiated    Picked up    In transit    Delivered

**Delivered**
Signed for by  L.MIAO

| Shipment Dates | Destination |
| Ship date ⊘  Jun 24, 2010 | WU HAN CN |
| Delivery date ⊘  Jun 29, 2010 11:03 AM | Proof of Delivery ⊘ |

### Shipment Facts        Help

| Service type | International Priority Service | Reference | IIC |

### Shipment Travel History        Help

Select time zone: [ Local Scan Time  ▾ ]

All shipment travel activity is displayed in local time for the location

| Date/Time | Activity | Location | Details |
|---|---|---|---|
| Jun 29, 2010 11:03 AM | Delivered | WU HAN CN | |

FedEx Desktop: Tracking at your fingertips.
Learn more ▸

Sign up for FedEx Billing Online Plus
to save paper, save time and enter
for a chance to win
Learn more ▸

Global Home | Small Business Center | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy | Site Map
This site is protected by copyright and trademark laws under US and international law. All rights reserved. © 1995-2010 FedEx

**Exhibit C - Page 271**

# Exhibit D

Exhibit C - Page 272



Exhibit C - Page 273

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 82 of 195    Page ID
#:285
Case 2:10-cv-04174-JAK -E    Document 6-2    Filed 12/08/10    Page 43 of 49    Page ID #:94

USPS - Track & Confirm                                         Page 1 of 1

 **UNITED STATES
POSTAL SERVICE**₀

Home | Help |
Sign In

Track & Confirm                                                         FAQs

## Track & Confirm

### Search Results

Label/Receipt Number: EG08 6587 461U S
Status: Delivered Abroad

Your item was delivered at 5:00 pm on August 19, 2010

Additional information for this item is stored in files offline

Restore Offline Details > ?      Return to USPS.com Home >

Track & Confirm

Enter Label/Receipt Number

Go >

Notification Options

**Proof of Delivery**
Verify who signed for your item by email, fax, or mail    Go >

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.      No FEAR Act EEO Data      FOIA

To $185
by Basic

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do          11/9/2010

Exhibit C - Page 274





Exhibit C - Page 275

USPS - Track & Confirm



Page 1 of 1

UNITED STATES
POSTAL SERVICE®

Home | Help |
Sign In

Track & Confirm          FAQs

## Track & Confirm

### Search Results

Label/Receipt Number  EG08 6587 532U S
Status: Delivered Abroad

Your item was delivered at 11:00 am on September 21, 2010

Additional information for this item is stored in files offline

Restore Offline Details >  |  ?      Return to USPS.com Home >

Track & Confirm

Enter Label/Receipt Number

· Go »

### Notification Options

Proof of Delivery

Verify who signed for your item by email, fax, or mail      Go >

Site Map      Customer Service      Forms      Gov't Services      Careers      Privacy Policy      Terms of Use      Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.      No FEAR Act EEO Data      FOIA

Exhibit C - Page 276



Exhibit C - Page 277

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 86 of 195    Page ID
#:289
Case 2:10-cv-04174-JAK -E    Document 6-2    Filed 12/08/10    Page 47 of 49    Page ID #:98

USPS - Track & Confirm

(4)    Page 1 of 1



**UNITED STATES**
**POSTAL SERVICE**

Home | Help |
Sign In

Track & Confirm    FAQs

## Track & Confirm

### Search Results

Label/Receipt Number: EG47 6331 207U S
Guaranteed Delivery Date: November 1, 2010
Class: Express Mail International®
Status: Delivered Abroad

Your item was delivered in CHINA PEOPLES REP at 5:00 pm on
November 04, 2010.

Track & Confirm

Enter Label/Receipt Number.

[                    ]

Go »

**Detailed Results**

- Delivered Abroad, November 04, 2010, 5:00 pm, CHINA PEOPLES REP
- Attempted Delivery Abroad, November 03, 2010, 4:00 pm, CHINA PEOPLES REP
- Attempted Delivery Abroad, November 03, 2010, 10:00 am, CHINA PEOPLES REP
- Attempted Delivery Abroad, November 01, 2010, 4:30 pm, CHINA PEOPLES REP
- Arrived Abroad, October 31, 2010, 9:10 am, CHINA PEOPLES REP
- International Dispatch, October 26, 2010, 7:49 pm, ISC MIAMI FL (USPS)
- Arrival
- Processed through Sort Facility, October 25, 2010, 7:19 pm, JACKSONVILLE, FL 32203
- Acceptance, October 25, 2010, 10:39 am, PALM COAST, FL 32137

**Notification Options**

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.    Go »

**Proof of Delivery**

Verify who signed for your item by email, fax, or mail    Go »

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

To HuBei 罗情泉
From UC

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do    11/9/2010

Exhibit C - Page 278



Exhibit C - Page 279

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 88 of 195    Page ID
#:291
Case 2:10-cv-04174-JAK -E    Document 6-2    Filed 12/08/10    Page 49 of 49    Page ID #:100

USPS - Track & Confirm                                                    Page 1 of 1



Home | Help |
Sign In

Track & Confirm          FAQs

## Track & Confirm

### Search Results

Label/Receipt Number: EG47 6331 153U S
Guaranteed Delivery Date: October 11, 2010
Class: Express Mail International®
Status: Delivered Abroad

Your item was delivered in CHINA PEOPLES REP at 11:00 am on
October 11, 2010.

Detailed Results:

• Delivered Abroad, October 11, 2010, 11:00 am, CHINA PEOPLES REP
• Arrived Abroad, October 09, 2010, 8:14 am, CHINA PEOPLES REP
• International Dispatch, October 05, 2010, 4:50 pm, ISC MIAMI FL (USPS)
• Arrival
• Processed through Sort Facility, October 04, 2010, 7:04 pm, JACKSONVILLE, FL 32203
• Acceptance, October 04, 2010, 11:59 am, PALM COAST, FL 32137

Notification Options

Track & Confirm by email

Get current event information or updates for your item sent to you or others by email    Go >

Proof of Delivery

Verify who signed for your item by email, fax, or mail    Go >

Track & Confirm

Enter Label/Receipt Number

Go >

---

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

To 劳请峰
by HC

Exhibit C - Page 280

Exhibit C - Page 281

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 90 of 195    Page ID
#:293
Case 2:10-cv-04174-JAK -E   Document 7   Filed 12/10/10   Page 1 of 2   Page ID #:101

1  Bin Li, Esq.  SBN 223126
   LAW OFFICES OF BIN LI
2  17800 Castleton Street, Suite 605
   City of Industry, CA 91748
3  626-839-0277
   626-839-0322
4
   attorneys for Plaintiff
5  Intercontinental Industries Corporation

6

7              UNITED STATE DISTRICT COURT

8      CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

9

10

11  INTERCONTINENTAL INDUSTRIES      )  Case No: CV-10-4174 JST
    CORPORATION, a California        )  (Ex)
12  corporation;                     )
                                     )  **PLAINTIFF'S AMENDED NOTICE**
13                                   )  **OF MOTION AND MOTION TO**
                                     )  **AUTHORIZE ALTERNATE**
14             Plaintiffs,           )  **SERVICE OF PROCESS LOCATED**
    v.                               )  **ABROAD PURSUANT TO**
15                                   )  **FED.RULE CIV.PRO. 4(f)(3)**
    QINGQUAN LUO, an individual; and )
16  DOES 1 through 20, inclusive,    )  DATE: January 10, 2011
                                     )  TIME: 10.00am
17             Defendants.           )  COURTROOM: 10A
    _____)

18
                                        The Hon. Josephine Staton
19                                      Tucker

20       On January 10, 2011, at 10.00am, in Courtroom 10A of the

21  United States District Court, Central District of California,

22  Southern Division, 411 West Fourth Street, Room 1053, Courtroom

23  10A, Santa Ana, California, Plaintiff will move this Court for an

24  order authorizing alternate service of process on a person

25  located abroad pursuant to *Fed.Rule Civ.Proc.* 4(f)(3).

26       This Motion will be based on this Notice, upon the

27

28  _____
                                  1
    AMENDED NOTICE OF MOTION TO AUTHORIZE SERVICE ON DEFENDANT ABROAD

**Exhibit C - Page 282**

1  Memorandum of Points, upon all the papers of record, upon such

2  matters as the Court is requested to take judicial notice of, and

3  upon such oral argument as the Court may entertain at the hearing

4  on this motion.

5      A conference of counsel pursuant to L.R. 7-3 was not

6  possible as defendant is unserved and not known to be represented

7  by counsel.

8

9  Dated: December 10, 2010,  2010

10

11                    LAW OFFICES OF BIN LI

12

13

14            /Bin Li/____
          by Bin Li, Esq., attorney
15        for Plaintiff Intercontinental
          Industries Corporation

16

17

18

19

20

21

22

23

24

25

26

27

28  _____
                              2
    AMENDED NOTICE OF MOTION TO AUTHORIZE SERVICE ON DEFENDANT ABROAD

Exhibit C - Page 283

Exhibit C - Page 284

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-10-4174-JST (Ex)                    Date:  January 6, 2011
Title:  Intercontinental Industries Corporation v. Qingouan Luo et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TAKING MATTER (Doc. 6)
                 UNDER SUBMISSION**

Before the Court is the following motion: Plaintiff's Motion to Authorize
Alternative Methods of Service on Defendant (Doc. 6).

The Court finds this matter appropriate for decision without oral argument.  Fed.
R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearing set for January 10, 2011, at
10:00 a.m. is removed from the calendar.

Initials of Preparer:  enm

Exhibit C - Page 285

Exhibit C - Page 286

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-4174-JST (Ex)                    Date:  January 20, 2011
Title:  Intercontinental Industries Corporation v. Qingquan Luo et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

|  Ellen Matheson  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                         Not Present

PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING PLAINTIFF'S
              MOTION TO AUTHORIZE ALTERNATIVE METHODS OF
              SERVICE OF PROCESS ON DEFENDANT (Doc. 6)
              WITHOUT PREJUDICE

## I.   INTRODUCTION AND BACKGROUND

On June 4, 2010, Plaintiff Intercontinental Industries Corporation
("Intercontinental") filed suit against Defendant Qingquan Luo, an individual who resides
in the city of Wuhan in the Hubei Province, China, alleging claims for fraud and
violations of Civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18
U.S.C. § 1964.  (*See generally* Compl., Doc. 1).

As alleged, Intercontinental is a California corporation involved in the business of
manufacturing and distributing machinery; Luo is an individual who, at all relevant times,
was the Chinese Communist Party Secretary of the Hubei Province and an entrepreneur
doing business under a company known as Wuhan State Owned Industrial Holding Co.,
Ltd. ("WSOIH").  (Compl., ¶¶ 1-2.)  Intercontinental alleges that Luo, along with other
Doe defendants, fraudulently induced Intercontinental to invest substantial sums of
money with WSOIH.  (*Id.* ¶¶ 12-17.)

Intercontinental has attempted to provide service to Luo through the Central
Authority in China pursuant to the Hague Convention on the Service Abroad of Judicial
and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"),
which the Central Authority rejected.  (Li Decl., Doc. 6-1, Exh. B.)  To date,
Intercontinental has been unable to effectuate service upon Luo, and Luo has not made an

**Exhibit C - Page 287**

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 96 of 195   Page ID
#:299
Case 2:10-cv-04174-JAK -E   Document 9   Filed 01/20/11   Page 2 of 6   Page ID #:105

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV 10-4174-JST (Ex)                              Date:  January 20, 2011

Title:  Intercontinental Industries Corporation v. Qingquan Luo et al.

appearance in this matter.  Intercontinental now moves for alternative service of process on Luo pursuant to Federal Rule of Civil Procedure 4(f)(3).  (Pl.'s Mot., Doc. 6, at 1.)

The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearing set for January 10, 2011, at 10:00 a.m., is removed from the calendar.  For the reasons stated below, the Court DENIES Intercontinental's Motion to Authorize Alternative Methods of Service of Process on Luo without prejudice.

## II. LEGAL STANDARD

Rule 4(f)(3) provides that "an individual . . . may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'"  *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)).  "[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)" and "is merely one means among several which enables service of process on an international defendant."  *Rio Props.*, 284 F.3d at 1015.  "Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process."  *Id.* at 1016.  "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

## III.   DISCUSSION

Intercontinental requests alternative service on Luo through commercial courier and/or publication.[1]  (Pl.'s Mot. at 6-10.)  Intercontinental has a known address for Luo

---

[1] In the Conclusion of its Motion, Intercontinental references service by "email."  (Pl.'s Mot. at 11.)  This is the first and only time Intercontinental references such means of service, failing to provide any accompanying authority or argument as to why service by email would be appropriate in this case.  Further, Intercontinental does not provide an email address for Luo, so

---

CIVIL MINUTES – GENERAL                                                                          2

Exhibit C - Page 288

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 97 of 195   Page ID
#:300
Case 2:10-cv-04174-JAK -E   Document 9   Filed 01/20/11   Page 3 of 6   Page ID #:106

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-4174-JST (Ex)                              Date:  January 20, 2011
Title:  Intercontinental Industries Corporation v. Qingquan Luo et al.

and has allegedly delivered actual notice of this suit to Luo via FedEx.  (Pl.'s Mot. 7-8; Li
Decl., Exh. C.)  For the Court to direct any of these methods of alternative service, they
must satisfy Rule 4(f)(3) and constitutional notions of due process.  The Court reviews
Rule 4(f)(3) and due process in turn.

### A. Rule 4(f)(3)

To satisfy Rule 4(f)(3), the service "must be (1) directed by the court; and (2) not
prohibited by international agreement." *Rio Props.*, 284 F.3d at 1014.  China and the
United States are both signatories to the Hague Convention.  Article 10(a) of the Hague
Convention states that: "Provided the State of destination does not object, the present
Convention shall not interfere with the freedom to send judicial documents, *by postal
channels*, directly to persons abroad."  Convention on Service Abroad of Judicial and
Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361,
art. 10(a) (emphasis added).  China has objected to service by postal channels under
Article 10(a).  Hague Convention, China Declaration Notification, ¶ 3, *available at*
http://www.hcch.net/index_en.php?act=status.comment&csid=393&disp=resdn
(declaring "to oppose the service of documents in the territory of the People's Republic
of China by the methods provided by Article 10 of the Convention").  Courts have
interpreted this to mean that "[s]ervice therefore cannot be effected by postal channels" in
China.  *In re LDK Solar Secs. Litig.*, No. C07-05182, 2008 WL 2415186, at *1 (N.D. Cal.
June 12, 2008).

As to service by publication, publishing notice in the press is certainly not service
by "postal channel[], directly to persons abroad."  Thus, the Hague Convention does not
prohibit service by publication in China.  The Court is also not aware of any other
international agreement that does so.

Whether a commercial courier constitutes a postal channel under the Hague
Convention poses a wholly different question and a matter of first impression in the Ninth
Circuit.  The Hague Convention does not define "postal channel."  *Practical Handbook
on the Operation of the Hague Convention of 15 November 1965 On the Service Abroad
of Judicial and Extrajudicial Documents in Civil or Commercial Matters* 69 (3d ed.

the Court is not convinced that service by email would be reasonably calculated to apprise Luo
of this action.  *Rio Props.*, 284 F.3d at 1016.

Exhibit C - Page 289

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 98 of 195    Page ID
#:391
Case 2:10-cv-04174-JAK -E   Document 9    Filed 01/20/11   Page 4 of 6   Page ID #:107

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-4174-JST (Ex)                    Date:  January 20, 2011

Title:  Intercontinental Industries Corporation v. Qingquan Luo et al.

2006).  The Permanent Bureau of the Hague Conference on Private International Law has
held, however, that postal channel "certainly covers sending by letter post, certified mail
and registered deliveries . . . [and] telegrams and telex."  *Id.*  The Permanent Bureau has
also noted that:

> private courier services offer the same security as domestic postal services, while
> usually being faster.  In addition, pursuant to the wave of privatization in the
> postal sector, the distinction between public and private services has tended to
> blur.  It is difficult to see, therefore, what would prevent a private courier service
> from being treated as a postal channel within the meaning of the Convention.

*Id.* at 70.  The 2003 Special Commission on the Practical Operation of the Hague
Apostille, Evidence and Service Conventions "concluded that for the purposes of Article
10(a) the use of a private courier was the equivalent of the postal channel."  *Id.*

Although the Permanent Bureau has provided this guidance, the Ninth Circuit has
yet to decide whether a private courier is a postal channel under the Hague Convention.
*Cf. Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1430-31 (9th Cir. 1996) (holding that
service by a private courier does not qualify as service by "mail" under Rule 4).  Other
district courts, however, have treated private couriers as such.  *Casio Computer Co., Ltd.
v. Sayo*, No. 98CV3772, 2000 WL 1877516, at *28 (S.D.N.Y. Oct. 13, 2000)
(recognizing service by "overnight courier" as process made by "postal channels" under
the Hague Convention); *see generally R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp.
1100 (D. Nev. 1996) (recognizing service by private courier as service through "postal
channels" under the Hague Convention).  In light of China's objection to service by
postal channels, the Permanent Bureau's position that private couriers should be treated
as postal channels under the Hague Convention, and other courts' treatment of private
couriers as postal channels, the Court cannot authorize service to Luo through a
commercial carrier pursuant to 4(f)(3) as it is prohibited by an international agreement.

**B.  Constitutional Notions of Due Process**

Because service by publication in China is not prohibited by an international
agreement, the Court must determine whether service by publication would be
'reasonably calculated, under all the circumstances, to apprise [Luo] of the pendency of

---

**CIVIL MINUTES – GENERAL**                                    **4**

Exhibit C - Page 290

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 99 of 195   Page ID
#:302
Case 2:10-cv-04174-JAK -E   Document 9   Filed 01/20/11   Page 5 of 6   Page ID #:108

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-4174-JST (Ex)                          Date:  January 20, 2011
Title:  Intercontinental Industries Corporation v. Qingquan Luo et al.

the action and afford [him] an opportunity to present [his] objections.'" *Rio Props.*, 284
F.3d at 1016.  The Court finds that it would not.

As a general matter, notice by publication is usually reserved for unknown
interested parties.  *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317-
18 (1950).  As to known interested parties, notice by publication is usually inadequate
because "it is not reasonably calculated to reach those who could easily be informed by
other means at hand." *Id.* at 319; *see Dusenbery v. United States*, 534 U.S. 161, 177
(2002) (recognizing that "[i]n a series of cases following *Mullane*, the [Supreme] Court
similarly condemned notice by publication or posting as not reasonably calculated to
inform persons with known interests in a proceeding.").

Noting this, Intercontinental fails to convince the Court that Luo, a known
interested party with a known mailing address, would be apprised of this case through
publication.  Intercontinental merely states that it is "likely to give notice by publication
in the legal notices section of international publications of general circulation that are in
fact distributed in China." (Pl.'s Mot. at 9-10.)  Intercontinental then lists examples of
potential publications to be utilized, such as *The Hong Kong Standard*, *Financial Times*,
or *International Herald Tribune*. *Id.* at 10.  Nowhere in its Motion, however, does
Intercontinental explain why such publication is reasonably calculated to inform Luo of
this action.  For example, Intercontinental does not provide evidence concerning what
specific publications are prevalent in the city of Wuhan in the Hubei Province and
therefore why such publication would reach Luo.

The Court recognizes that, in light of China's Central Authority's refusal to serve
Luo in this action (Pl.'s Mot. at 2) and China's general objection to service through postal
channels, Intercontinental seems to lack another means to serve Luo, leaving publication
as seemingly the last resort.  The Court notes, however, that other courts in similar
situations have fashioned other means of service beyond publication.  *See, e.g., In re
LDK*, 2008 WL 2415186 at *1-4 (authorizing service on individual officers of a Chinese
corporation through service to the corporation's California office).  Furthermore, in order
to approve service through alternative means, the Court must be confident that the
alternative method is reasonably calculated to reach the unserved party as to satisfy
constitutional notions of due process. *Rio Props.*, 284 F.3d at 1016.  Based on
Intercontinental's Motion, the Court lacks such confidence.

**Exhibit C - Page 291**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-4174-JST (Ex)                                    Date:  January 20, 2011

Title:  Intercontinental Industries Corporation v. Qingquan Luo et al.

## IV.  CONCLUSION

For the reasons stated above, the Court DENIES Intercontinental's Motion to Authorize Alternative Methods of Service of Process on Luo without prejudice.  Any future motion seeking an alternative method of service upon Luo shall address why the proposed alternative methods of service are not "postal channels" barred by China's objection to Article 10 of the Hague Convention and, likewise, why such methods sufficiently satisfy constitutional notions of due process.

Initials of Preparer:  <u>enm</u>

Exhibit C - Page 292

**Exhibit C - Page 293**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-4174-JST(Ex) | | Date | March 15, 2011 |
|---|---|---|---|---|
| Title | INTERCONTINENTAL INDUSTRIES CORPORATION v QINGOUAN LUO, etc. | | | |

| Present: The Honorable | JOSEPHINE STATON TUCKER, U.S. DISTRICT JUDGE |
|---|---|

| Ellen Matheson | Not Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS)**
ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION
RETURNABLE: APRIL 11, 2011

The Court, on its own motion, hereby orders plaintiff to show cause in writing no later than **April 11, 2011,** why this action should not be dismissed for lack of prosecution. The Court notes in this regard, that absent a showing of good cause, an action <u>shall</u> be dismissed if the summons and complaint have not been served within 120 days after the filing of the complaint. <u>Fed. R. Civ. P.</u> 4(m). An action may be dismissed prior to such time if plaintiff has not diligently prosecuted the action. No oral argument will be heard unless otherwise ordered by the Court.

The Order to Show Cause will stand submitted upon the filing of plaintiff's response. No response is required if responsive pleading(s) and/or proof(s) of service (indicating proper service in full compliance with the federal rules) as to defendant has been filed on or before the date upon which the response is due.

|  | : |  |
|---|---|---|
| Initials of Preparer | enm | |

Exhibit C - Page 294

**Exhibit C - Page 295**

1  Bin Li, Esq.  SBN 223126
   LAW OFFICES OF BIN LI
2  17800 Castleton Street, Suite 605
   City of Industry, CA 91748
3  626-839-0277
   626-839-0322
4
   attorneys for Plaintiff
5  Intercontinental Industries Corporation

6

7                    UNITED STATE DISTRICT COURT

8          CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

9

10

11  INTERCONTINENTAL INDUSTRIES        )  Case No.  CV-10-4174 PA
    CORPORATION, a California          )  (Ex)
12  corporation;                       )
                                       )
13                                     )  **DECLARATION OF BIN LI,**
                        Plaintiffs,    )  **ESQ., RE PLAINTIFF'S**
14  v.                                 )  **RESPONSE TO ORDER TO SHOW**
                                       )  **CAUSE RE DISMISSAL FOR**
15  QINGQUAN LUO, an individual; and   )  **LACK OF PROSECUTION**
    DOES 1 through 20, inclusive,      )
16                                     )
                        Defendants.    )  COURTROOM: 15
17  _____    )  The Hon. Percy Anderson

18

19

20              **DECLARATION OF BIN LI, ESQ.**

21  I, Bin Li, Esq., declare as follows:

22      (1) I am an attorney at law, duly licensed to practice

23  before this Court and am the attorney of record for Plaintiff

24  herein.  The following statements are made of my own personal

25  knowledge, and if called upon, I could, and would, testify

26  competently thereto.

27
                                     1
28  _____
          DECLARATION OF BIN LI, ESQ., RE ORDER TO SHOW CAUSE
             FOR DISMISSAL FOR LACK OF PROSECUTION

**Exhibit C - Page 296**

1      (2) I am making this Declaration in response to the Court's

2 order to show cause re dismissal for lack of prosecution (failure

3 to serve complaint), dated March 15, 2011.

4      (3)  Defendant Luo Qingquan now holds leadership positions

5 in both the Chines government and the Communist Party.  He is a

6 Member of the 17th Central Committee of the Communist Party of

7 China, he is also Deputy Director of 11th National Peoples

8 Congress Environmental & Resources Protection Committee.

9      (4)  Plaintiff has unsuccessfully attempted to serve

10 defendant, a Chinese national, through provisions of the *Hague*

11 *Convention on the Service Abroad of Judicial and Extra-Judicial*

12 *documents in Civil and Commercial Matters*, 20 U.S.T. 361-367

13 (1969) ("*Convention*").  The Chinese Central Authority for service

14 has indicated, in rejecting the application for service under the

15 terms of the *Convention,* that, although the request complies with

16 the *Convention*, service was rejected because it would interfere

17 with security or sovereignty.

18      (5) On January 20, 2011, this Court denied Plaintiff's

19 motion to allow service by commercial carrier (which had

20 previously successfully delivered the papers to defendant),

21 ruling that commercial carrier fell within the "mail channels"

22 procedures disallowed by the Chinese government when it became a

23 party to the *Convention*.  The Court left open the possibility of

24 service by email and by publication by the international press,

25 upon a suitable showing.

26

27

28

2

DECLARATION OF BIN LI, ESQ., RE ORDER TO SHOW CAUSE
FOR DISMISSAL FOR LACK OF PROSECUTION

**Exhibit C - Page 297**

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 106 of 195   Page
ID #:309
Case 2:10-cv-04174-JAK -E   Document 11   Filed 04/11/11   Page 3 of 4   Page ID #:113

1    (6) Since then, Plaintiff has been exploring these two

2    additional methods of service.

3    (7) **Service by publication.** Plaintiff has determined that

4    the *South China Morning Post*, a Hong Kong news paper circulated

5    throughout China, provides a likely service method.

6    Correspondence with that publication has established that it does

7    circulate in Wuhan City, where defendant is known to reside.

8    (8)  **Service by email.** Alternatively, Plaintiff is still

9    investigating service of defendant by email. Unfortunately,

10   neither the Chinese government nor the Chinese Communist Party

11   openly publish the individual email addresses of officials. This

12   does not mean that the email addresses are not available, only

13   that they are not readily available to outsiders. Plaintiff's

14   counsel is making use of informal and/or commercial contacts in

15   China to ascertain one or more email addresses and confirm them

16   through replies that the address(es) are valid. This is still in

17   process. The inquiries are confidential – for the safety of

18   those inquiring. If necessary, Plaintiff will file further

19   papers under seal if the Court wishes.

20   (9)  Plaintiff asks for another 90 days to complete the task

21   of determining and verifying a valid email address.

24   //

---

3

DECLARATION OF BIN LI, ESQ., RE ORDER TO SHOW CAUSE
FOR DISMISSAL FOR LACK OF PROSECUTION

Exhibit C - Page 298

1    I declare and certify under the laws of the United States

2    and the State of California that the foregoing is true and

3    correct, dated this 8th day of April, 2011, at City of Industry,

4    California.

5

6

7                    /Bin Li/
                     Bin Li, Esq.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    4
         DECLARATION OF BIN LI, ESQ., RE ORDER TO SHOW CAUSE
              FOR DISMISSAL FOR LACK OF PROSECUTION

Exhibit C - Page 299

**Exhibit C - Page 300**

Case 2:10-cv-04174-JAK -E   Document 12    Filed 04/12/11   Page 1 of 1   Page ID #:115

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-4174-JST(Ex) | Date | April 12, 2011 |
|---|---|---|---|
| Title | INTERCONTINENTAL INDUSTRIES CORPORATION v. QINGOUAN LUO, etc. | | |

| Present: The Honorable | JOSEPHINE STATON TUCKER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Ellen Matheson | | Not Present |
| Deputy Clerk | | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS)  EXTENSION OF TIME TO RESPOND TO ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION RETURNABLE: JULY 12, 2011**

On March 15, 2011, the Court issued an Order to Show Cause why this case should not be dismissed for lack of prosecution.  On April 11, 2011, plaintiff's counsel filed a Declaration in response to the Court's order to show cause.  Based thereon, the Court hereby extends the Order to Show Cause Re Dismissal to **July 12, 2011**, as to why this case should not be dismissed pursuant to F.R.Civ.P. Rule 41, for lack of prosecution.

No later than July 12, 2011, the Court will consider the filing of a proof of service (indicating proper service in full compliance with the federal rules) and/or defendant's responsive pleading to the complaint, as a satisfactory response to the Order to Show Cause.  In the absence thereof, a further response to the Court as to the status of this matter is required by the same deadline.

|  | : |
|---|---|
| Initials of Preparer | enm |

Exhibit C - Page 301

Exhibit C - Page 302

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 111 of 195    Page
ID #:314
Case 2:10-cv-04174-JAK -E    Document 13    Filed 05/02/11    Page 1 of 1    Page ID #:116

```
                                              FILED
                                    CLERK, U.S. DISTRICT COURT

                                         MAY   2 2011

                                    CENTRAL DISTRICT OF CALIFORNIA
                                    BY  L. Blackwell       DEPUTY
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

In the Matter of the Creation of the          )
Calendar                                       )       ORDER OF THE CHIEF JUDGE
                                               )
of                                             )
                                               )       11-022
Judge JOHN A. KRONSTADT                         )
_____)

IT IS ORDERED, with the concurrence of the Case Management and Assignment

Committee, that the following cases be reassigned from the calendar of Judge Josephine

Staton Tucker to the calendar of Judge John A. Kronstadt for all further proceedings:

CV  09 08333  JST(JEMx)   Runway Beauty, Inc. v. Runway Magazine, Inc. et al
CV  10 03168  JST(FMOx)   Brianne S. Natividad et al v. Castec, Inc. et al
CV  10 03698  JST(PLAx)   Michael Tulin v. United States of America
CV  10 04174  JST(Ex)     Intercontinental Industries Corporation v. Qingouan Luo et
                          al
CV  10 08842  JST(PLA)    Jessie Rodriguez v. Dwight Neven
CV  11 00827  JST(JCG)    Guadalupe Ramon Rivera v. Kelly Harrington et al
ED  10 00945  JST(MAN)    David Lashay Brown v. J. Tim Ochoa et al
SA  09 00561  JST(RNBx)   Seismic Reservoir 2020 Inc v. BJorn Paulsson et al
SA  10 01419  JST(RNBx)   US Equal Employment Opportunity Commission v.
                          Chapman University et al
SA  10 01492  JST(RNBx)   Waterfront Newport Beach LLC v. P/V Endeavor U S C G
                          et al
SA  10 01799  JST(CWx)    Kelly McGuire v. The Department of Health and Human
                          Services et al
SA  10 01805  JST(VBKx)   Jerry Ruenger v. Bankers Life and Casualty Company et al
SA  11 00337  JST(MLGx)   SEALED v. SEALED
SA  11 00424  JST(RNBx)   Business Capital Group Inc v. Thai Airways International
                          Public Company Limited et al

DATED:  May  2, 2011              _____
                                        Audrey B. Collins
                                 Chief Judge Audrey B. Collins

Exhibit C - Page 303

Exhibit C - Page 304

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 113 of 195   Page
Case 2:10-cv-04174-JAK -E   Document 14   Filed 05/25/11   Page 1 of 10   Page ID #:117
ID #:316

1

2

3

4

5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11   INTERCONTINENTAL                    )   Case No. LA CV10-04174 JAK (Ex)
     INDUSTRIES CORPORATION,             )
12                                        )
                                          )
13                    Plaintiff/s,        )   **INITIAL STANDING ORDER**
                                          )   **FOR CASES ASSIGNED TO**
14        v.                              )   **JUDGE JOHN A. KRONSTADT**
                                          )
15                                        )
     QINGOUAN LUO, et al.,                )
16                                        )
                                          )
17                    Defendant/s.        )
                                          )
18                                        )
                                          )
19   _____     )

20

21   **PLEASE READ THIS ORDER CAREFULLY.  IT GOVERNS THIS CASE AND**

22   **DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

23          This case has been assigned to the calendar of Judge John A. Kronstadt.  Both

24   the Court and counsel bear responsibility for the progress of this litigation in federal

25   court.  To "secure the just, speedy, and inexpensive determination" of this case, as

26   called for in Fed. R. Civ. P. 1, all parties or their counsel are ordered to become familiar

27   with the Federal Rules of Civil Procedure, the Local Rules of the Central District of

28   California, and this Court's standing orders.

**Exhibit C - Page 305**

THE COURT ORDERS AS FOLLOWS:

**1.      Service of the Complaint**

The plaintiff shall promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.1.  Although Fed. R. Civ. P. 4(m) does not require the summons and complaint to be served for 120 days, the Court expects service as soon as service can reasonably be accomplished.  The Court will require plaintiffs to show good cause to extend the service deadline beyond 120 days.

**2.      Presence of Lead Counsel**

Lead trial counsel shall attend any scheduling, pretrial, or settlement conference set by the Court unless engaged in trial. Should that occur, counsel are to contact the Courtroom Deputy Clerk in advance of the conference to determine whether the Court will proceed with alternate counsel.  The Court does not permit special appearances; only counsel of record may appear at any proceeding.

**3.      Ex Parte Applications**

Ex parte applications are solely for extraordinary relief and should be used with discretion. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).  Ex parte applications that fail to conform to Local Rule 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered, except on a specific showing of good cause.  Concurrently with service of the ex parte papers by electronic service, facsimile, or personal service, the moving party shall notify the opposition that opposing papers must be filed no later than twenty-four (24) hours (or one court day) following service.  On the day the documents are e-filed, a conformed courtesy copy of moving, opposition, or notice of non-opposition papers are to be hand-delivered to the Courtroom Deputy Clerk in Room 181-L of the Clerk's Office.  If counsel do not intend to oppose the ex parte application, counsel must inform the Courtroom Deputy Clerk by telephone as soon as possible.

2

Exhibit C - Page 306

**4.      Continuances or Extensions of Time**

This Court is very committed to adhering to all scheduled dates. In general, this makes the judicial process more efficient and less costly. Changes in dates are disfavored. Trial dates set by the Court are firm and will rarely be changed. Therefore, any request, whether by application or stipulation, to continue the date of any matter before this Court must be supported by a sufficient basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support, requests to continue dates set by this Court will not be approved. Counsel requesting a continuance must electronically file any application or stipulation and lodge a proposed order including a detailed declaration of the grounds for the requested continuance or extension of time. The Court will not consider any request that does not comply with the Local Rules and this Order. Proposed stipulations extending scheduling dates become effective only if, and when, this Court approves the stipulation as presented to, or modified by, the Court, and an associated order is entered. Counsel should avoid submitting requests for a continuance less than at least five (5) court days prior to the scheduled date that is the subject of the request.

**5.      TROs and Injunctions**

Parties seeking emergency or provisional relief shall comply with Fed. R. Civ. P. 65 and Local Rule 65. The Court will not rule on any application for such relief for at least 24 hours after the party subject to the requested order has been served, unless service is excused. Such party may file opposing or responding papers in the interim.

**6.      Cases Removed from State Court**

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be re-filed in this Court as a supplement to the notice of removal. *See* 28 U.S.C. § 1447(a) and (b). If the defendant has not yet answered or filed a motion in response to the complaint, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules. If, before the case was removed, a motion or demurrer in response to the complaint was pending in state court, it must

3

Exhibit C - Page 307

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 116 of 195   Page
ID #:319
Case 2:10-cv-04174-JAK -E   Document 14   Filed 05/25/11   Page 4 of 10   Page ID #:120

1    be re-noticed in this Court in accordance with <u>Local Rule 7</u>.  Counsel shall file with their first

2    appearance an original and two copies of a Notice of Interested Parties in accordance with

3    <u>Local Rule 7.1</u>.

4         If an action is removed to this Court that contains a form pleading, i.e., a pleading in

5    which boxes are checked, the party or parties utilizing the form pleading must file an

6    appropriate pleading with this Court within thirty (30) days of receipt of the Notice of

7    Removal.  The appropriate pleading referred to must comply with the requirements of Fed. R.

8    Civ. P. 7, 7.1, 8, 9, 10 and 11.

9    **7.    Status of Fictitiously Named Defendants**

10        This Court intends to adhere to the following procedures where a matter is removed to

11   this Court on diversity grounds with fictitiously named defendants.  *See* 28 U.S.C. §§ 1441(a)

12   and 1447.

13        **a.**    Plaintiff is expected to ascertain the identity of, and serve, any fictitiously

14   named defendant, within 120 days of the removal of the action to this Court.

15        **b.**    If plaintiff believes (by reason of the necessity for discovery or otherwise) that

16   fictitiously named defendants cannot be fully identified within the 120-day period, an ex parte

17   application requesting permission to extend that period to effectuate service may be filed with

18   this Court.  Such application shall state the specific reasons for the requested extension of time,

19   including a description of all efforts made up to that time to identify and serve such person(s).

20   The ex parte application shall be served upon all appearing parties, and shall state that

21   appearing parties may file written comments within seven (7) days of the filing of the ex parte

22   application.

23        **c.**    If plaintiff wants to substitute a defendant for one of the fictitiously named

24   defendants, plaintiff shall first seek the consent of counsel for all defendants (and counsel for

25   the fictitiously named party, if that party has separate counsel).  If consent is withheld or

26   denied, plaintiff should file a motion on regular notice.  The motion and opposition should

27   address whether the matter should thereafter be remanded to the Superior Court if complete

28

4

Exhibit C - Page 308

1   diversity of citizenship would no longer be present as a result of the addition of the new party.

2   *See* U.S.C. § 1447(c), (d).

3   **8.      Discovery**

4            **a.      Discovery Matters Referred to Magistrate Judge**

5            All discovery matters, including all discovery motions, are referred to the assigned

6   United States Magistrate Judge.  The Magistrate Judge's initials follow the District Judge's

7   initials next to the case number on this Order.  All discovery-related documents must include

8   the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are

9   directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for

10  hearing.  Please deliver mandatory chambers copies of discovery-related papers to the

11  Magistrate Judge assigned to this case rather than to this Court.

12           In accordance with 28 U.S.C. § 636(b)(1)(A), the Court will not reverse any order of

13  the Magistrate Judge unless it has been shown that the Magistrate Judge's order is clearly

14  erroneous or contrary to law.

15           Any party may file and serve a motion for review and reconsideration before this Court.

16  *See* Local Rule 72-2.  The moving party must file and serve the motion within 14 days of

17  service of a written ruling or within 14 days of an oral ruling that the Magistrate Judge states

18  will not be followed by a written ruling.  The motion must specify which portions of the ruling

19  are clearly erroneous or contrary to law and support the contention with points and authorities.

20  Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate

21  Judge's Courtroom Deputy Clerk at the time of filing.

22           **b.      Compliance with Fed. R. Civ. P. 26(a)**

23           Unless there is a likelihood that, upon motion by a party, the Court would order that

24  any or all discovery is premature, counsel should begin to conduct discovery actively before

25  the Scheduling Conference.  At the very least, the parties shall comply fully with the letter and

26  spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced

27

28

5

Exhibit C - Page 309

1   in the early stage of discovery, because at the Scheduling Conference the Court will impose

2   firm deadlines to complete discovery.

3   **9.      Motions**

4        **a.      Time for Filing and Hearing Motions**

5        Motions shall be filed in accordance with <u>Local Rule 7</u>.  In general, this Court hears

6   motions on Mondays, beginning at 1:30 p.m.  If Monday is a national holiday, motions will be

7   heard on the next Monday.  It is not necessary to clear a hearing date with the Court Clerk

8   before filing a motion.  If the motion date selected is not available, the Court will issue a

9   minute order continuing the date.  Counsel should check the Court's website for Closed

10  Motion Dates.

11       **b.      Pre-Filing Requirement To Meet and Confer**

12       Counsel must comply with <u>Local Rule 7-3</u>, which requires counsel to engage in a

13  pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and

14  any potential resolution."  Counsel should discuss the issues to a sufficient degree that if a

15  motion is still necessary, the briefing may be directed to those substantive issues requiring

16  resolution by the Court.  Counsel should resolve minor procedural or other non-substantive

17  matters during the conference.  The *in propria persona* status of one or more parties does not

18  alter this requirement.

19       **c.      Length and Format of Motion Papers**

20       Memoranda of points and authorities shall not exceed 25 pages and all footnotes shall

21  be in the same type size as text.  *See* <u>Local Rules 11-6 and 11-3.1.1</u>.  Only in rare instances and

22  for good cause shown will the Court grant an application to extend these page limitations.  No

23  supplemental brief shall be filed without prior leave of Court.

24  If documentary evidence in support of or in opposition to a motion exceeds 50 pages, the

25  evidence must be separately bound and tabbed and include an index.  If such evidence exceeds

26  200 pages, the documents shall be placed in a Slant D-Ring binder, with an index and with

27  each item of evidence separated by a tab divider on the right side.

28

Exhibit C - Page 310

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 119 of 195   Page
ID #:322
Case 2:10-cv-04174-JAK -E   Document 14   Filed 05/25/11   Page 7 of 10   Page ID #:123

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

     **d.**      **Citations to Case Law**

     Citations to case law must identify not only the case cited, but the specific page referenced. For example, if a quotation is presented, the associated page citation shall be provided. Similarly, if a case is cited in support of a proposition based on language in the opinion, the page(s) on which such language appears shall be provided.

     **e.**      **Citations to Other Sources**

     Statutory references should identify with specificity the sections and subsections referenced. Citations to treatises, manuals, and other materials should include the volume, section, and pages that are referenced.

     **f.**      **Oral Argument**

     If the Court deems a matter appropriate for decision without oral argument, the Court will notify the parties in advance. Local Rule 7-15.

**10.**    **Specific Motions**

     **a.**      **Motions Pursuant to Rule 12**

     Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially where perceived defects in a complaint, answer, or counterclaim that could be corrected by amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). A Rule 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to amend. *See, e.g., St. Michael's Convalescent Hospital v. California*, 643 F.2d 1369, 1374 (9th Cir. 1981). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with

<div align="center">7</div>

Exhibit C - Page 311

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 120 of 195    Page
ID #:323
Case 2:10-cv-04174-JAK -E   Document 14   Filed 05/25/11   Page 8 of 10   Page ID #:124

1    "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.

2    1990).

3        These principles require that plaintiff's counsel carefully evaluate defendant's

4    contentions as to the deficiencies in the complaint. In most instances, the moving party should

5    agree to any amendment that would cure the defect.

6        **b.    Motions to Amend**

7        All motions to amend pleadings shall: (1) state the effect of the amendment and (2)

8    identify the page and line number(s) and wording of any proposed change or addition of

9    material. The proposed amended pleading shall be serially numbered to differentiate it from

10   previously amended pleadings.

11       In addition to the requirements of Local Rule 15-1, counsel shall attach as an appendix

12   to the moving papers a "redlined" version of the proposed amended pleading showing all

13   additions and deletions of material.

14       **c.    Summary Judgment Motions**

15       Parties need not wait until the motion cutoff date to bring motions for summary

16   judgment or partial summary judgment. Whenever possible, the party moving for summary

17   judgment should provide more than the minimum twenty-eight (28) day notice for motions.

18   *See* Local Rule 6-1. The parties should prepare papers in a fashion that will assist the Court in

19   locating the evidence with respect to the facts (e.g., generous use of tabs, tables of contents,

20   headings, indices, etc.). The parties are to comply precisely with Local Rules 56-1 through

21   56-4.

22       **I.    Statements of Uncontroverted Facts and Genuine Issues**

23       The Statement of Uncontroverted Facts and Conclusions of Law ("Statement of

24   Uncontroverted Facts"), as required by Local Rule 56-1 shall separately identify each claim for

25   relief on which the moving party seeks summary judgment and the legal grounds for summary

26   judgment. In a two-column format beneath the identified claim for relief, the left-hand column

27   shall set forth, sequentially numbered, each allegedly uncontroverted material fact as to that

28

8

Exhibit C - Page 312

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 121 of 195   Page
ID #:324
Case 2:10-cv-04174-JAK -E   Document 14   Filed 05/25/11   Page 9 of 10   Page ID #:125

claim for relief, and the right-hand column shall set forth the evidence that supports the factual statement. Citation to the supporting evidence shall be specific, including reference to the exhibit, page, and line number. The Statement of Uncontroverted Facts shall be formatted based on the following examples:

**Plaintiff's Claim for Relief for _____ is Barred by the Applicable Statute of Limitations. (Cite)**

| 1. (Moving party's first undisputed fact) | (Supporting evidence citation) |
| 2. (Moving party's second undisputed fact) | (Supporting evidence citation) |

The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared. The left-hand column must restate the allegedly undisputed fact and the alleged supporting evidence, and the right-hand column must state either that it is undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, such party must clearly indicate what part is being disputed, followed by the opposing party's evidence controverting the fact. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact. No legal argument should be set forth in this document.

The opposing party may submit additional material facts that bear on, or relate to, the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right-hand column the evidence that supports that statement.

      **ii.**    **Supporting Evidence**

No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and

9

**Exhibit C - Page 313**

1    documents that do not specifically support or controvert material in the separate

2    statement shall not be submitted in opposition to a motion for summary judgment.

3         Evidence submitted in support of or in opposition to a motion should be

4    submitted either by way of stipulation or as exhibits to declarations sufficient to

5    authenticate the proffered evidence, and should not be attached to the memorandum of

6    points and authorities.   Documentary evidence as to which there is no stipulation

7    regarding foundation must be accompanied by the testimony, either by declaration or

8    properly authenticated deposition transcript, of a witness who can establish authenticity.

9                        **iii.    Objections to Evidence**

10         If a party disputes a fact based in whole or in part on an evidentiary objection,

11   the ground of the objection should be succinctly stated in a separate statement of

12   evidentiary objections in a three-column format.  The left column should identify the

13   items objected to (including page and line number if applicable). The middle column

14   should set forth a concise objection (e.g., hearsay, lacks foundation, etc.) with a citation

15   to the Federal Rules of Evidence or, where applicable, a case citation. The right column

16   should provide space for the Court's entry of its ruling on the objection.

17   **11.    Notice of This Order**

18         Plaintiff's counsel or plaintiff (if appearing on his or her own behalf) shall

19   immediately serve this Order on all parties, including any new parties to the action.  If

20   this case came to the Court by a Petition for Removal, the removing defendant(s) shall

21   serve this Order on all other parties.

22   **IT IS SO ORDERED.**

23

24   Dated:  May 25, 2011

25

26                               JOHN A. KRONSTADT
                                 United States District Judge

27

28

                                       10

**Exhibit C - Page 314**

**Exhibit C - Page 315**

1   Bin Li, Esq.  SBN 223126
    LAW OFFICES OF BIN LI
2   17800 Castleton Street, Suite 605
    City of Industry, CA 91748
3   626-839-0277
    626-839-0322
4
    attorneys for Plaintiffs Intercontinental Industries Corporation
5

6
                   UNITED STATE DISTRICT COURT
7
                CENTRAL DISTRICT OF CALIFORNIA
8

9

10
    INTERCONTINENTAL INDUSTRIES        )   Case No.  CV-10-4174 PA (Ex)
11  CORPORATION, a California corporation;  )
                                        )
12                                      )   [PROPOSED]
                   Plaintiffs,          )   FIRST AMENDED
13  v.                                  )   COMPLAINT FOR DAMAGES
                                        )
14                                      )   1.  Fraud
    WUHAN STATE OWNED INDUSTRIAL        )   2.  Cancellation of
15  HOLDING CO. LTD., a corporation     )       agreement
    registered under the law of People's  )   3.  Breach of Contract.
16  Republic of China; HUBEI PROVINCE   )   4.  Trespass
    GOVERNMENT, an administrative division )   5.  Racketeer Influenced
17  of the Peoples Republic of China;   )       and Corrupt
    QINGQUAN LUO, an individual;        )       Organizations Act
18  XIANSHENG LI, an individual; and DOES  )
    1 through 100, inclusive,           )
19                                      )
                                        )
20  _____   )

21

22         Plaintiff Intercontinental Industries Corporation complains against

23  defendants  as follows:

24

25

26

27

28                                    1
    _____
          FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 316

1

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

2 ***Identification of the parties.***

3     (1) Plaintiff INTERCONTINENTAL INDUSTRIES CORPORATION

4 ("IIC") is a corporation, duly organized under the laws of the state of California

5 and does business as a manufacturer and distributor of heavy duty, high precision

6 machineries worldwide.

7     (2) Defendant WUHAN STATE OWNED INDUSTRIAL HOLDING CO.

8 LTD. ("WSOIH") is a corporation organized under the laws of the People's

9 Republic of China with its principal place of business located in the city of

10 Wuhan, Hubei Province.  At all times relevant, said defendant operated and owned

11 the Wuhan Machine Tool Works ("Factory").

12     (3) Defendant HUBEI PROVINCE GOVERNMENT ("HUBEI

13 PROVINCE") is the governing authority for Hubei Province, one of twenty-two

14 first-level administrative divisions of the Peoples Republic of China.  The head of

15 this provincial government is defendant LUO.

16     (4) Defendant QINGQUAN LUO ("LUO") is an individual, residing with

17 the City of Wuhan, Province of Hubei, China.  LUO was at all times relevant the

18 Chinese Communist Party Secretary of Hubei Province, and in this position has

19 personal  plenary authority over provincial and municipal governments within

20 Hubei Province for, among other things, economic development decisions.

21 Defendant LUO, in spite of his position in the Communist Party, is also an

22 entrepreneur and does business under a company known as Wuhan State Owned

23 Industrial Holding Co., Ltd. ,  ("WSOIH"),  which is his alter ego.   In the same

24 way that LUO holds power over his subordinates in the Communist Party and the

25 civil government, LUO is himself responsible in turn to senior leadership of the

26

27

28

2

### FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 317

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 126 of 195   Page
ID #:329
Case 2:10-cv-04174-JAK -E   Document 15   Filed 07/08/11   Page 3 of 14   Page ID #:129

1   Communist Party and, in order to retain his position and authority, is obligated to

2   meet certain economic development quotas set by his superiors.

3        (5) Defendant XIANSHENG LI ("LI") is an individual, residing within the

4   City of Wuhan, Province of Hubei, China.  LI was the mayor of Wuhan Municipal

5   Government, and is currently the deputy governor of Hubei Province, China.  LI is

6   answers to,  and takes orders from, LUO.

7        (6)  The true names or capacities, whether individual, corporate, associate,

8   or otherwise of defendants named in this action as Does 1-20 are unknown to

9   Plaintiff, who therefore sues such defendants by such fictitious names.  Said

10   fictitiously named defendants are in some manner proximately responsible for the

11   damages suffered by Plaintiff herein.  Plaintiff will amend this complaint to show

12   their true names and capacities of such fictitiously named defendants when they

13   have been ascertained.

14

15   *Agency or conspiracy.*

16        (7)  Each of the defendants and including the fictitiously named DOE

17   defendants, was the agent, or employee, partner or officer, director or joint

18   venturer of each of the other defendants herein, and doing the things herein

19   alleged was acting within the course and scope of said agency, employment,

20   partnership, joint venture, or association and under the direction of, and with the

21   consent and permission, advance knowledge and/or ratification of the other

22   defendants.

23        (8)  Alternatively to agency liability, Plaintiff alleges that defendants, and

24   each of them, including the fictitiously named DOE defendants, entered into a

25   civil conspiracy to commit the actionable wrongs, in which the defendants, and

26

27

28

3

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**Exhibit C - Page 318**

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 127 of 195   Page
ID #:330
Case 2:10-cv-04174-JAK -E   Document 15   Filed 07/08/11   Page 4 of 14   Page ID #:130

1  each of them participated in or in which they concurred, expressly or tacitly, with

2  knowledge of its unlawful purpose.

3

4  ***Jurisdiction and Venue***

5      (9)  Jurisdiction in this action is predicated upon Title 18, United Stares

6  Code, Section 1964(b) and Title 28, United States Code, Sections 1331 and 1332.

7      (10) Venue is proper in this District because the representations constituting

8  fraud and investment agreement took place within this District.

9

10                             **FIRST CLAIM FOR RELIEF**

11                                  **FRAUD**

12      (11) Plaintiff incorporates the allegations set forth in paragraphs (1) through

13  (8), inclusive, as though fully set forth hereat.

14      (12) In or about the year of 2003, defendants, and each of them, by and

15  through their authorized agent defendant LI, entered into negotiations via

16  telephone, fax and the internet with Plaintiff with the purpose of convincing

17  Plaintiffs to invest a substantial amount of money in Hubei Province.  To persuade

18  Plaintiff to agree, LI, with the knowledge and authorization of each of the other

19  defendants, made certain representations to Ji Ci Chou, the president of Plaintiff as

20  follows:

21      (13) That, in his official capacity as Chinese Communist Party Secretary of

22  Hubei Province, defendant LUO could guarantee that Plaintiff's investment would

23  be approved by defendant HUBEI PROVINCE and the subordinate governments

24  under their authority, and that such investment would be protected and that LUO

25  would use his influence to resolve business disputes in Plaintiff's favor.

26

27

28

<div align="center">4</div>

FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 319

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 128 of 195   Page
Case 2:10-cv-04174-JAK -E   Document 15   Filed 07/08/11   Page 5 of 14   Page ID #:131
ID #:331

1    (14) Thereafter, on or about October 13, 2003, at the direction and with the

2    knowledge of his superiors, defendant LI, on behalf of defendants LUO and

3    HUBEI PROVINCE, led a delegation of at least 11 department heads of Wuhan

4    City Municipal Government to visit Plaintiff in Los Angeles as a follow up to

5    defendant LI's opening negotiations.  Defendant LI proposed a transaction wherein

6    Plaintiff would invest funds, technology and equipment into an existing factory

7    known as Wuhan Machine Tools Works ("Factory"), owned by defendant WSOIH.

8    Defendants represented this factory to be worth approximately $10 million

9    calculated as the sum of the value of the physical plant ($1.7 million dollars) and

10   the real estate, owned by defendant HUBEI PROVINCE GOVERNMENT, upon

11   which the Factory was located ($8.3 million dollars).  LI represented that if

12   Plaintiff invested $1.7 million cash, technology and equipment into the Factory,

13   purchased another piece of land of not less than 200 metric acres in another

14   location to build a new plant, defendants would  transfer to Plaintiff ownership of

15   the Factory.  LI further represented that defendant WSOIH would be fully

16   responsible for all prior debts and liabilities of the Factory.

17   (15) As a consequence of these representations, the parties reduced their

18   agreement to writing on or about March 26, 2005 and HUBEI PROVINCE

19   approved all necessary contracts and gave all necessary permits.  Reasonably

20   relying on Defendants' representations, Plaintiff thereafter invested the sum of

21   $1,7 million dollars in cash in addition to technologies and equipment  valued at

22   least $10 million into the Factory, which operated under the name Omikron

23   Machine Works Wuhan Co.  Plaintiff was then told he had "acquired" the Factory.

24   Within a year, the Factory began making substantial profits.

25   (16)  However, starting in May, 2008, Plaintiff discovered that these

26   representations were false, and that defendants had suppressed material facts as

27

28
                                5
                FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 320

1  part of a shakedown scheme directed against foreign investors such as Plaintiff, as

2  follows:

3      (17)  Defendants LUO, LI and HUBEI PROVINCE had no intention of

4  approving Plaintiff's investment as part of an agreement to in which Plaintiff

5  would "own" the Factory.

6      (18) Defendants LUO, LI and HUBEI PROVINCE, after receiving the full

7  payment for the sale of the factory, after Plaintiff invested its state of the art

8  technology and equipment, after Plaintiff purchased another piece of land of more

9  than 200 metric acres to build a new plant, and after Plaintiff made numerous

10  improvements to the software and hardware of the Factory, then disregarded the

11  terms in the original written contract and extorted from Plaintiff an additional $10

12  million to be "invested" in the factory to fulfill a "requirement" of the HUBEI

13  PROVINCE.  This shakedown was in disregard of the terms in the original

14  agreement which was signed between IIC and WSOIH.

15      (19)  Defendants suppressed and did not disclose the existence of a debt

16  owed by the Factory to Wuhan Economic Development Investment Company

17  ("WEDIC"), another state-owned company controlled by Wuhan Municipal

18  Government in the amount of $21 million.   Without any knowledge of Plaintiff,

19  defendants ordered WEDIC to attach the bank account of the Factory for this debt,

20  which effectively crippled the Factory's ability to function.

21      (20)  Defendants LUO, LI, and HUBEI PROVINCE and their subordinates

22  have ignored Plaintiff's repeated requests for assistance in these problems.

23      (21)  Defendants made these false representations with the intention of

24  defrauding Plaintiff by lulling Plaintiff into investing as to boost LUO and LI's

25  personal political credit with the Chinese government and to fulfill their annual

26  quota assigned by the Chinese government so that they could earn promotion

27

28

<center>6</center>

<center>FIRST AMENDED COMPLAINT FOR DAMAGES</center>

Exhibit C - Page 321

1    within the Communist Party and government, while not intending to help Plaintiff

2    with its investment.

3        (22) The representations and suppressed facts were reasonable because

4    obtaining the approval of Communist Party officials is a necessary part of doing

5    business in mainland China, and also because the nature of the authority wielded

6    by LUO, LI and HUBEI PROVINCE over the municipal authorities in China, and

7    because of LI's position of mayor of Wuhan City and the top-ranked Chinese local

8    official in charge of Wuhan municipal government.

9        (23)  As a proximate result of said fraud, Plaintiff has suffered general

10    damages in the amount of not less than $27,000,000.00 or according to proof at

11    trial.

12        (24)  The actions of defendants were (1) fraudulent, meaning an intentional

13    misrepresentation, deceit, or concealment of a material fact known to the

14    defendants with the intention on the part of the defendant of thereby depriving a

15    person of property or legal rights or otherwise causing injury; (2) malicious,

16    meaning conduct which is intended by the defendant to cause injury to the plaintiff

17    or despicable conduct which is carried on by the defendant with a willful and

18    conscious disregard of the rights or safety of others; (3) and/or oppressive,

19    meaning  despicable conduct that subjects a person to cruel and unjust hardship in

20    conscious disregard of that person's rights; and done with the intention of

21    depriving Plaintiff of substantial rights.  With regards to defendants LI and LUO,

22    such acts were done with the knowledge, approval and/or ratification of the other

23    defendants.  Plaintiff is therefore entitled to punitive damages in a sufficient

24    amount to punish defendants and deter future fraudulent, oppressive and malicious

25    misconduct in the amount according to proof at trial.

26

27

28
                                    7
                    FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 322

1

2               **SECOND CLAIM FOR RELIEF**

3   **VIOLATION OF CIVIL RACKETEER INFLUENCED AND CORRUPT**

4                    **ORGANIZATIONS ACT**

5                         Count One

6          Acquisition and Maintenance of an Interest in and Control of

7            an Enterprise Engaged in a Pattern of Racketeering Activity:

8                    18 U.S.C. §§ 1961(5), 1962(b)

9          (25)  Plaintiff incorporates the allegations set forth in paragraphs (1)

10   through (24), inclusive, as though fully set forth hereat.

11          (26) All defendants did acquire and/or maintain, directly or indirectly, an

12   interest in or control of a RICO enterprise as that term is defined in Title 18,

13   United States Code, Section 1961(4), which enterprise was engaged in, and the

14   activities of which affected, interstate and foreign commerce.

15          (27) Starting in 2004, Defendants did cooperate jointly and severally in the

16   commission of two (2) or more of the RICO predicate acts that are itemized in the

17   RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the

18   RICO law at 18 U.S.C. 1962(b) (Prohibited activities).

19          (28) Plaintiff further alleges that all Defendants did commit two (2) or more

20   of the offenses itemized above in a manner which they calculated and

21   premeditated intentionally to threaten continuity, i.e. a continuing threat of their

22   respective racketeering activities, also in violation of the RICO law at 18 U.S.C.

23   1962(b) supra.

24

25

26

27

28                                   8

                    FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 323

1

2                                COUNT TWO

3            Conduct and Participation in a RICO Enterprise

4                through a Pattern of Racketeering Activity:

5                    18 U.S.C. §§ 1961(5), 1962(c)

6        (29)  Plaintiff incorporates the allegations set forth in paragraphs (1)

7    through (28), inclusive, as though fully set forth hereat.

8        (30)  Defendants did associate with a RICO enterprise of individuals who

9    were associated in fact and who engaged in, and whose activities did affect,

10   interstate and foreign commerce.  Likewise, all Defendants did conduct and/or

11   participate, either directly or indirectly, in the conduct of the affairs of said RICO

12   enterprise through a pattern of racketeering activity, all in violation of 18 U.S.C.

13   §§ 1961(4), (5), (9), and 1962( c).

14       (31) From 2004, defendants did cooperate jointly and severally in the

15   commission of two (2) or more of the RICO predicate acts that are itemized in the

16   RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the

17   RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

18       (32)  Plaintiff further alleges that all defendants did commit two (2) or more

19   of the offenses itemized above in a manner which they calculated and

20   premeditated intentionally to threaten continuity, i.e. a continuing threat of their

21   respective racketeering activities, also in violation of the RICO law at 18 U.S.C.

22   1962(c) supra.

23

24                              COUNT THREE:

25                        Conspiracy to Engage in a

26                    Pattern of Racketeering Activity:

27

28                                    9

     FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 324

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 133 of 195   Page
ID #:336
Case 2:10-cv-04174-JAK -E   Document 15   Filed 07/08/11   Page 10 of 14   Page ID #:136

18 U.S.C. §§ 1961(5), 1962(d)

(33)  Plaintiff incorporates the allegations set forth in paragraphs (1) through (32), inclusive, as though fully set forth hereat.

(34)  Defendants did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(b) and (d).

(35)   Defendants did also conspire to conduct and participate in said RICO enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(c) and (d).

(36) From 2004, defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. 1962(d).

(37)  Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of 18 U.S.C. 1962(d) (Prohibited activities supra).

Damages Common to All Counts

(38)  As a proximate result of said fraud, Plaintiff has suffered general damages in the amount of not less than $27,000,000 million or according to proof at trial.

(39)  For treble damages under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according to the best available proof.

(40)   For reasonable attorney fees according to proof.

10

FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 325

1    (41)  That all damages caused by all Defendants, and all gains, profits, and

2   advantages derived by all defendants, from their several acts of racketeering in

3   violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State

4   and federal law(s), be deemed to be held in constructive trust for the benefit of

5   Plaintiff.

6

7                 THIRD CLAIM FOR RELIEF

8      CANCELLATION OF CONTRACT FOR FRAUD AND DURESS

9    (42)  Plaintiff incorporate the allegations set forth in paragraphs (1) through

10   (41), inclusive, as though fully set forth hereat.

11    (43)  On or about July 5, 2008, as the final part of scheme to defraud

12   Plaintiff, defendants, and each of them, coerced  Plaintiff into executing an asset

13   purchase termination agreement with WSOIH to surrender all the assets back to

14   WSOIH.  A true and correct copy of such agreement is attached hereto and

15   incorporated hereat as Exhibit "A".

16    (44) Defendants threatened the resident American management of Plaintiff

17   that they would be imprisoned if Plaintiff did not sign the agreement.

18    (45) Defendants had, by that time, excluded Plaintiff's American

19   management from the Factory for over six months.

20    (46) Defendants fomented strikes and riots as a means of pressuring

21   Plaintiff's management team to leave China.

22    (47) Defendants used legal process to attach Plaintiff's Chinese bank

23   accounts for an undisclosed debt owed by the Factory that.  Under the terms of the

24   original purchase agreement specifically stated that Plaintiff was not liable for the

25   Factory's prior debts.

26

27

28                        11

FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 326

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 135 of 195   Page
ID #:338
Case 2:10-cv-04174-JAK -E   Document 15   Filed 07/08/11   Page 12 of 14   Page ID #:138

1    (48) Defendants used their police power to menace Plaintiff's American

2   management by having individuals followed and their vehicles defaced.

3    (49) As a result, CHOU was forced into signing Exhibit "A" which does not

4   include the new factory land and construction acquired by Plaintiff through its

5   China subsidiary Omikron Machine Works Wuhan Co.

6    (50)  Plaintiff is entitled to have Exhibit "A" cancelled.

7    (51)  If left outstanding, Exhibit "A" has caused, and will continue to cause,

8   serious damage to Plaintiff.

9    (52) Plaintiffs applies for said document to be cancelled and for an order

10  allowing them to file certificates of correction.

11

12               **FOURTH CLAIM FOR RELIEF**

13                 BREACH OF CONTRACT

14    (53)  Plaintiff incorporates the allegations set forth in paragraphs (1)

15  through (52), inclusive, as though fully set forth hereat.

16    (54) On or about March 26, 2005, Defendants, through WSOIH signed a

17  written agreement with Plaintiff.  A true and correct copy of the agreement is

18  attached hereto and incorporated hereat as Exhibit "B".

19    (55) Plaintiff performed all covenants, conditions and promises set forth in

20  Exhibit "B", except those which where were excused by the nonperformance or

21  breach of defendants.

22    (56) Defendants breached the written agreement by doing the things alleged

23  above, and by forcing Plaintiff to invest additional $10 million dollars into the

24  Factory, which is in total disregard of the agreement signed by the parties on or

25  about March 26, 2005 on or about May 2008.

26

27

28                        12

Exhibit C - Page 327

1    (57) Defendants further breached the written agreement by attaching

2  Plaintiff's Chinese bank accounts for an undisclosed debt owed by the Factory

3  that, under the terms of the original purchase agreement specifically stated that IIC

4  or its Chinese subsidiary was not liable for the Factory's prior debt.

5    (58)  As a proximate result of said breach, Plaintiff has suffered general

6  damages in the amount of not less than $27,000,000.00 or according to proof at

7  trial.

8

9    *WHEREFORE*, Plaintiffs pray as follows:

10    On the First claim for relief

11    1.  For general damages in the of amount of no less than $27,000,000.00 or

12  according to proof.

13    2.  For punitive damages in an amount according to proof.

14

15    On the Second claim for relief.

16    1.  For general damages in the of amount of no less than $27,000,000.00 or

17  according to proof.

18    2.  For treble damages under authority of 18 U.S.C. 1964(c), for any gains,

19  profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according

20  to the best available proof.

21    3.  For reasonable attorney fees according to proof.

22    4.  That all damages caused by all Defendants, and all gains, profits, and

23  advantages derived by all defendants, from their several acts of racketeering in

24  violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State

25  and federal law(s), be deemed to be held in constructive trust for the benefit of

26  Plaintiff.

27

28

<div align="center">13

FIRST AMENDED COMPLAINT FOR DAMAGES</div>

Exhibit C - Page 328

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 137 of 195   Page
ID #:340
Case 2:10-cv-04174-JAK -E   Document 15   Filed 07/08/11   Page 14 of 14   Page ID #:140

1       On the Third claim for relief.

2       For cancellation of Exhibit "A".

3

4       On the Fourth claim for relief.

5       1. For general damages in the of amount of no less than $27,000,000.00 or

6  according to proof.

7

8       For all claims.

9       1.  For costs of suit incurred herein.

10      2.  For such other and further relief as the Court may deem proper.

11

12  Dated: July 6, 2011

13

14                          LAW OFFICES OF BIN LI

15

16

17                          /Bin Li/
                            by Bin Li, Esq., attorney
18                          for Plaintiff  Intercontinental Industries Corporation

19

20

21

22

23

24

25

26

27

28                                    14

_____

               FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 329

## DECLARATION AND CERTIFICATION

I, <u>Lingling Martin</u>, declare that I am a

( ✓ )   Certified Court Interpreter as described in GC68565

I am certified to interpret and translate <u>from the Chinese language to the English language and from the English language to the Chinese language.</u>

My Certification Number is: <u>301082</u>

I further declare that I have reviewed the attached document <u>from the Chinese language to the English language.</u>

I declare to the best of my abilities and belief, that this is a true and accurate translation of the <u>Chinese</u> language text of <u>Agreement to Terminate Contract.</u>

### Specific Description of the Document

<u>Agreement to Terminate Contract</u>

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This declaration is signed this <u>31st day of March, 2011</u> in <u>Los Angeles,</u> California.

<u>    Lingling Martin    </u>
Name of Certified Court Interpreter

<u>              </u>
Signature of Certified Court Interpreter

Exhibit C - Page 330

*Translation by Ko & Martin – Chinese Language Division*
*March 31, 2011 Page 1 of 4*

# Agreement to Terminate Contract

This agreement is hereby entered into by the parties below in Wuhan City, Hubei Province on July 5, 2008:

Party A:  Wuhan Industrial State-owned Holdings Group Co., Ltd.

Address:  71 Shengli Street, Jiang-an District, Wuhan

Legal Representative: Shi-Ming Duan


Party B:  Intercontinental Industries Corporation

(Translated Name: International Industries, with "IIC Corporation as its abbreviated name)

Address:  105 Exchange Place, Pomona, CA 91768, USA

Legal Representative: Chou Ji. Ci.


Whereas:

1. On March 16, 2005, Party A and Party B entered into the "State-owned Title Transfer Contract of Wuhan Machine Tool Works" (hereinafter referred to as "Transfer Contract") with regards to the acquisition of the State-owned title of Wuhan Machine Tool Works, wherein such state-owned title was held by Party A.

2. On June 17, 2005, Hubei Provincial Department of Commerce issued an approval numbered E Shang Zi [2005] 84.

3. On June 29, 2005, Wuhan Administration for Industry and Commerce processed the relevant industrial and commercial registration based on the application by Party B, and issued a business license to Omikron Machine Works (Wuhan) Co., Ltd. with the registration number of Qi Du E Wu Zong Fu Zi No. 005301.

1

Exhibit C - Page 331

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 140 of 195    Page
ID #:343
Case 2:10-cv-04174-JAK -E    Document 15-1    Filed 07/08/11    Page 3 of 9    Page ID #:143

*Translation by Ko & Martin – Chinese Language Division*
*March 31, 2011    Page 2 of 4*

4. On July 12, 2005, the parties entered into the "Transfer Agreement of State-owned Title of
Wuhan Machine Tool Works to IIC Corporation", through which Party A officially
transferred the Stated owned title of Wuhan Machine Tool Works (assets, liabilities, seals,
operational contracts, etc.) to Party B.

5. On June 30, 2005, Party B made the acquisition payment of USD 1,817,392.50 to Party A in
accordance with the Transfer Contract. On June 1 and June 2 of 2006, Party B remitted USD
920,000.00 as capital fund.

6. Starting July of 2007, incidents of stop-work and stop-production took place in Mikron
Machine Works (Wuhan) Co., Ltd.

7. On July 2, 2008, the parties reached an agreement to terminate the Transfer Contract and
Party B agreed to take back its investment and withdraw.

Pursuant to the provisions of laws, regulations and guidelines in China and upon thorough
negotiation, the parties hereby enter into this agreement regarding termination of the contract and
shall mutually abide by it.

I.    Contract Termination

1. Upon negotiation, the parties agree to terminate as of July 5, 2008 their Transfer Contract
executed on March 16, 2005.

2. Starting July 5, 2008, Party B shall handover the existing Omikron Machine Works (Wuhan)
Co., Ltd. to Party A. Party A shall send its people to receive Omikron Machine Works
(Wuhan) Co., Ltd.

3. The parties shall jointly retain an intermediary to audit and evaluate the assets of Omikron
Machine Works (Wuhan) Co., Ltd. and the base date of such assets audit and evaluation shall
be April 30, 2008.  The results of the audit and evaluation shall be used as a reference during
the negotiation of fund settlement between the parties after the Transfer Contract is
terminated. The audit and evaluation report shall be deemed an appendix to this agreement
and shall have the same binding effect as this agreement.

4. The parties stipulate that based on the audit and evaluation result of subdivision 3 of this
section, Party A agrees to pay Party B USD3,360,000.00 after the termination of the contract.

2

Exhibit C - Page 332

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 141 of 195    Page
ID #:344
Case 2:10-cv-04174-JAK -E    Document 15-1    Filed 07/08/11    Page 4 of 9    Page ID #:144

*Translation by Ko & Martin – Chinese Language Division*
*March 31, 2011   Page 3 of 4*

Party A shall make such above-mentioned payment to Party B within 60 days after the completion of the handover as set forth in subdivision 2 of Section 2 of this agreement.  Party A shall be deemed to have made the payment to Party B when Party A's remittance reaches Party B's designated bank account.

II.    Handover Procedures

1.  The parties stipulate that Party B shall cancel the industrial and commercial registration under which Wuhan Machine Tool Works was changing into Omikron Machine Works (Wuhan) Co., Ltd., restore the industrial and commercial registration of Wuhan Machine Tool Works, and shall conduct the registration procedures of cancellation or change with other relevant government agencies before July 20, 2008. Party A shall provide necessary assistance to Party B during the above-mentioned procedures.

2.  The parties stipulate that the parties shall jointly take care of the handover of relevant assets and business information before July 8, 2008. See appendix 1 for the relevant assets for handover.

3.  Party A shall assist Party B in processing foreign exchange remittance out of China.

4.  Party A shall assist Party B in handling other relevant necessary matters.

5.  Party B shall assist Party A in publishing announcements and relevant procedures.

III.    Representations and Warranties

1.  Party A commits and warrants to making payment to Party A in the amount and at the time as set forth in this agreement.

2.  Party B commits and warrants that the assets to be handed over under appendix 1 are the total assets of Omikron Machine Works (Wuhan) Co., Ltd., that there is no concealed information, and that Party A shall be entitled to recovery should there be any assets omitted or concealed. Party B solemnly warrants that during the operation period after Omikron Machine Works (Wuhan) Co. was established, Omikron Machine Works (Wuhan) Co., Ltd. does not have any other debts than those set forth in appendix 1.  Other than those liabilities listed in

3.

Exhibit C - Page 333

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 142 of 195    Page
ID #:345
Case 2:10-cv-04174-JAK -E    Document 15-1    Filed 07/08/11    Page 5 of 9    Page ID #:145

*Translation by Ko & Martin – Chinese Language Division*
*March 31, 2011   Page 4 of 4*

appendix 1, any liabilities incurred before the handover completion date and any of its hidden liabilities such as the resulting interest and penalties shall be borne by Party B completely, and any other losses suffered by Party A as a result shall be compensated by Party B completely (including, but not limited to, litigation, arbitration, evaluation, travel expenses, attorney fee and operational losses).

3. After the parties have started performing this agreement, neither party shall bring forward any forms of claim for breach of contract or damages (including, but not limited to, litigation) with regards to the Transfer Contract or any departments involved in the above mentioned contract.

IV.    Miscellaneous

1. This agreement shall become effective upon signatures and seals by both parties.

2. This agreement is the legally binding final stipulation entered into by the parties, and shall supersede all oral and written agreements, contracts, commitments and communications made by the parties previously.

3. All relevant issues of this agreement, including its validity, interpretation, dispute resolution and enforcement, shall be subject to the jurisdiction of the laws of the People's Republic of China. Any dispute arising out of this agreement or its performance, if not resolved through negotiation, shall be submitted to the Wuhan Arbitration Commission for arbitration.

4. This agreement is prepared in 10 copies (including appendixes 1 and 2), Party A and Party B shall each keep one copy and the remaining copies shall be filed with the relevant authorities.

Party A (Signature/ Seal):                           Party B (Signature/ Seal):
Wuhan Industrial State-owned Holdings Group Co., Ltd.      IIC Corporation
[Seal]
Legal Representative:                                Legal Representative:
[Signature]                                         [Signature]

Date of Signatures: July 5, 2008

4

Exhibit C - Page 334

# 解除合同协议书

本协议由下列双方于 2008 年 7 月 5 日在湖北省武汉市签署：

甲　　方：武汉工业国有控股集团有限公司

住　　所：武汉市江岸区胜利街71号

法定代表人：段世明

乙　　方：Intercontinental Industries  Corporation

　　　　　（译名：洲际产业，简称：IIC公司）

住　　所：105 Exchange Place, pomona CA 91768, USA

法定代表人：Chou Ji. Ci.

鉴于：

1、2005年3月16日，甲方与乙方就并购甲方所持有的武汉机床厂国有产权签署了《武汉机床厂国有产权转让合同》（下称《转让合同》）。

2、2005年6月17日，湖北省商务厅下发了鄂商资[2005]84号批复。

3、2005年6月29日，根据乙方申请，武汉市工商行政管理局办理了相关工商登记，并颁发了注册号为企独鄂武总副字第005301号欧迈克机床（武汉）有限公司的营业执照。

4、2005年7月12日，甲方与乙方签署了《武汉机床厂国有产权转让洲际产业（IIC公司）移交协议书》，甲方正式将武汉机床厂国有产

Original Source Document, page ___/___ of ___4___ pages
Lingling Men Martin, Certified Court Interpreter #301082
Signature _____, date ___3/2/11___

1

**Exhibit C - Page 335**

权（资产、负债、印章、经营性合同等资料）移交给乙方。

　　5、乙方按照《转让合同》在2005年6月30日向甲方支付了1,817,392.50美元的并购款。2006年6月1日和2日，乙方又以资本金名义汇入92万美金。

　　6、2007年7月起，欧迈克机床（武汉）有限公司发生了停工、停产事件。

　　7、2008年7月2日，甲方与乙方就解除《转让合同》达成一致，乙方同意撤资退出。


　　根据中国法律、法规及规范性文件的规定，各方经充分协商，就解除合同事宜签订本协议，并共同遵守。


**一、合同解除**

　　1、经甲、乙双方协商同意，甲方与乙方于2005年3月16日签署的《转让合同》于2008年7月5日予以解除。

　　2、自2008年7月5日起，乙方将现欧迈克机床（武汉）有限公司交予甲方。甲方应派人接收欧迈克机床（武汉）有限公司。

　　3、甲、乙双方共同聘请中介机构对欧迈克机床（武汉）有限公司资产进行审计、评估，审计、评估基准日为2008年4月30日，审计及评估结果将作为《转让合同》解除后双方协商结算款项的参考依据。审计及评估报告作为本协议的附件，与本协议具有同等约束力。

　　4、甲、乙双方约定：根据本条第三款的审计及评估结果，合同解除后，甲方同意向乙方支付3,360,000美元整。在依照本协议第二条第二款的规定完成交接工作后的60日内，甲方向乙方支付前述价款。甲方将价款汇入乙方指定的帐户内，视为甲方价款支付到位。

Original Source Document, page __2__ of __4__ pages
Lingling Men Martin, Certified Court Interpreter #301082
Signature _____, date 3/31/11

2

**Exhibit C - Page 336**

## 二、交接手续

1、甲、乙双方约定：在2008年7月20日前，乙方办理撤销武汉机床厂变更为欧迈克机床（武汉）有限公司的工商登记并恢复武汉机床厂的工商登记及在其他相关政府机构的注销或变更登记手续。乙方办理上述手续时，甲方将给予必要的协助。

2、甲、乙双方约定：在2008年7月8日前，甲、乙双方共同办理有关资产及业务资料的交接。有关资产交接见附件1。

3、甲方将协助乙方办理外汇出境手续。

4、甲方将协助乙方办理其他需办理的相关事宜。

5、乙方应协助甲方办理公告等相关手续。

## 三、声明与保证

1、甲方承诺并保证，根据本协议约定的时间和金额向乙方支付到位。

2、乙方承诺并保证，附件1交接的资产为欧迈克机床（武汉）有限公司的全部资产，不存在任何隐瞒的情况，资产部分若有遗漏或隐瞒，甲方有权向乙方进行追偿。乙方郑重承诺：欧迈克机床（武汉）有限公司成立后的经营期间，除附件1列明的负债之外，欧迈克机床（武汉）有限公司无任何其他债务。如发生附件1所列明负债以外的、发生在交接完成日之前的任何负债及因负债而发生的利息、违约金等隐形负债全部由乙方承担，如因此造成甲方其他损失的，乙方应给予甲方全额赔偿（包括但不限于诉讼、仲裁、评估、差旅费、律师费、经营损失等）。

3、甲乙双方按本协议履约后，甲乙双方均不得再就涉及《转让合同》及上述合同所涉相关部门提出任何形式（包括但不限于诉讼等）的违约或赔偿请求。

Original Source Document, page ___3___ of __4__ pages
Lingling Men, Martin, Certified Court Interpreter #301082
Signature _____, date __3/31/11__

3

Exhibit C - Page 337

四、其他事项

1、本协议由双方签字盖章后生效。

2、本协议为甲方和乙方达成的具有法律约束力的最终约定，本协议将取代甲方和乙方此前所做出的所有口头和书面的协议、合同、承诺及通讯。

3、本协议的效力、解释、争议解决和执行等一切相关事项均受中华人民共和国法律管辖。甲方和乙方因本协议或履行本协议所发生的任何争议，如协商不成，应提交武汉仲裁委员会仲裁。

4、本协议一式十份（包括附件一、附件二等），甲、乙双方各执一份，其余交送有关机关备案。

甲　方（签章）：                                乙　方（签章）：

武汉工业国有控股集团有限公司                    IIC公司

法定代表人：                                    法定代表人：

签字时间：二〇〇八年七月五日

Original Source Document, page _4_ of _4_ pages
Lingling Men Martin, Certified Court Interpreter #301082
Signature _____, date _3/31/11_                      4

**Exhibit C - Page 338**

Exhibit C - Page 339

Case 2:10-cv-04174-JAK -E   Document 16   Filed 07/11/11   Page 1 of 1   Page ID #:150

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERCONTINENTAL INDUSTRIES CORPORATION<br><br>v.<br><br>QINGOUAN LUO, et al | **CASE NUMBER**<br><br>CV 10-04174 JAK (Ex) |
| PLAINTIFF(S) | |
| DEFENDANT(S). | **NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENTS** |

**PLEASE TAKE NOTICE:**

Pursuant to General Order 08-02, Local Rule 5-4 and/or the Federal Rules of Civil Procedure, the following deficiency(ies) has been found with your electronically filed document:

| 07/08/2011 | 15 | Amended Document (First Amended Complaint) |
|---|---|---|
| Date Filed | Doc. No. | Title of Doc. |

**ERRORS WITH DOCUMENT**

- ☐ Document submitted in the wrong case
- ☐ Incorrect document is attached to the docket entry
- ☐ Document linked incorrectly to the wrong document/docket entry
- ☐ Incorrect event selected. Correct event is _____
- ☐ Case number is incorrect or missing.
- ☐ Hearing information is missing, incorrect, or not timely
- ☐ Local Rule 7.1-1 No Certification of Interested Parties and/or no copies
- ☐ Case is closed
- ☐ Proposed Document was not submitted as separate attachment
- ☐ Title page is missing
- ☐ Local Rule 56-1 Statement of uncontroverted facts and/or proposed judgment lacking
- ☐ Local Rule 56-2 Statement of genuine issues of material fact lacking
- ☐ Local Rule 7-19.1 Notice to other parties of ex parte application lacking
- ☐ Local Rule 11-6 Memorandum/brief exceeds 25 pages
- ☐ Local Rule 11-8 Memorandum/brief exceeding 10 pages shall contain table of contents
- ☑ Other: Initiating documents such as First Amended Complaints are to be manually filed. See GO 08-02, Section V.C.1.

**Note: In response to this notice the court may order 1) an amended or correct document to be filed  2) the document stricken or 3) take other action as the court deems appropriate.**

TERRY NAFISI
Clerk, U.S. District Court

Dated: 07/11/2011 _____

By: Sharon Hall-Brown (213) 894-5883
Deputy Clerk

cc: Assigned District Judge and/or Magistrate Judge

G-112A (02/08)      NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENTS

Exhibit C - Page 340

Exhibit C - Page 341

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 150 of 195   Page
ID #:353
Case 2:10-cv-04174-JAK -E   Document 17   Filed 07/11/11   Page 1 of 7   Page ID #:151

1  Bin Li, Esq.  SBN 223126
   LAW OFFICES OF BIN LI
2  17800 Castleton Street, Suite 605
   City of Industry, CA 91748
3  626-839-0277
   626-839-0322
4
5  attorneys for Plaintiffs Intercontinental Industries Corporation

6
7              **UNITED STATE DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9

10 **INTERCONTINENTAL INDUSTRIES**        )  Case No.  CV-10-4174 PA (Ex)
   **CORPORATION, a California**          )
11 **corporation;**                       )
                                          )  **PLAINTIFF'S STATEMENT**
12                                        )  **IN RESPONSE TO THE**
                **Plaintiffs,**           )  **COURT'S ORDER OT SHOW**
13 **v.**                                 )  **CAUSE RE DISMISSAL FOR**
                                          )  **FAILURE TO EFFECT**
14                                        )  **SERVICE OF PROCESS**
   WUHAN STATE OWNED INDUSTRIAL           )
15 HOLDING CO. LTD., a corporation        )
   registered under the law of People's   )
16 Republic of China; HUBEI PROVINCE      )  COURTROOM: 10A
   GOVERNMENT, an administrative division )
17 of the Peoples Republic of China;         The Hon.John A Kronstadt
   QINGQUAN LUO, an individual;
18 XIANSHENG LI, an individual; and DOES
   1 through 100, inclusive,
19
20              **Defendants.**
21 _____
22
23      Plaintiff Intercontinental Industries Corporation submits its statement in

24 response to the Court's order to show cause re dismissal for failure to effect

25 service of process as follows:

26
27
28                              1
   _____
   STATEMENT  RE OSC RE DISMISSAL FOR FAILURE TO SERVE

Exhibit C - Page 342

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 151 of 195   Page
ID #:354
Case 2:10-cv-04174-JAK -E   Document 17   Filed 07/11/11   Page 2 of 7   Page ID #:152

## I. STATEMENT OF PROCEDURE.

Plaintiff is a defrauded United States citizen.  Defendants are Chinese nationals who headed subdivisions of the Chinese government and Chinese government industries.  No service has been effected and Hubei Province Government is newly named as a defendant in the first amended complaint.

Hubei Provice Government, a political subdivision of the Peoples Republic of China, is named so that Plaintiff may serve at least one defendant under the *Foreign Immunities Sovereign Act*, 28 U.S.C., §§ 1330, 1332, 1391(f), 1441(d), and 1602-161 ("FISA").

Prior attempts to serve this complaint have not succeeded.  Plaintiff attempted service  under the *Hague Convention on the Service Abroad of Judicial and Extra-Judicial documents in Civil and Commercial Matters*, 20 U.S.T. 361-367 (1969) ("*Convention*") .  This failed because the Chinese Central Authority for service rejected the application for service under the terms of the *Convention* because it would interfere with security or sovereignty.

China has also opted out of the mail service provisions of the *Convention*.

Plaintiff also proposed service under a variety of means authorized by *Federal Rule of Civil Procedure* 4(f)(3) as not inconsistent with Article 78 of the *Law of Civil Procedure of the People's Republic of China - 1991* (Adopted by the Fourth Session of the Seventh National People's Congress on April 9, 1991 . These means included alternative methods of service via, e-mail,  publication and service by private delivery have been determined not adequate service by this Court.  This Court has rejected those means.

The only method remaining is service under *FISA* and that will be limited to government entities.

<hr>

2

STATEMENT  RE OSC RE DISMISSAL FOR FAILURE TO SERVE

Exhibit C - Page 343

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 152 of 195    Page
Case 2:10-cv-04174-JAK -E    Document 17    Filed 07/11/11   Page 3 of 7   Page ID #:153
ID #:355

1    Service on foreign states and their subdivisions may be made through

2  Department of State under Directions issued by the Department of state indicate

3  that Act requires the clerk of court dispatch the documents to the Department, but

4  in lieu of that, a  plaintiff may provide written confirmation that the court allowed

5  plaintiff to act for the Clerk (after docketing).

6

7  **II.    REQUEST FOR PERMISSION TO PROCEED WITH SERVICE**

8        **UNDER *FISA*, 28 USC Sec. 1608(a)(4).**

9        Service of a subdivision of a foreign government under *FISA* , 28 USC Sec.

10  1608(a) is a four step process, or rather four alternative methods.  Initially service

11  is attempted under any special arrangement for service between Plaintiff and the

12  foreign state, Sec. 1608(a)(1).  There is no such arrangement.

13      Then, service must be attempted in accordance with the *Convention*, Sec.

14  1608(a)(2).  China has already rejected service through the *Convention*, although

15  Heubei Province was not then a defendant.  Plaintiff submits that another attempt

16  through the *Convention* that names a government subdivision is guaranteed to be

17  rejected, since the Chinese government has already rejected *Convention* service

18  against its political and party employees.

19      A third step requires an attempt at mail service,  1608(a)(3).  As stated

20  above, China has opted out of the *Convention* provisions on mail service.

21      A final step, which Plaintiff requests authorization for, is service through

22  the United States State Department, 1608(a)(4).  The State Department's

23  requirements are set forth *infra*.  The U.S. Department of State requires a

24  statement in writing from the plaintiff or the clerk certifying that attempts  under

25  *FSIA* 1608(a)(1), (2) and (3) were made or were otherwise not applicable  before

26  proceeding to section 1608(a)(4).

27

28

3

STATEMENT  RE OSC RE DISMISSAL FOR FAILURE TO SERVE

Exhibit C - Page 344

1    Directions issued by the Department of State indicate that *FISA* requires the

2    clerk of court dispatch the documents to the Department, but in lieu of that, a

3    plaintiff may provide written confirmation that the court allowed plaintiff to act

4    for the Clerk (after docketing).

5    Plaintiff requests permission to prepare a proposed order confirming that

6    findings authorizing service of process under FISA on defendant Hubei Province

7    Government.  This order will be transmitted to the State Department with papers

8    and fees necessary to effect service on Hubei Province Government.

9

10   **III.    STATEMENT OF FACTS, PROCEDURE AND LAW.**

11   The *Foreign Sovereign Immunities Act*, 28 USC Sec. 1608, provides:

12
13   "TITLE 28 - JUDICIARY AND JUDICIAL PROCEDURE

14   PART IV - JURISDICTION AND VENUE
15   CHAPTER 97 - JURISDICTIONAL IMMUNITIES OF FOREIGN STATES

16
17   Sec. 1608. Service; time to answer; default

18   (a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a
19   foreign state:

20   (1) by delivery of a copy of the summons and
21   complaint in accordance with any special arrangement for service between the  plaintiff and the foreign state or
22   political subdivision; or

23   (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with
24   an applicable international convention on service of judicial documents; or

25   (3) if service cannot be made under paragraphs (1)
26   or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each
27   into the official language of the foreign state, by any

28

4
STATEMENT  RE OSC RE DISMISSAL FOR FAILURE TO SERVE

**Exhibit C - Page 345**

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 154 of 195    Page
ID #:357
Case 2:10-cv-04174-JAK -E    Document 17    Filed 07/11/11    Page 5 of 7    Page ID #:155

1
2
3    form of mail requiring a signed receipt, to be addressed
and dispatched by the clerk of the court to the head of
the ministry of foreign affairs of the foreign state
concerned, or

4    (4) if service cannot be made within 30 days under
paragraph (3), by sending two copies of the summons
5    and complaint and a notice of suit, together with a
translation of each into the official language of the
6    foreign state, by any form of mail requiring a signed
receipt, to be addressed and dispatched by the clerk of
7    the court to the Secretary of State in Washington,
District of Columbia, to the attention of the Director of
8    Special Consular Services - and the Secretary shall
transmit one copy of the papers through diplomatic
9    channels to the foreign state and shall send to the clerk
of the court a certified copy of the diplomatic note
10    indicating when the papers were transmitted."

11    The United States Department of State's publication, "*Checklist for*
12    *Plaintiffs Service of Process Upon a Foreign State*"[1/] states in pertinent part:

13    The U.S. Department of State is charged, under the
Foreign Sovereign Immunities Act (FSIA), with handling
14    service of process upon a foreign state or political
subdivision through diplomatic channels. The Act
15    specifies that when service of process upon a foreign
state cannot otherwise be effected under FSIA, the clerk
16    of court may dispatch a request to the Secretary of State,
attn: Director of Special Consular Services, for service
17    upon a foreign state defendant. The Department of
State's service functions under the FSIA are currently
18    administered by the Office of Policy Review and
Inter-Agency Liaison, CA/OCS/PRI.
19
20    To avoid confusion and common mistakes, please
take note of the following items before submitting a
21    request for service under FSIA 1608(a)(4).

22    The defendant must be a foreign state or political
subdivision, as defined in section 1603 of the Act, not an
23    agency or instrumentality of a foreign state (to be served
under section 1608(b) of the Act). The U.S. Department
24    of State does not serve natural persons under the FSIA.

25

1/26

27    Available online at http://travel.state.gov/law/judicial/judicial_685.html

28

Exhibit C - Page 346

The Act allows for service under FSIA 1608(a)(4) only after 30 days have passed since service was attempted under section 1608(a)(3) (by any form of mail requiring a signed receipt). The U.S. Postal service and private courier services can deliver documents to virtually any location. Plaintiffs should attempt service under FSIA 1608(a)(3) unless a foreign state has specifically objected to service by mail. To determine whether a particular country objects to service by mail, please see our country-specific judicial assistance information pages at http://travel.state.gov/law/info/judicial/judicial_2510.html.

The documents must be translated into the official language of the foreign state to be served.

The summons sheet and the notice of suit should state a 60 day (not 20 day) response time for the defendant.

The notice of suit (or default) should conform to the requirements of 22 CFR 93.2 (the statute specifically refers to notice of suit "in a form prescribed by the Secretary of State by regulation"). The notice of suit must contain a copy of the FSIA.

The Act requires plaintiff to have first attempted service under sections FSIA 1608(a)(1), (2) and (3) before proceeding to section 1608(a)(4). Thus, the U.S. Department of State requires a statement in writing from the plaintiff or the clerk certifying that these attempts were made or were otherwise not applicable.

There should be two copies of either (a) the summons, complaint and notice of suit or (b) a default judgment and notice of default (depending on the request).

In cases involving allegations of terrorism, plaintiffs should refer to section 1605(a)(7)(B) regarding arbitration requirements (however, we defer to the court as to the adequacy of any action taken by the plaintiffs in fulfillment of this requirement).

The Act requires the clerk of court dispatch the documents; however, a plaintiff may provide written confirmation that the court allowed plaintiff to act for the Clerk (after docketing).

....

Clerks who may have further questions regarding these issues may wish to refer to memos from the

6

STATEMENT  RE OSC RE DISMISSAL FOR FAILURE TO SERVE

Exhibit C - Page 347

1          Administrative Office of U.S. Courts, dated, Nov. 7,
2      2000, May 20, 1982 and Nov. 6, 1980.

3          *WHEREFORE*, for the above stated reasons, Plaintiff submits its response
4
   and requests permission to prepare an order to permit service on Heubei Province
5
   Government by the Department of State.
6

7
   Dated: July 10, 2011
8
                              LAW OFFICES OF BIN LI
9

10                            /Bin Li/
                              by Bin Li, Esq., attorney
11                            for Plaintiff Intercontinental
                              Industries Corporation
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
   ─────────────────────────────────────────
                              7
   STATEMENT  RE OSC RE DISMISSAL FOR FAILURE TO SERVE

Exhibit C - Page 348

Exhibit C - Page 349

Case 2:11-cv-07887-JAK-E   Document 1-1   Filed 09/23/11   Page 158 of 195   Page
ID #:361
Case 2:10-cv-04174-JAK -E   Document 18   Filed 07/12/11   Page 1 of 1   Page ID #:158

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERCONTINENTAL INDUSTRIES CORPORATION, <br><br> PLAINTIFF(S) | **CASE NUMBER** <br><br> LA CV10-04174 JAK (Ex) |
| v. <br> QUINGOUAN LUO, et al., <br><br> DEFENDANT(S). | **RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENTS** |

In accordance with the Notice to Filer Of Deficiencies In Electronically Filed Documents

**REGARDING:**

| 07/08/2011 | 15 | Amended Document (First Amended Complaint) |
|---|---|---|
| Date Filed | Doc. No. | Title of Doc. |

**IT IS HEREBY ORDERED:**

☐ The document is accepted as filed
☐ The document is stricken and counsel is ordered to file an amended or
   corrected document by _____ .
☐ The hearing date has been rescheduled to _____ at _____
☑ Other

   The document is stricken. All initiating documents are to be manually filed. See G.O. 10-07(V)(C)
   Counsel shall also refer to L.R. 15(a).


Clerk, U.S. District Court


Dated: July 12, 2011 _____      By: Andrea Keifer _____
                                                Deputy Clerk

cc: Assigned District Judge and/or Magistrate Judge

Exhibit C - Page 351



1  Bin Li, Esq.  SBN 223126
   LAW OFFICES OF BIN LI
2  17800 Castleton Street, Suite 605
   City of Industry, CA 91748
3  626-839-0277
   626-839-0322
4
   attorneys for Plaintiffs Intercontinental Industries Corporation
5

6

7              UNITED STATE DISTRICT COURT

8            CENTRAL DISTRICT OF CALIFORNIA

9

10  INTERCONTINENTAL INDUSTRIES          Case No.  CV-10-4174 PA (Ex)
11  CORPORATION, a California corporation;

12                   Plaintiffs,          FIRST AMENDED
13  v.                                    COMPLAINT FOR DAMAGES

14  WUHAN STATE OWNED INDUSTRIAL         1.  Fraud
15  HOLDING CO. LTD., a corporation       2.  Cancellation of
    registered under the law of People's      agreement
16  Republic of China; HUBEI PROVINCE    3.  Breach of Contract.
    GOVERNMENT, an administrative division 4. Trespass
17  of the Peoples Republic of China;    5.  Racketeer Influenced
    QINGQUAN LUO, an individual;             and Corrupt
18  XIANSHENG LI, an individual; and DOES    Organizations Act
    1 through 10 , inclusive,
19

20

21

22      Plaintiff Intercontinental Industries Corporation complains against

23  defendants  as follows:

24

25

26

27

28                          1

    FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 352

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

*Identification of the parties.*

(1) Plaintiff INTERCONTINENTAL INDUSTRIES CORPORATION ("IIC") is a corporation, duly organized under the laws of the state of California and does business as a manufacturer and distributor of heavy duty, high precision machineries worldwide.

(2) Defendant WUHAN STATE OWNED INDUSTRIAL HOLDING CO. LTD. ("WSOIH") is a corporation organized under the laws of the People's Republic of China with its principal place of business located in the city of Wuhan, Hubei Province. At all times relevant, said defendant operated and owned the Wuhan Machine Tool Works ("Factory").

(3) Defendant HUBEI PROVINCE GOVERNMENT ("HUBEI PROVINCE") is the governing authority for Hubei Province, one of twenty-two first-level administrative divisions of the Peoples Republic of China. The head of this provincial government is defendant LUO.

(4) Defendant QINGQUAN LUO ("LUO") is an individual, residing with the City of Wuhan, Province of Hubei, China. LUO was at all times relevant the Chinese Communist Party Secretary of Hubei Province, and in this position has personal plenary authority over provincial and municipal governments within Hubei Province for, among other things, economic development decisions. Defendant LUO, in spite of his position in the Communist Party, is also an entrepreneur and does business under a company known as Wuhan State Owned Industrial Holding Co., Ltd. , ("WSOIH"), which is his alter ego. In the same way that LUO holds power over his subordinates in the Communist Party and the civil government, LUO is himself responsible in turn to senior leadership of the

2

### FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 353

1 Communist Party and, in order to retain his position and authority, is obligated to

2 meet certain economic development quotas set by his superiors.

3  (5) Defendant XIANSHENG LI ("LI") is an individual, residing within the

4 City of Wuhan, Province of Hubei, China.  LI was the mayor of Wuhan Municipal

5 Government, and is currently the deputy governor of Hubei Province, China.  LI is

6 answers to,  and takes orders from, LUO.

7  (6)  The true names or capacities, whether individual, corporate, associate,

8 or otherwise of defendants named in this action as Does 1-20 are unknown to

9 Plaintiff, who therefore sues such defendants by such fictitious names.  Said

10 fictitiously named defendants are in some manner proximately responsible for the

11 damages suffered by Plaintiff herein.  Plaintiff will amend this complaint to show

12 their true names and capacities of such fictitiously named defendants when they

13 have been ascertained.

14

15 *Agency or conspiracy.*

16  (7)  Each of the defendants and including the fictitiously named DOE

17 defendants, was the agent, or employee, partner or officer, director or joint

18 venturer of each of the other defendants herein, and doing the things herein

19 alleged was acting within the course and scope of said agency, employment,

20 partnership, joint venture, or association and under the direction of, and with the

21 consent and permission, advance knowledge and/or ratification of the other

22 defendants.

23  (8)  Alternatively to agency liability, Plaintiff alleges that defendants, and

24 each of them, including the fictitiously named DOE defendants, entered into a

25 civil conspiracy to commit the actionable wrongs, in which the defendants, and

26

27

28

<div align="center">3

FIRST AMENDED COMPLAINT FOR DAMAGES</div>

Exhibit C - Page 354

1   each of them participated in or in which they concurred, expressly or tacitly, with

2   knowledge of its unlawful purpose.

3

4   ***Jurisdiction and Venue***

5      (9)  Jurisdiction in this action is predicated upon Title 18, United Stares

6   Code, Section 1964(b) and Title 28, United States Code, Sections 1331 and 1332.

7      (10) Venue is proper in this District because the representations constituting

8   fraud and investment agreement took place within this District.

9

10               **FIRST CLAIM FOR RELIEF**

11                   **FRAUD**

12      (11) Plaintiff incorporates the allegations set forth in paragraphs (1) through

13   (8), inclusive, as though fully set forth hereat.

14      (12) In or about the year of 2003, defendants, and each of them, by and

15   through their authorized agent defendant LI, entered into negotiations via

16   telephone, fax and the internet with Plaintiff with the purpose of convincing

17   Plaintiffs to invest a substantial amount of money in Hubei Province.  To persuade

18   Plaintiff to agree, LI, with the knowledge and authorization of each of the other

19   defendants, made certain representations to Ji Ci Chou, the president of Plaintiff as

20   follows:

21      (13) That, in his official capacity as Chinese Communist Party Secretary of

22   Hubei Province, defendant LUO could guarantee that Plaintiff's investment would

23   be approved by defendant HUBEI PROVINCE and the subordinate governments

24   under their authority, and that such investment would be protected and that LUO

25   would use his influence to resolve business disputes in Plaintiff's favor.

26

27

28                       4

            FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 355

1    (14) Thereafter, on or about October 13, 2003, at the direction and with the

2  knowledge of his superiors, defendant LI, on behalf of defendants LUO and

3  HUBEI PROVINCE, led a delegation of at least 11 department heads of Wuhan

4  City Municipal Government to visit Plaintiff in Los Angeles as a follow up to

5  defendant LI's opening negotiations.  Defendant LI proposed a transaction wherein

6  Plaintiff would invest funds, technology and equipment into an existing factory

7  known as Wuhan Machine Tools Works ("Factory"), owned by defendant WSOIH.

8  Defendants represented this factory to be worth approximately $10 million

9  calculated as the sum of the value of the physical plant ($1.7 million dollars) and

10  the real estate, owned by defendant HUBEI PROVINCE GOVERNMENT, upon

11  which the Factory was located ($8.3 million dollars).  LI represented that if

12  Plaintiff invested $1.7 million cash, technology and equipment into the Factory,

13  purchased another piece of land of not less than 200 metric acres in another

14  location to build a new plant, defendants would  transfer to Plaintiff ownership of

15  the Factory.  LI further represented that defendant WSOIH would be fully

16  responsible for all prior debts and liabilities of the Factory.

17    (15) As a consequence of these representations, the parties reduced their

18  agreement to writing on or about March 26, 2005 and HUBEI PROVINCE

19  approved all necessary contracts and gave all necessary permits.  Reasonably

20  relying on Defendants' representations, Plaintiff thereafter invested the sum of

21  $1,7 million dollars in cash in addition to technologies and equipment  valued at

22  least $10 million into the Factory, which operated under the name Omikron

23  Machine Works Wuhan Co.  Plaintiff was then told he had "acquired" the Factory.

24  Within a year, the Factory began making substantial profits.

25    (16)  However, starting in May, 2008, Plaintiff discovered that these

26  representations were false, and that defendants had suppressed material facts as

27

28

<div align="center">5

FIRST AMENDED COMPLAINT FOR DAMAGES</div>

Exhibit C - Page 356

1    part of a shakedown scheme directed against foreign investors such as Plaintiff, as

2    follows:

3         (17)  Defendants LUO, LI and HUBEI PROVINCE had no intention of

4    approving Plaintiff's investment as part of an agreement to in which Plaintiff

5    would "own" the Factory.

6         (18) Defendants LUO, LI and HUBEI PROVINCE, after receiving the full

7    payment for the sale of the factory, after Plaintiff invested its state of the art

8    technology and equipment, after Plaintiff purchased another piece of land of more

9    than 200 metric acres to build a new plant, and after Plaintiff made numerous

10   improvements to the software and hardware of the Factory, then disregarded the

11   terms in the original written contract and extorted from Plaintiff an additional $10

12   million to be "invested" in the factory to fulfill a "requirement" of the HUBEI

13   PROVINCE.  This shakedown was in disregard of the terms in the original

14   agreement which was signed between IIC and WSOIH.

15        (19)  Defendants suppressed and did not disclose the existence of a debt

16   owed by the Factory to Wuhan Economic Development Investment Company

17   ("WEDIC"), another state-owned company controlled by Wuhan Municipal

18   Government in the amount of $21 million.   Without any knowledge of Plaintiff,

19   defendants ordered WEDIC to attach the bank account of the Factory for this debt,

20   which effectively crippled the Factory's ability to function.

21        (20)  Defendants LUO, LI, and HUBEI PROVINCE and their subordinates

22   have ignored Plaintiff's repeated requests for assistance in these problems.

23        (21) Defendants made these false representations with the intention of

24   defrauding Plaintiff by lulling Plaintiff into investing as to boost LUO and LI's

25   personal political credit with the Chinese government and to fulfill their annual

26   quota assigned by the Chinese government so that they could earn promotion

27

28
_____

6

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Exhibit C - Page 357

1   within the Communist Party and government, while not intending to help Plaintiff

2   with its investment.

3          (22) The representations and suppressed facts were reasonable because

4   obtaining the approval of Communist Party officials is a necessary part of doing

5   business in mainland China, and also because the nature of the authority wielded

6   by LUO, LI and HUBEI PROVINCE over the municipal authorities in China, and

7   because of LI's position of mayor of Wuhan City and the top-ranked Chinese local

8   official in charge of Wuhan municipal government.

9          (23)  As a proximate result of said fraud, Plaintiff has suffered general

10  damages in the amount of not less than $27,000,000.00 or according to proof at

11  trial.

12         (24)  The actions of defendants were (1) fraudulent, meaning an intentional

13  misrepresentation, deceit, or concealment of a material fact known to the

14  defendants with the intention on the part of the defendant of thereby depriving a

15  person of property or legal rights or otherwise causing injury; (2) malicious,

16  meaning conduct which is intended by the defendant to cause injury to the plaintiff

17  or despicable conduct which is carried on by the defendant with a willful and

18  conscious disregard of the rights or safety of others; (3) and/or oppressive,

19  meaning  despicable conduct that subjects a person to cruel and unjust hardship in

20  conscious disregard of that person's rights; and done with the intention of

21  depriving Plaintiff of substantial rights.  With regards to defendants LI and LUO,

22  such acts were done with the knowledge, approval and/or ratification of the other

23  defendants.  Plaintiff is therefore entitled to punitive damages in a sufficient

24  amount to punish defendants and deter future fraudulent, oppressive and malicious

25  misconduct in the amount according to proof at trial.

26

27

28

<div align="center">

7

**FIRST AMENDED COMPLAINT FOR DAMAGES**

</div>

Exhibit C - Page 358

**SECOND CLAIM FOR RELIEF**

**VIOLATION OF CIVIL RACKETEER INFLUENCED AND CORRUPT**

**ORGANIZATIONS ACT**

Count One

Acquisition and Maintenance of an Interest in and Control of

an Enterprise Engaged in a Pattern of Racketeering Activity:

18 U.S.C. §§ 1961(5), 1962(b)

(25)  Plaintiff incorporates the allegations set forth in paragraphs (1) through (24), inclusive, as though fully set forth hereat.

(26) All defendants did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO enterprise as that term is defined in Title 18, United States Code, Section 1961(4), which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce.

(27) Starting in 2004, Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(b) (Prohibited activities).

(28) Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. 1962(b) supra.

8

FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 359

1

2                                    COUNT TWO

3                    Conduct and Participation in a RICO Enterprise

4                      through a Pattern of Racketeering Activity:

5                            18 U.S.C. §§ 1961(5), 1962(c)

6           (29)  Plaintiff incorporates the allegations set forth in paragraphs (1)

7     through (28), inclusive, as though fully set forth hereat.

8           (30)  Defendants did associate with a RICO enterprise of individuals who

9     were associated in fact and who engaged in, and whose activities did affect,

10    interstate and foreign commerce.  Likewise, all Defendants did conduct and/or

11    participate, either directly or indirectly, in the conduct of the affairs of said RICO

12    enterprise through a pattern of racketeering activity, all in violation of 18 U.S.C.

13    §§ 1961(4), (5), (9), and 1962( c).

14          (31) From 2004, defendants did cooperate jointly and severally in the

15    commission of two (2) or more of the RICO predicate acts that are itemized in the

16    RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the

17    RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

18          (32)  Plaintiff further alleges that all defendants did commit two (2) or more

19    of the offenses itemized above in a manner which they calculated and

20    premeditated intentionally to threaten continuity, i.e. a continuing threat of their

21    respective racketeering activities, also in violation of the RICO law at 18 U.S.C.

22    1962(c) supra.

23

24                                   COUNT THREE:

25                             Conspiracy to Engage in a

26                         Pattern of Racketeering Activity:

27

28                                         9

---

FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 360

18 U.S.C. §§ 1961(5), 1962(d)

(33) Plaintiff incorporates the allegations set forth in paragraphs (1) through (32), inclusive, as though fully set forth hereat.

(34) Defendants did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(b) and (d).

(35) Defendants did also conspire to conduct and participate in said RICO enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(c) and (d).

(36) From 2004, defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. 1962(d).

(37) Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of 18 U.S.C. 1962(d) (Prohibited activities supra).

Damages Common to All Counts

(38) As a proximate result of said fraud, Plaintiff has suffered general damages in the amount of not less than $27,000,000 million or according to proof at trial.

(39) For treble damages under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according to the best available proof.

(40) For reasonable attorney fees according to proof.

10

FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 361

1   (41)  That all damages caused by all Defendants, and all gains, profits, and
2   advantages derived by all defendants, from their several acts of racketeering in
3   violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State
4   and federal law(s), be deemed to be held in constructive trust for the benefit of
5   Plaintiff.

6

7   THIRD CLAIM FOR RELIEF

8   CANCELLATION OF CONTRACT FOR FRAUD AND DURESS

9   (42)  Plaintiff incorporate the allegations set forth in paragraphs (1) through
10   (41), inclusive, as though fully set forth hereat.

11   (43)  On or about July 5, 2008, as the final part of scheme to defraud
12   Plaintiff, defendants, and each of them, coerced  Plaintiff into executing an asset
13   purchase termination agreement with WSOIH to surrender all the assets back to
14   WSOIH.  A true and correct copy of such agreement is attached hereto and
15   incorporated hereat as Exhibit "A".

16   (44) Defendants threatened the resident American management of Plaintiff
17   that they would be imprisoned if Plaintiff did not sign the agreement.

18   (45) Defendants had, by that time, excluded Plaintiff's American
19   management from the Factory for over six months.

20   (46) Defendants fomented strikes and riots as a means of pressuring
21   Plaintiff's management team to leave China.

22   (47) Defendants used legal process to attach Plaintiff's Chinese bank
23   accounts for an undisclosed debt owed by the Factory that.  Under the terms of the
24   original purchase agreement specifically stated that Plaintiff was not liable for the
25   Factory's prior debts.

26

27

28

11

FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 362

1          (48) Defendants used their police power to menace Plaintiff's American

2   management by having individuals followed and their vehicles defaced.

3          (49) As a result, CHOU was forced into signing Exhibit "A" which does not

4   include the new factory land and construction acquired by Plaintiff through its

5   China subsidiary Omikron Machine Works Wuhan Co.

6          (50)  Plaintiff is entitled to have Exhibit "A" cancelled.

7          (51)  If left outstanding, Exhibit "A" has caused, and will continue to cause,

8   serious damage to Plaintiff.

9          (52) Plaintiffs applies for said document to be cancelled and for an order

10  allowing them to file certificates of correction.

11

12                        FOURTH CLAIM FOR RELIEF

13                           BREACH OF CONTRACT

14          (53)  Plaintiff incorporates the allegations set forth in paragraphs (1)

15  through (52), inclusive, as though fully set forth hereat.

16          (54) On or about March 26, 2005, Defendants, through WSOIH signed a

17  written agreement with Plaintiff.  A true and correct copy of the agreement is

18  attached hereto and incorporated hereat as Exhibit "B".

19          (55) Plaintiff performed all covenants, conditions and promises set forth in

20  Exhibit "B", except those which where were excused by the nonperformance or

21  breach of defendants.

22          (56) Defendants breached the written agreement by doing the things alleged

23  above, and by forcing Plaintiff to invest additional $10 million dollars into the

24  Factory, which is in total disregard of the agreement signed by the parties on or

25  about March 26, 2005 on or about May 2008.

26

27

28                                    12

            FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 363

1    (57) Defendants further breached the written agreement by attaching

2    Plaintiff's Chinese bank accounts for an undisclosed debt owed by the Factory

3    that, under the terms of the original purchase agreement specifically stated that IIC

4    or its Chinese subsidiary was not liable for the Factory's prior debt.

5    (58)  As a proximate result of said breach, Plaintiff has suffered general

6    damages in the amount of not less than $27,000,000.00 or according to proof at

7    trial.

8

9    *WHEREFORE*, Plaintiffs pray as follows:

10    On the First claim for relief

11    1.  For general damages in the of amount of no less than $27,000,000.00 or

12    according to proof.

13    2.  For punitive damages in an amount according to proof.

14

15    On the Second claim for relief.

16    1. For general damages in the of amount of no less than $27,000,000.00 or

17    according to proof.

18    2.  For treble damages under authority of 18 U.S.C. 1964(c), for any gains,

19    profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according

20    to the best available proof.

21    3.  For reasonable attorney fees according to proof.

22    4.  That all damages caused by all Defendants, and all gains, profits, and

23    advantages derived by all defendants, from their several acts of racketeering in

24    violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State

25    and federal law(s), be deemed to be held in constructive trust for the benefit of

26    Plaintiff.

27

28

---

<center>13</center>

<center>FIRST AMENDED COMPLAINT FOR DAMAGES</center>

Exhibit C - Page 364

1    On the Third claim for relief.

2    For cancellation of Exhibit "A".

3

4    On the Fourth claim for relief.

5    1. For general damages in the of amount of no less than $27,000,000.00 or

6    according to proof.

7

8    For all claims.

9    1.  For costs of suit incurred herein.

10   2.  For such other and further relief as the Court may deem proper.

11

12   Dated: July 6, 2011

13

14                    LAW OFFICES OF BIN LI

15

16

17                    /Bin Li/
                      by Bin Li, Esq., attorney
18                    for Plaintiff  Intercontinental Industries Corporation

19

20

21

22

23

24

25

26

27

28                                    14
       _____
            FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 365

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 174 of 195    Page
ID #:377
Case 2:10-cv-04174-JAK -E    Document 19    Filed 07/13/11    Page 15 of 24    Page ID #:173

# Exhibit A

Exhibit C - Page 366

## DECLARATION AND CERTIFICATION

I, <u>Lingling Martin</u>, declare that I am a

( ✓ )   Certified Court Interpreter as described in GC68565

I am certified to interpret and translate <u>from the Chinese language to the English language and from the English language to the Chinese language.</u>

My Certification Number is: <u>301082</u>

I further declare that I have reviewed the attached document <u>from the Chinese language to the English language.</u>

I declare to the best of my abilities and belief, that this is a true and accurate translation of the <u>Chinese</u> language text of <u>Agreement to Terminate Contract.</u>

### Specific Description of the Document

<u>Agreement to Terminate Contract</u>

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This declaration is signed this <u>31st day of March, 2011</u> in <u>Los Angeles</u>, California.

<u>    Lingling Martin    </u>
Name of Certified Court Interpreter


<u>                              </u>
Signature of Certified Court Interpreter


Exhibit C - Page 367

*Translation by Ko & Martin – Chinese Language Division*
*March 31, 2011   Page 1 of 4*

# Agreement to Terminate Contract

This agreement is hereby entered into by the parties below in Wuhan City, Hubei Province on July 5, 2008:

Party A:                Wuhan Industrial State-owned Holdings Group Co., Ltd.

Address:                71 Shengli Street, Jiang-an District, Wuhan

Legal Representative: Shi-Ming Duan


Party B:                Intercontinental Industries Corporation

                        (Translated Name: International Industries, with "IIC Corporation as its abbreviated name)

Address:                105 Exchange Place, Pomona, CA 91768, USA

Legal Representative: Chou Ji. Ci.


Whereas:

1. On March 16, 2005, Party A and Party B entered into the "State-owned Title Transfer Contract of Wuhan Machine Tool Works" (hereinafter referred to as "Transfer Contract") with regards to the acquisition of the State-owned title of Wuhan Machine Tool Works, wherein such state-owned title was held by Party A.

2. On June 17, 2005, Hubei Provincial Department of Commerce issued an approval numbered E Shang Zi [2005] 84.

3. On June 29, 2005, Wuhan Administration for Industry and Commerce processed the relevant industrial and commercial registration based on the application by Party B, and issued a business license to Omikron Machine Works (Wuhan) Co., Ltd. with the registration number of Qi Du E Wu Zong Fu Zi No. 005301.

1

Exhibit C - Page 368

Case 2:10-cv-04174-JAK -E   Document 19   Filed 07/13/11   Page 18 of 24   Page ID #:176

*Translation by Ko & Martin – Chinese Language Division* 
*March 31, 2011   Page 2 of 4*

4. On July 12, 2005, the parties entered into the "Transfer Agreement of State-owned Title of Wuhan Machine Tool Works to IIC Corporation", through which Party A officially transferred the Stated owned title of Wuhan Machine Tool Works (assets, liabilities, seals, operational contracts, etc.) to Party B.

5. On June 30, 2005, Party B made the acquisition payment of USD 1,817,392.50 to Party A in accordance with the Transfer Contract. On June 1 and June 2 of 2006, Party B remitted USD 920,000.00 as capital fund.

6. Starting July of 2007, incidents of stop-work and stop-production took place in Mikron Machine Works (Wuhan) Co., Ltd.

7. On July 2, 2008, the parties reached an agreement to terminate the Transfer Contract and Party B agreed to take back its investment and withdraw.

Pursuant to the provisions of laws, regulations and guidelines in China and upon thorough negotiation, the parties hereby enter into this agreement regarding termination of the contract and shall mutually abide by it.

I.      Contract Termination

1. Upon negotiation, the parties agree to terminate as of July 5, 2008 their Transfer Contract executed on March 16, 2005.

2. Starting July 5, 2008, Party B shall handover the existing Omikron Machine Works (Wuhan) Co., Ltd. to Party A. Party A shall send its people to receive Omikron Machine Works (Wuhan) Co., Ltd.

3. The parties shall jointly retain an intermediary to audit and evaluate the assets of Omikron Machine Works (Wuhan) Co., Ltd. and the base date of such assets audit and evaluation shall be April 30, 2008.  The results of the audit and evaluation shall be used as a reference during the negotiation of fund settlement between the parties after the Transfer Contract is terminated. The audit and evaluation report shall be deemed an appendix to this agreement and shall have the same binding effect as this agreement.

4. The parties stipulate that based on the audit and evaluation result of subdivision 3 of this section, Party A agrees to pay Party B USD3,360,000.00 after the termination of the contract.

2

Exhibit C - Page 369

*Translation by Ko & Martin – Chinese Language Division*
*March 31, 2011  Page 3 of 4*

Party A shall make such above-mentioned payment to Party B within 60 days after the completion of the handover as set forth in subdivision 2 of Section 2 of this agreement. Party A shall be deemed to have made the payment to Party B when Party A's remittance reaches Party B's designated bank account.

II.    Handover Procedures

1.  The parties stipulate that Party B shall cancel the industrial and commercial registration under which Wuhan Machine Tool Works was changing into Omikron Machine Works (Wuhan) Co., Ltd., restore the industrial and commercial registration of Wuhan Machine Tool Works, and shall conduct the registration procedures of cancellation or change with other relevant government agencies before July 20, 2008. Party A shall provide necessary assistance to Party B during the above-mentioned procedures.

2.  The parties stipulate that the parties shall jointly take care of the handover of relevant assets and business information before July 8, 2008. See appendix 1 for the relevant assets for handover.

3.  Party A shall assist Party B in processing foreign exchange remittance out of China.

4.  Party A shall assist Party B in handling other relevant necessary matters.

5.  Party B shall assist Party A in publishing announcements and relevant procedures.

III.    Representations and Warranties

1.  Party A commits and warrants to making payment to Party A in the amount and at the time as set forth in this agreement.

2.  Party B commits and warrants that the assets to be handed over under appendix 1 are the total assets of Omikron Machine Works (Wuhan) Co., Ltd., that there is no concealed information, and that Party A shall be entitled to recovery should there be any assets omitted or concealed. Party B solemnly warrants that during the operation period after Omikron Machine Works (Wuhan) Co. was established, Omikron Machine Works (Wuhan) Co., Ltd. does not have any other debts than those set forth in appendix 1.  Other than those liabilities listed in

3

Exhibit C - Page 370

*Translation by Ko & Martin – Chinese Language Division*
*March 31, 2011  Page 4 of 4*

appendix 1, any liabilities incurred before the handover completion date and any of its hidden liabilities such as the resulting interest and penalties shall be borne by Party B completely, and any other losses suffered by Party A as a result shall be compensated by Party B completely (including, but not limited to, litigation, arbitration, evaluation, travel expenses, attorney fee and operational losses).

3. After the parties have started performing this agreement, neither party shall bring forward any forms of claim for breach of contract or damages (including, but not limited to, litigation) with regards to the Transfer Contract or any departments involved in the above mentioned contract.

IV.    Miscellaneous

1. This agreement shall become effective upon signatures and seals by both parties.
2. This agreement is the legally binding final stipulation entered into by the parties, and shall supersede all oral and written agreements, contracts, commitments and communications made by the parties previously.
3. All relevant issues of this agreement, including its validity, interpretation, dispute resolution and enforcement, shall be subject to the jurisdiction of the laws of the People's Republic of China. Any dispute arising out of this agreement or its performance, if not resolved through negotiation, shall be submitted to the Wuhan Arbitration Commission for arbitration.
4. This agreement is prepared in 10 copies (including appendixes 1 and 2), Party A and Party B shall each keep one copy and the remaining copies shall be filed with the relevant authorities.

Party A (Signature/ Seal):                  Party B (Signature/ Seal):
Wuhan Industrial State-owned Holdings Group Co., Ltd.    IIC Corporation
[Seal]
Legal Representative:                        Legal Representative:
[Signature]                                  [Signature]

Date of Signatures: July 5, 2008

4

Exhibit C - Page 371

# 解除合同协议书

本协议由下列双方于 2008 年 7 月 5 日在湖北省武汉市签署：

甲　　方：武汉工业国有控股集团有限公司

住　　所：武汉市江岸区胜利街71号

法定代表人：段世明


乙　　方：Intercontinental Industries  Corporation
　　　　　（译名：洲际产业，简称：IIC公司）

住　　所：105 Exchange Place, pomona CA 91768, USA

法定代表人： Chou Ji. Ci.


　　鉴于：

　　1、2005年3月16日，甲方与乙方就并购甲方所持有的武汉机床厂国有产权签署了《武汉机床厂国有产权转让合同》(下称《转让合同》)。

　　2、2005年6月17日，湖北省商务厅下发了鄂商资[2005]84号批复。

　　3、2005年6月29日，根据乙方申请，武汉市工商行政管理局办理了相关工商登记，并颁发了注册号为企独郭武总副字第005301号欧迈克机床（武汉）有限公司的营业执照。

　　4、2005年7月12日，甲方与乙方签署了《武汉机床厂国有产权转让洲际产业（IIC公司）移交协议书》，甲方正式将武汉机床厂国有产

Original Source Document, page __1__ of __4__ pages
Lingling Men Martin, Certified Court Interpreter #301082
Signature _____, date 3/21/11

1

Exhibit C - Page 372

权（资产、负债、印章、经营性合同等资料）移交给乙方。

5、乙方按照《转让合同》在2005年6月30日向甲方支付了1,817,392.50美元的并购款，2006年6月1日和2日，乙方又以资本金名义汇入92万美金。

6、2007年7月起，欧迈克机床（武汉）有限公司发生了停工、停产事件。

7、2008年7月2日，甲方与乙方就解除《转让合同》达成一致，乙方同意撤资退出。

根据中国法律、法规及规范性文件的规定，各方经充分协商，就解除合同事宜签订本协议，并共同遵守。

**一、合同解除**

1、经甲、乙双方协商同意，甲方与乙方于2005年3月16日签署的《转让合同》于2008年7月5日予以解除。

2、自2008年7月5日起，乙方将现欧迈克机床（武汉）有限公司交予甲方。甲方应派人接收欧迈克机床（武汉）有限公司。

3、甲、乙双方共同聘请中介机构对欧迈克机床（武汉）有限公司资产进行审计、评估，审计、评估基准日为2008年4月30日，审计及评估结果将作为《转让合同》解除后双方协商结算款项的参考依据。审计及评估报告作为本协议的附件，与本协议具有同等约束力。

4、甲、乙双方约定：根据本条第三款的审计及评估结果，合同解除后，甲方同意向乙方支付3,360,000美元整。在依照本协议第二条第二款的规定完成交接工作后的60日内，甲方向乙方支付前述价款。甲方将价款汇入乙方指定的账户内，视为甲方价款支付到位。

Original Source Document, page __2__ of __4__ pages
Lingling Men Martin, Certified Court Interpreter #301082
Signature _____, date _3/31/11_

2

Exhibit C - Page 373

二、交接手续

　　1、甲、乙双方约定：在2008年7月20日前，乙方办理撤销武汉机床厂变更为欧迈克机床（武汉）有限公司的工商登记并恢复武汉机床厂的工商登记及在其他相关政府机构的注销或变更登记手续。乙方办理上述手续时，甲方将给予必要的协助。

　　2、甲、乙双方约定：在2008年7月8日前，甲、乙双方共同办理有关资产及业务资料的交接。有关资产交接见附件1。

　　3、甲方将协助乙方办理外汇出境手续。

　　4、甲方将协助乙方办理其他需办理的相关事宜。

　　5、乙方应协助甲方办理公告等相关手续。

三、声明与保证

　　1、甲方承诺并保证，根据本协议约定的时间和金额向乙方支付到位。

　　2、乙方承诺并保证，附件1交接的资产为欧迈克机床（武汉）有限公司的全部资产，不存在任何隐瞒的情况，资产部分若有遗漏或隐瞒，甲方有权向乙方进行追偿。乙方郑重承诺：欧迈克机床（武汉）有限公司成立后的经营期间，除附件1列明的负债之外，欧迈克机床（武汉）有限公司无任何其他债务。如发生附件1所列明负债以外的、发生在交接完成日之前的任何负债及因负债而发生的利息、违约金等隐形负债全部由乙方承担，如因此造成甲方其他损失的，乙方应给予甲方金额赔偿（包括但不限于诉讼、仲裁、评估、差旅费、律师费、经营损失等）。

　　3、甲乙双方按本协议履约后，甲乙双方均不得再就涉及《转让合同》及上述合同所涉相关部门提出任何形式（包括但不限于诉讼等）的违约或赔偿请求。

Original Source Document, page　3　of　4　pages
Lingling Men Martin, Certified Court Interpreter #301082
Signature _____, date　3/3/11

3

Exhibit C - Page 374

四、其他事项

　　1、本协议由双方签字盖章后生效。

　　2、本协议为甲方和乙方达成的具有法律约束力的最终约定，本协议将取代甲方和乙方此前所做出的所有口头和书面的协议、合同、承诺及通讯。

　　3、本协议的效力、解释、争议解决和执行等一切相关事项均受中华人民共和国法律管辖、甲方和乙方因本协议或履行本协议所发生的任何争议，如协商不成，应提交武汉仲裁委员会仲裁。

　　4、本协议一式十份（包括附件一、附件二等），甲、乙双方各执一份，其余交送有关机关备案。

甲　方（签字盖章）：　　　　　　　　乙　方（签字）：

武汉工业国有控股集团有限公司　　　　IIC公司

法定代表人：　　　　　　　　　　　　法定代表人：

签字时间：二〇〇八年七月五日

Original Source Document, page  4  of  4  pages
Lingling Men Martin, Certified Court Interpreter #301082
Signature _____, date  3/31/11

4

Exhibit C - Page 375

Name & Address:
Bin Li, Esq.  SBN 223126
Law Offices of Bin Li
17800 Castleton St.  Ste 605
City of Industry, CA 91748
usbinli@sbcglobal.net

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| INTERCONTINENTAL INDUSTRIES CORPORATION, a California corporation | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | Case No. CV-10-4174 JAK (Ex) |
| v. WUHAN STATE OWNED INDUSTRIAL HOLDING CO. LTD., a corporation registered under the law of People's Republic of China; HUBEI PROVINCE GOVERNMENT, an administrative division of the Peoples Republic of China; QINGQUAN LUO, an individual; XIANSHENG LI, an individual; and DOES 1 through 10 inclusive, DEFENDANT(S). | SUMMONS |

TO:   DEFENDANT(S): HUBEI PROVINCE GOVERNMENT

A lawsuit has been filed against you.

Within __60__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☑ __the First__ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Bin Li, Esq. _____, whose address is Law Offices of Bin Li, 17800 Castleton St. Ste 605, City of Industry, CA 91748, USA __. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   AUG - 9 2011

By: _____

MARILYN DAWS
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS

**Exhibit C - Page 376**

FILED

2011 JUL 13  PM 3: 10

CLERK U S DISTRICT COURT
CENTRAL DIST. F  CALIF
LOS ANGELES

BY

Bin Li, Esq.  SBN 223126
LAW OFFICES OF BIN LI
17800 Castleton Street, Suite 605
City of Industry, CA 91748
626-839-0277
626-839-0322

attorneys for Plaintiffs Intercontinental Industries Corporation

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERCONTINENTAL INDUSTRIES CORPORATION, a California corporation; <br><br> Plaintiffs, <br><br> v. <br><br> WUHAN STATE OWNED INDUSTRIAL HOLDING CO. LTD., a corporation registered under the law of People's Republic of China; HUBEI PROVINCE GOVERNMENT, an administrative division of the Peoples Republic of China; QINGQUAN LUO, an individual; XIANSHENG LI, an individual; and DOES 1 through 10 , inclusive, | Case No.  CV-10-4174 PA (Ex) <br><br> FIRST AMENDED COMPLAINT FOR DAMAGES <br><br> 1. Fraud <br> 2. Cancellation of agreement <br> 3. Breach of Contract. <br> 4. Trespass <br> 5. Racketeer Influenced and Corrupt Organizations Act |

Plaintiff Intercontinental Industries Corporation complains against

defendants as follows:

1

FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit C - Page 377

Exhibit C - Page 378

1 | Bin Li, Esq.  SBN 223126
LAW OFFICES OF BIN LI
2 | 17800 Castleton Street, Suite 605
City of Industry, CA 91748
3 | 626-839-0277
626-839-0322
4 |
attorneys for Plaintiffs Intercontinental Industries Corporation
5 |

6 |

7 |                    **UNITED STATE DISTRICT COURT**

8 |                    **CENTRAL DISTRICT OF CALIFORNIA**

9 |

10 | INTERCONTINENTAL INDUSTRIES        ) Case No.  CV-10-4174 PA (Ex)
CORPORATION, a California corporation; )
11 |                                     )
                                        ) **NOTICE OF LODGING OF**
12 |               Plaintiffs,          ) **PROPOSED ORDER**
                                        ) **AUTHORIZING SERVICE**
13 | v.                                  ) **UNDER THE FOREIGN**
                                        ) **IMMUNITIES SOVEREIGN**
14 | WUHAN STATE OWNED INDUSTRIAL        ) **ACT**
HOLDING CO. LTD., a corporation        )
15 | registered under the law of People's )
Republic of China; HUBEI PROVINCE     ) 28 U.S.C., §§ 1330, 1332, 1391(f),
16 | GOVERNMENT, an administrative division 1441(d), and 1602-1611
of the Peoples Republic of China;
17 | QINGQUAN LUO, an individual;
XIANSHENG LI, an individual; and DOES
18 | 1 through 100, inclusive,

19 |                                       COURTROOM: 10A
20 |               **Defendants.**        The Hon. John A Kronstadt

21 |

22 |

23 |     Plaintiff  INTERCONTINENTAL INDUSTRIES CORPORATION hereby
24 | lodges proposed order authorizing service under the Foreign Immunities Sovereign
25 | Act.
26 |

27 |

28 |                                  1
                          NOTICE OF LODGING

Exhibit C - Page 379

Case 2:11-cv-07887-JAK-E    Document 1-1    Filed 09/23/11    Page 188 of 195    Page
ID #:391
Case 2:10-cv-04174-JAK -E   Document 20   Filed 08/02/11   Page 2 of 2   Page ID #:184

1 Dated: August 2, 2011

2

3

4                                                    /s/
                                            Bin Li, Esq. For Plaintiff
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        2
                            NOTICE OF LODGING

Exhibit C - Page 380

1   Bin Li, Esq.  SBN 223126
    LAW OFFICES OF BIN LI
2   17800 Castleton Street, Suite 605
    City of Industry, CA 91748
3   626-839-0277
    626-839-0322
4
5   attorneys for Plaintiffs Intercontinental Industries Corporation

6
7                    **UNITED STATE DISTRICT COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9

10  **INTERCONTINENTAL INDUSTRIES**      )   Case No.  CV-10-4174 PA (Ex)
    **CORPORATION, a California**         )
11  **corporation;**                      )   **[PROPOSED]**
                                          )   **FINDINGS AND ORDER**
12                                        )   **AUTHORIZING SERVICE**
                   **Plaintiffs,**        )   **UNDER THE FOREIGN**
13                                        )   **IMMUNITIES SOVEREIGN**
    v.                                    )   **ACT**
14                                        )
    WUHAN STATE OWNED INDUSTRIAL          )   28 U.S.C., §§ 1330, 1332, 1391(f),
15  HOLDING CO. LTD., a corporation       )   1441(d), and 1602-1611
    registered under the law of People's  )
16  Republic of China; HUBEI PROVINCE
    GOVERNMENT, an administrative division
17  of the Peoples Republic of China;
    QINGQUAN LUO, an individual;              COURTROOM: 10A
18  XIANSHENG LI, an individual; and DOES
    1 through 100, inclusive,                 The Hon. John A Kronstadt
19
20                 **Defendants.**
21  _____

22
23       The Court has considered Plaintiff's request for findings and an order

24  authorizing service of process on Hubei Province Government under the *Foreign*

25  *Immunities Sovereign Act*, codified at 28 U.S.C., §§ 1330, 1332, 1391(f), 1441(d),

26
27                                    1
28  _____
         FINDINGS AND ORDER AUTHORIZING SERVICE UNDER
            THE FOREIGN IMMUNITIES SOVEREIGN ACT

Exhibit C - Page 381

1   and 1602-1611 ("FISA") and authorization for counsel for Plaintiff to act on

2   behalf of the Clerk of the Court.

3

4      **The Court finds as follows:**

5      1.  Plaintiff is a United States citizen.  Defendant Heubei Province

6   Government is a political subdivision of the Peoples Republic of China and has

7   been named as a party defendant to the first amended complaint.

8      2.  There is no special arrangement for service between Plaintiff and Hubei

9   Province Government under FISA, 18 U.S.C. § 1608(a)(1).

10      3.  Plaintiff attempted service of the original complaint under the *Hague*

11   *Convention on the Service Abroad of Judicial and Extra-Judicial documents in*

12   *Civil and Commercial Matters*, 20 U.S.T. 361-367 (1969) ("*Convention*") .  This

13   failed because the Chinese Central Authority for service rejected the application

14   for service under the terms of the *Convention* because it would interfere with

15   security or sovereignty.

16      4.  China has opted out of the mail service provisions of the *Convention*.

17      5.  Plaintiff proposed alternative means of service under a variety of means

18   authorized by *Federal Rule of Civil Procedure* 4(f)(3) as not inconsistent with

19   Article 78 of the *Law of Civil Procedure of the People's Republic of China - 1991*

20   (Adopted by the Fourth Session of the Seventh National People's Congress on

21   April 9, 1991).  These  means included service via, e-mail, publication and service

22   by private courier.  The Court has considered as rejected these proposals as not

23   providing adequate service.

24

25

26

27

28

<center>2</center>

---

<center>FINDINGS AND ORDER AUTHORIZING SERVICE UNDER<br>THE FOREIGN IMMUNITIES SOVEREIGN ACT</center>

Exhibit C - Page 382

1   **Good Cause Appearing, the Court Orders, Adjudges and Decrees:**

2     1.  The Court authorizes service of the first amended complaint on Hubei

3   Province Government by the United States Department of State under *Foreign*

4   *Immunities Sovereign Act,* 28 U.S.C.  Sec. 1608(a) (4).

5     2.  The Court authorizes counsel for Plaintiff to act on behalf of the Clerk of

6   the Court and transmit to the Department of State this Order and all documents

7   required under the *Foreign Immunities Sovereign Act, Title 22 Code of Federal*

8   *Regulations* 93.2 and by the Department of State's regulations and rules.

9

10   Dated:

11

12

13

14                        The Honorable John A Kronstadt
                          United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27                                    3
28
     **FINDINGS AND ORDER AUTHORIZING SERVICE UNDER**
     **THE FOREIGN IMMUNITIES SOVEREIGN ACT**

**Exhibit C - Page 383**

Exhibit C - Page 384

1  Bin Li, Esq.  SBN 223126
   LAW OFFICES OF BIN LI
2  17800 Castleton Street, Suite 605
   City of Industry, CA 91748
3  626-839-0277
   626-839-0322
4
5  attorneys for Plaintiffs Intercontinental Industries Corporation
6
7              **UNITED STATE DISTRICT COURT**
8              **CENTRAL DISTRICT OF CALIFORNIA**
9

10  **INTERCONTINENTAL INDUSTRIES**          )   Case No.  CV-10-4174 JAK (Ex)
    **CORPORATION, a California**            )
11  **corporation;**                         )
                                             )   **FINDINGS AND ORDER**
12                                           )   **AUTHORIZING SERVICE**
                       **Plaintiffs,**       )   **UNDER THE FOREIGN**
13                                           )   **IMMUNITIES SOVEREIGN**
    v.                                       )   **ACT**
14                                           )
    WUHAN STATE OWNED INDUSTRIAL             )   28 U.S.C., §§ 1330, 1332, 1391(f),
15  HOLDING CO. LTD., a corporation          )   1441(d), and 1602-1611
    registered under the law of People's     )
16  Republic of China; HUBEI PROVINCE
    GOVERNMENT, an administrative division
17  of the Peoples Republic of China;
    QINGQUAN LUO, an individual;                 COURTROOM: 10A
18  XIANSHENG LI, an individual; and DOES
    1 through 100, inclusive,                     The Hon. John A Kronstadt
19
20                   **Defendants.**
21  _____
22
23      The Court has considered Plaintiff's request for findings and an order
24  authorizing service of process on Hubei Province Government under the *Foreign*
25  *Immunities Sovereign Act*, codified at 28 U.S.C., §§ 1330, 1332, 1391(f), 1441(d),
26
27                                 1
28      FINDINGS AND ORDER AUTHORIZING SERVICE UNDER
            THE FOREIGN IMMUNITIES SOVEREIGN ACT

Exhibit C - Page 385

1  and 1602-1611 ("FISA") and authorization for counsel for Plaintiff to act on behalf
2  of the Clerk of the Court.

4  **The Court finds as follows:**

5  1.  Plaintiff is a United States citizen.  Defendant Heubei Province
6  Government is a political subdivision of the Peoples Republic of China and has
7  been named as a party defendant to the first amended complaint.

8  2.  There is no special arrangement for service between Plaintiff and Hubei
9  Province Government under FISA, 18 U.S.C. § 1608(a)(1).

10  3.  Plaintiff attempted service of the original complaint under the *Hague*
11  *Convention on the Service Abroad of Judicial and Extra-Judicial documents in*
12  *Civil and Commercial Matters*, 20 U.S.T. 361-367 (1969) ("*Convention*") .  This
13  failed because the Chinese Central Authority for service rejected the application
14  for service under the terms of the *Convention* because it would interfere with
15  security or sovereignty.

16  4.  China has opted out of the mail service provisions of the *Convention*.

17  5.  Plaintiff proposed alternative means of service under a variety of means
18  authorized by *Federal Rule of Civil Procedure* 4(f)(3) as not inconsistent with
19  Article 78 of the *Law of Civil Procedure of the People's Republic of China - 1991*
20  (Adopted by the Fourth Session of the Seventh National People's Congress on
21  April 9, 1991).  These  means included service via, e-mail, publication and service
22  by private courier.  The Court has considered as rejected these proposals as not
23  providing adequate service.

24
25
26
27
28

2

FINDINGS AND ORDER AUTHORIZING SERVICE UNDER
THE FOREIGN IMMUNITIES SOVEREIGN ACT

Exhibit C - Page 386

1    **Good Cause Appearing, the Court Orders, Adjudges and Decrees:**

2        1.  The Court authorizes service of the first amended complaint on Hubei

3    Province Government by the United States Department of State under *Foreign*

4    *Immunities Sovereign Act,* 28 U.S.C.  Sec. 1608(a) (4).

5        2.  The Court authorizes counsel for Plaintiff to act on behalf of the Clerk of

6    the Court and transmit to the Department of State this Order and all documents

7    required under the *Foreign Immunities Sovereign Act, Title* 22 *Code of Federal*

8    *Regulations*  93.2 and by the Department of State's regulations and rules.

9

10    Dated: August 3, 2011

11

12

13

14                    The Honorable John A Kronstadt
                      United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

—————————————————— 3 ——————————————————

FINDINGS AND ORDER AUTHORIZING SERVICE UNDER
THE FOREIGN IMMUNITIES SOVEREIGN ACT

Exhibit C - Page 387